IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,
2520 Coral Way, Suite 2027
Miami, FL 33145

    Plaintiff,

v.

JUDICIAL WATCH, INC.,
425 Third Street SW, Suite 800
Washington, DC 20024

THOMAS FITTON,
425 Third Street SW, Suite 800
Washington, DC 20024

PAUL ORFANEDES,
425 Third Street SW, Suite 800
Washington, DC 20024

CHRISTOPHER FARRELL,
425 Third Street SW, Suite 800
Washington, DC 20024

CONSTANCE RUFFLEY,
2540 Huntington Drive,
San Marino, CA 91108

    Defendants.

Case No: 1:13-cv-20610-CMA

## AMENDED COMPLAINT

Plaintiff, Larry Klayman, hereby sues Defendants Judicial Watch, Inc., Thomas Fitton (Fitton), Paul Orfanedes (Orfanedes), and Christopher Farrell (Farrell), Constance Ruffley (Ruffley) and alleges as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. This Court has original jurisdiction under the provisions of 28 U.S.C. §1332 because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Plaintiff Larry Klayman at all material times resided in and does business in this judicial district and in 2004 ran as a candidate for the U.S. Senate in Florida in the Republican primary election. In fact, Klayman began his legal career in this district, as a young associate for Blackwell and Walker, then the largest litigation firm in the state of Florida. He is also the founder and former chairman and general counsel of Judicial Watch, and was admitted into The Florida Bar on December 7, 1977. He became a member of the bar of this court in and around this time as well, and has practiced law here continuously and extensively throughout his career, with active cases still pending here and elsewhere in the state of Florida. Klayman's Judicial Watch, which had and still has a Miami office and/or presence, was founded and came to prominence during the Clinton administration and continues to serve as a government ethics watchdog to this day, a type of Peoples' Justice Department. In late 2003 Plaintiff left Judicial Watch to run for the U.S. Senate in Florida's Republican primary. When he ran for the U.S. Senate in Florida he resided in and primarily had a campaign headquarters on Alton Road in this district and continues to be legally and politically active in this district and is a citizen of Florida. Klayman has also

represented the Cuban community in this district, obtaining a $1.8 million dollar judgment for Jose Basulto of Brothers to the Rescue against Fidel Castro and his government, as well as representing the family of Elian Gonzales, among other areas of activism in this district.

3. Plaintiff Klayman also represented Nicaraguan-American ballerina Alice Alyse in a discrimination lawsuit against the Broadway producers of "Movin' Out," a lawsuit based out of Miami and this court. Exhibit 1.

4. Plaintiff Klayman gained national exposure through his high profile lawsuits against the Clinton, Bush, and Obama administrations, as well as other high-profile public interest endeavors. He is the only person ever to have a court rule that a president of the United States committed a crime; which occurred during the administration of President Bill Clinton. Plaintiff Klayman was also instrumental in the impeachment of President Bill Clinton, as the organization which he founded and ran prepared and submitted an impeachment report to Congress and worked with House managers in developing the Congressional record which resulted in the actual impeachment and referral to the U.S. Senate for an impeachment trial of President Clinton. He also legally represented many of the women who President Clinton was alleged to have affairs with and/or harassed, such as Gennifer Flowers, Dolly Kyle Browning, Kathleen Willey, Paula Jones, and Juanita Broaderick. Later, during the administration of President George W. Bush, Plaintiff Klayman also filed suit against this Republican administration for alleged illegal wiretaps of American citizens and other alleged improper acts. Plaintiff Klayman became so famous for his strong public legal

advocacy that the creator and executive producer Aaron Sorkin of "West Wing" created a semi-fictitious character after him, who he named "Harry Klaypool of Freedom Watch," played by Hollywood actor John Diehl. (Taken from Larry Klayman of Judicial Watch).

5. Defendant Judicial Watch is a 501 (c)(3) corporation that does business in and is headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Defendant is registered as a foreign corporation within Florida where it engages in legal and political activism, and has a physical presence in this district. It is currently participating in *Mi Familia Vota Education Fund v. Detzner*, 12-cv-1294, U.S. District Court, Middle District of Florida, among other cases. It's directors frequent this district and Florida for speaking engagements and to raise funds and conduct other business in this district and elsewhere throughout Florida.

6. Defendant Fitton is the president and chief operating officer of Judicial Watch and a member of its board of directors.

7. Defendant Orfanedes is a member of Judicial Watch's board of directors.

8. Defendant Farrell is a member of Judicial Watch's board of directors.

9. Defendant Constance Ruffley is the Office Administrator of Judicial Watch in Judicial Watch's Western Regional Office at 2540 Huntington Drive, San Marino, California 91108.

10. The case or controversy arose in large part in this judicial district and Plaintiff was severely harmed and damaged in the district.

## THE FACTS

11. Plaintiff Klayman realleges and reincorporates the facts set forth in paragraphs 1 through 8 above.

12. On or about February 22, 2012, Ruffley, a representative and Office Administrator of Judicial Watch, at the direction and with the authority, actual, implied and apparent, of Defendants Judicial Watch, Fitton, Orfanedes and Farrell, in their individual capacity and as members of Judicial Watch's board of directors, had negligently, maliciously and/or willfully published and furthered the publication of a false statement that Plaintiff Klayman had been "convicted" of a crime for not paying a large amount of child support with regard to his children, on the internet and elsewhere within this judicial district, Florida, and elsewhere throughout the United States and the world.

13. The false and defamatory statement alleged herein was intended to be and was published on "The World's Leading Obama Eligibility Website" of Dr. Orly Taitz of the Defend Our Freedom Foundation and disseminated in this district, nationally, and worldwide, causing publication on other internet websites and elsewhere. Discovery will uncover and disclose all of these publications.

