UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20610-CIV-ALTONAGA/Simonton

**LARRY KLAYMAN**,

    Plaintiff,
vs.

**JUDICIAL WATCH**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Larry Klayman's Motion for Extension of Time to Serve Defendants ("Motion") [ECF No. 6], filed on June 14, 2013. Nearly a month after Plaintiff filed this suit, on March 14, 2013, the Court entered an Order (the "March 14 Order") requiring Plaintiff to file proof of service as to Defendants or show cause why this action should not be dismissed for failure to perfect service of process on or before June 20, 2013 [ECF No. 4]. In his Motion seeking more time to perfect service, Plaintiff states he filed an Amended Complaint [ECF No. 5], "which materially altered the Complaint by adding additional causes of action, as new facts recently came to light," and he therefore requests an additional thirty days to serve Defendants. (Mot. 1). The Court has carefully considered the Motion, the record, and applicable law.

    Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

CASE NO. 13-20610-CIV-ALTONAGA/Simonton

FED. R. CIV. P. 4(m). While the Court must extend the time for service when good cause is established, the Court may also, within its discretion, extend the time for service in the absence of good cause. *See Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

The Amended Complaint names the same Defendants as were named in the Initial Complaint [ECF No. 1]; thus, the Court need grant the Motion only if Plaintiff has established good cause. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." (citations omitted)). "To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance[;] and (3) the basis for the delay was more than simple inadvertence or mistake." *Durgin v. Mon*, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009).

Plaintiff has not established good cause. Plaintiff provides no explanation regarding why he was unable to serve Defendants with the Initial Complaint. Indeed, there is no indication that Plaintiff attempted to serve Defendants at all despite Plaintiff's awareness of the deadline following receipt of the March 14 Order. Plaintiff's only proffered explanation for needing more time to serve Defendants is the filing of the Amended Complaint contemporaneous with the present Motion. This, too, is inadequate to establish good cause. *See id.* at 1259; *see also* Charles A. Wright & Arthur R. Miller, 4B FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2007) ("[F]ederal courts have held that good cause has not been shown in a large number of cases and have rejected excuses based on . . . the filing of an amended complaint . . . .").

The Court declines to exercise its discretion as Plaintiff does not assert "the applicable statue of limitations would bar the refiled action," *Durgin*, 659 F. Supp. 2d at 1259, and "there is

CASE NO. 13-20610-CIV-ALTONAGA/Simonton

no assertion or evidence that Defendant[s] [are] evading service," *Jean-Felix v. Chicken Kitchen USA, LLC*, No. 10-23105-Civ, 2013 WL 2243966, at *3 (S.D. Fla. May 21, 2013). Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 6]** is **DENIED**. Failure to file proof of service or show good cause by **June 20, 2013** will result in a dismissal without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of June, 2013.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT COURT**

cc: counsel of record; Plaintiff