14. Prior to the above publication by or on behalf of Defendants, Klayman and others had made it be known that he planned to soon file a high profile case in Florida involving the eligibility of President Barack Obama to run as a candidate in Florida concerning the state's primary and general elections for 2012.

15. Specifically, by and through Defendant Ruffley, this false publication was done by Defendants, each and every one of them, jointly and severally, negligently

5

and/or with the willful and malicious intent to harm Klayman personally and in his profession and trade in the South Florida community, throughout the state, and elsewhere. Plaintiff Klayman is as a lawyer licensed to practice in the state of Florida and elsewhere and has at all times been a member in good standing for going on 36 years. Defendants, each and every one of them, jointly and severally, knew or had reason to know that this statement was false and would severely harm Plaintiff Klayman.

16. The defamatory statement of Defendants, each and every one of them, jointly and severally, sought to harm and did harm the livelihood and reputation of Plaintiff Klayman by "lowering him in the estimation of the community or, more broadly stated, exposed Plaintiff Klayman to hatred, ridicule, or contempt or injuries to his business or reputation or occupation." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1108 (Fla. 2008).

## COUNT I – DEFAMATION

17. Plaintiff Klayman realleges and reincorporates paragraphs 1 through 16 of this complaint.

18. Defendants Judicial Watch, Fitton, Orfanedes, Farrell, and Ruffley defamed and libeled per se Plaintiff Klayman and otherwise in his trade and profession and personally.

19. Defendants, each and every one of them, acting in concert, jointly and severally, caused large actual and compensatory damage to Plaintiff Klayman, as well as damage to his reputation, good will, and livelihood.

6

20. These damages include but are not limited to lost earnings and capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, ostracization, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory and actual damages, as well as loss of reputation in his trade and professional and personally, and punitive damages, in an amount to be determined at trial.

## COUNT II – DEFAMATION BY IMPLICATION

21. Plaintiff Klayman realleges and reavers paragraphs 1 through 20 of this complaint as if fully incorporated herein.

22. Defendants, each and every one of them, jointly and severally, per se defamed by implication Plaintiff Klayman, by publishing in this district, domestically and internationally, the above referenced statements, as they provide the reader the false and/or misleading impression given by juxtaposition or omission of facts that Plaintiff Klayman was convicted of a crime for not paying a large amount of child support with regard to his children. Specifically, the Defendants negligently, willfully, and/or maliciously stated falsely and misleadingly that Plaintiff Klayman has committed and/or been convicted of a crime.

23. The defamatory published statements by implication of the Defendants, each and every one of them, jointly and severally, severely injured Plaintiff Klayman as set forth above in the allegations in this complaint, which is incorporated herein by reference.

7

24. These damages include but are not limited to lost earnings and capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, ostracization, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory and actual damages, as well as loss of reputation in his trade and professional and personally, and punitive damages, in an amount to be determined at trial.

## COUNT III – TORTIOUS INTERFERENCE WITH A CONTRACT

25. Plaintiff Klayman realleges and reavers paragraphs 1 through 24 of this complaint as if fully incorporated herein.

26. Plaintiff Klayman was engaged in a contractual agreement with citizen and voter of Florida to engage in legal representation of democrat and voter Michael Voetlz in a legal challenge to Barack Hussein Obama's placement on the 2012 Florida Presidential Preference Primary as well the 2012 Florida General Election.

27. Defendant Judicial Watch is an active foreign corporation registered within the state of Florida. Judicial Watch routinely represents individuals with the same legal needs as those Plaintiff Klayman represents.

28. The Defendants knew of Klayman's legal representation in Florida and were afraid of competition to their Florida practice and their fundraising in this district and the state.

29. Defendants intentionally and unjustifiably interfered with the contractual relationship between Plaintiff Klayman and his client by spreading per se defamatory statements about him and attempting to ruin his reputation.

30. Because of the intentional and unjustifiable interference by the Defendants, Plaintiff was damaged and harmed in his professional and personal life and endeavors.

31. These damages include but are not limited to lost earnings and capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, ostracization, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory and actual damages, as well as loss of reputation in his trade and professional and personally, and punitive damages, in an amount to be determined at trial.

## COUNT IV -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. The allegations of paragraphs 1 through 31 are incorporated as if realleged herein.

33. The Defendants' conduct was extreme and outrageous and beyond all bounds of decency.

34. The Defendants' conduct was intentional or reckless.

35. The Defendants' behavior was intended to cause emotional distress or they should have known that such distress would result.

36. The Defendants' extreme and outrageous conduct resulted in Plaintiff Klayman's severe emotional distress.

37. Plaintiff Klayman's emotional distress was severe and caused severe damage to Plaintiff Klayman, both professionally and personally.

38. These damages include but are not limited to lost earnings and capacity, lost career and business opportunities, litigation expenses including attorney fees, loss

of reputation, ostracization, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory and actual damages, as well as loss of reputation in his trade and professional and personally, and punitive damages, in an amount to be determined at trial.

WHEREFORE, Plaintiff Klayman prays, in an amount to be determined at trial, for actual and compensatory damages, attorneys fees and costs, punitive damages as may be pleaded later after discovery, and such other relief as this court may deem just and proper, against Defendants, each and every one of them and jointly and severally.

Plaintiff Klayman demands trial by jury.

Dated: June 14, 2013

Respectfully Submitted,

Larry Klayman, Esq.
FL Bar No. 246220
2520 Coral Way, Suite 2027
Miami, FL 33145
Tel: (310) 595-0800
Email: leklayman@gmail.com