UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

    The Defendants Thomas Fitton, Paul Orfanedes, Christopher Farrell and Constance Ruffley (collectively the "Individual Defendants"), pursuant to Rule 12(b)(2), move this Court to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction. Alternatively and additionally, all Defendants, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, move this Court to dismiss for improper venue pursuant to Rules 12(b)(3) of the Federal Rules of Civil Procedure or for *forum non conveniens*. Lastly, the Defendant Paul Orfanedes moves to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(5) for insufficiency of service of process.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

    The Plaintiff claims that one of the Defendants made a defamatory statement. This Court lacks jurisdiction over the Individual Defendants because the Individual Defendants lack sufficient minimum contacts with Florida and the causes of action are not connected with any forum-related activity. While the Defendants deny any and all defamatory statements, this case

is based on one verbal statement made in California by a California resident to a California resident with no expectation that the statement would reach Florida. Accordingly, the Individual Defendants submit that this matter should be dismissed for lack of personal jurisdiction.

All defendants submit that venue is improper and/or that this Court should decline to exercise jurisdiction under the doctrine of *forum non conveniens*. Defendants have presented this Court with substantial evidence, most of it from the Plaintiff's own hands, indicating that Plaintiff is not a resident of South Florida. None of the Defendants are Florida residents. The key witness is a resident of California. Defendants respectfully submit that the judicial resources of this Court and this District should not be devoted to resolving this controversy related to out-of-state acts involving non-residents.

Lastly, the Defendant Paul Orfanedes moves to dismiss for insufficiency of service of process because the Summons and Amended Complaint were not properly served on him.

## II.  ALLEGATIONS AND FACTS

### A.  Plaintiff's Residence

Plaintiff alleges that he "at all material times **resided** in and does business in this judicial district." *First Amended Complaint,* ¶2. Plaintiff's use of the past tense is noteworthy, because there is evidence indicating the Plaintiff no longer resides in this juridical district.

On at least three occasions, Plaintiff filed lawsuits the United States District Court for the Middle District of Florida, on his own behalf or his company's behalf, and represented to the Middle District that he resides in the Middle District. Specifically, on March 20, 2013, Plaintiff represented to the Middle District of Florida in litigation against City Pages that he resided in Marion County, Florida. *See, Exhibit 1, Civil Cover Sheet from Larry Klayman v. City Pages, et al, Case No. 5:13-cv-00143-ACC-PRL.* On April 15, 2013, Plaintiff, acting as the attorney for

his company Freedom Watch, Inc. stated in an action against President Obama, "Indeed, Mr. Klayman, and thus Freedom Watch, resides in the district in which the original Complaint was filed [the Middle District]." *See Exhibit 2, Plaintiff's Opposition to Defendants' Motion to Dismiss, page 10, Freedom Watch, Inc. v. The Honorable Barack Obama, U.S. Dist. Court for the Middle Dist. Of Fla. Case No., 5:13-CV-0026-OS-AAC-PRL.* On June 6, 2013, Plaintiff represented in yet another action that he filed in the Middle District of Florida that his residence is in Marion County. *See Exhibit 3, Civil Cover Sheet from Larry Klayman v. Lawrence R. Loeb, et al, Case No. 5:13-cv-00267-WTH-PRL.*

Defendants could devote several pages of the memorandum to the various addresses used by Mr. Klayman but Defendants will not do so, for the sake of brevity. It is sufficient to state that the following evidence and information indicates that Plaintiff is not a South Florida resident:

- The documents related to Klayman's indictment for failure to pay child support indicate that Klayman resided in California at the time of the events at issue in this matter. Klayman alleges that one of the Defendants defamed him on February 22, 2012. A Capias on Indictment dated February 7, 2012 and a Capias on Indictment dated March 16, 2012 identify a Los Angeles, California residence. *See Exhibits 4 and 5.* On March 9, 2012, Klayman's lawyer filed a Motion to Continue Arraignment in which he stated, "**Because Mr. Klayman resides and practices law in Los Angeles, California** . . ." *See Exhibit 6.*
- The two addresses used by Plaintiff in this litigation appear to be only mailboxes.
- The Florida Bar website lists a Washington, D.C. address for Plaintiff. *See Exhibit 7.*

- On November 26, 2008, Plaintiff advised a California court that he had been a resident of California for six months. *See Exhibit 8.*

- On June 3, 2013 Plaintiff signed an affidavit in *Forras, et al. v. Rauf, et al.*, Case No. 12-282 (RWR) (D.D.C.) in which he swore that he "conduct[s] business within the District of Columbia," has "at all material times, done business at 2020 Pennsylvania Ave., N.W., Suite 345, Washington, D.C." and that he "resided in the District of Columbia for over twenty (20) years and am a member of the District of Columbia Bar." *See Exhibit 9.*

The Defendants respectfully submit that any tie between the Plaintiff and South Florida is tenuous at best.

### B. Residence of Defendants

None of the Defendants are Florida residents, as confirmed by the Declarations attached hereto as Exhibits 10 through 13.

Judicial Watch, Inc. is a resident of Washington D.C.

Thomas Fitton is a resident of Washington, D.C.

Paul Orfanedes is a resident of the Commonwealth of Virginia.

Christopher Farrell is a resident of the Commonwealth of Virginia.

Constance Ruffley is a resident of State of California.

### C. Lack of Forum Related Activities

Plaintiff alleges that Constance Ruffley made a "false statement that Plaintiff Klayman had been 'convicted' of a crime for not paying a large amount of child support with regarding to his children." *First Amended Complaint, ¶12.* The Plaintiff had, in fact, been indicted in Ohio for failure to pay child support and, according to an Ohio court, he had been found in contempt

of court in Virginia for failure to pay child support. *See Exhibits 4 and 14.*[1] Constance Ruffley denies that she made a false statement. *See Declaration of Constance Ruffley, Exhibit 13.*

The following facts are confirmed by the Declaration of Constance Ruffley. Constance Ruffley was present at a regularly-scheduled monthly meeting of the California Coalition for Immigration Reform in Garden Grove California when Orly Taitz approached her. Orly Taitz was running on the primary ballot for one of the California seats in the U.S. Senate. Constance Ruffley and Orly Taitz discussed a number of topics and, eventually, they discussed Plaintiff Larry Klayman. With respect to Plaintiff Larry Klayman, Constance Ruffley conveyed only information that she had learned from public records, including information related to court proceedings against Mr. Klayman relating to the failure to pay child support. Constance Ruffley did not anticipate or expect that Orly Taitz would convey this information to any other people and she did not anticipate that Orly Taitz would publish this information on any website. Ms. Ruffley did not give Orly Taitz permission to publish this information. Constance Ruffley expected that Orly Taitz would keep these comments to herself and only use the comments to conduct her own research into the publicly-available information related to Larry Klayman.

In any event, there was only one verbal statement and it was made in California. Ms. Ruffley also confirms that she learned the information about Plaintiff Larry Klayman from public records and that no one from Judicial Watch instructed her to convey this information to Orly Taitz. The Declarations of the Defendants Fitton, Orfanedes and Farrell confirm that they did not instruct Ms. Ruffley to convey any information about Plaintiff to Orly Taitz.

---

[1] Exhibit 14 is a copy of the decision from an Ohio appellate court, in which the court stated, "In October 2007, a Virginia court found Klayman in contempt of court for failing to pay $74,015 in support. To purge his contempt, Klayman paid the full amount to Luck, plus interest and attorney fees." *Klayman v. Luck*, 2012 WL 3040043 (Ohio App. 8 Dist.).

The Declarations of the Defendants confirm that the individual defendants lack minimum contacts with the State of Florida. The Individual Defendants are all officers and/or employees of Judicial Watch, Inc. None of the Individual Defendants: (1) own or lease any real property in Florida; (2) have a telephone listing or mailing address in Florida; (3) have any Florida bank accounts; (4) have any Florida property tax liability; (5) have any Florida registered vehicles or a Florida driver's license; (6) hold any Florida professional licenses; (7) vote in Florida; (8) operate, conduct, engage in, or carry on any personal business in Florida; (9) travel to Florida except occasionally to visit family or conduct business on behalf of Judicial Watch, Inc.; (10) contract to insure any person or thing in Florida; (11) commit tortious acts in Florida; (12) cause injury to people or property in Florida; or (13) enter into or breach contracts that are to be performed in Florida.

### III. MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION[2]

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by a federal court." *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir. 1990). First, the federal court "must examine the jurisdictional issue under the state long-arm statute." *Id.* Second, the federal court "must ascertain whether or not 'minimum contacts' exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.; citing International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Plaintiff cannot satisfy either part of the two-step inquiry.

A plaintiff seeking to establish personal jurisdiction over a nonresident must first allege

---
[2] The Motion to Dismiss for Lack of Personal Jurisdiction is made by the Individual Defendants only.

sufficient facts for a *prima facie* case of personal jurisdiction. *It's a 10, Inc. v. Beauty Elite Group, Inc.,* 2013 WL 1636366 (S.D. Fla.) (citing *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999). If the nonresident presents affidavits or declarations sufficiently challenging jurisdiction, the burden then shifts to the plaintiff to present affidavits or declarations sufficient to establish jurisdiction. *Id.;* (citing *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989). *See also* 28 U.S.C. §1746. The Individual Defendants respectfully submit that they have provided Declarations sufficient to refute personal jurisdiction.

### A. Florida Long-Arm Statute

Plaintiff does not cite the Florida Long-Arm Statute in his Amended Complaint or state which section of the Long-Arm Statute he is relying on to assert personal jurisdiction. The Long-Arm Statute, Fla. Stat. §48.193, states in relevant part[3]:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.
>
> \* \* \*
>
> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> 1. The defendant was engaged in solicitation or service activities within this state; or

---

[3] The Individual Defendants have excluded the clearly inapplicable sections. In doing so, the Individual Defendants are not conceding that jurisdiction is properly founded in any of the cited sections.

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

\* \* \*

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

The Individual Defendants have rebutted every basis for personal jurisdiction under the Florida Long-Arm Statute through their Declarations.

The Individual Defendants are not operating, conducting, engaging in or carrying on a business in Florida, as contemplated by subsection (1)(a).  To demonstrate jurisdiction under subsection (1)(a), "the business activities of the nonresident defendant must be considered collectively and must show a general course of business activity in Florida for pecuniary gain." *Homeway Furniture of Mount Airy Inc. v. Horne*, 822 So.2d 533, 536 (Fla. 2nd DCA 2002). "Among other factors, the court may consider the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of clients served, and the percentage of overall revenue gleaned from Florida clients." *American Color Graphics Inc. v. Brooks Pharmacy Inc.*, 2007 WL 3202748 \*2 (M.D. Fla. Oct. 29, 2007)**;** *Horizon Aggressive Growth L.P. v. Rothstein-Kass P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). Plaintiff has not established and cannot establish personal jurisdiction under subsection (1)(b).

The Individual Defendants did not commit a tort in this State or cause an injury in Florida as contemplated by subsections (1)(b) or (1)(f).  The only comment, which was truthful, was made by a California resident to a California resident in California, without any intention or expectation that the comment would be republished elsewhere.  None of the Defendants

published comments about the Plaintiff in Florida or published comments by any means, electronic or otherwise, designed to reach Florida.

Furthermore, the Florida Supreme Court has clearly articulated and adopted the corporate shield doctrine in *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993). The corporate shield doctrine protects corporate officers from being haled into Florida courts for acts performed while conducting business in Florida on behalf of the corporation. *Oesterle v. Farish*, 887 So.2d 412, 415. (Fla. 4th DCA 2004). The only exception to the corporate shield doctrine is when the defendant is alleged to have committed an intentional tort against the plaintiff. *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993). But, the corporate shield doctrine continues to apply if a defendant denies intentional conduct by affidavit or declaration and the plaintiff is unable to rebut this evidence. *Two Worlds United v. Zylstra*, 46 So.3d 1175, 1178 (Fla. 2nd DCA 2010); *Radcliffe v. Gyves*, 902 So.2d 968, 972 (Fla. 4th DCA 2005). While the Plaintiff may allege intentional acts, the Individual Defendants have denied intentional acts through their Declarations and Plaintiff cannot submit any credible evidence to rebut the Declarations.

To the extent Plaintiff is claiming personal jurisdiction under section (1) of the Long-Arm Statute, Plaintiff must also establish "connexity." To satisfy this requirement, "the cause of action [must have] some . . . connection to a specific act committed in Florida." *New Lenox Industries, Inc. v. Fenton*, 510 F.Supp.2d 893, 902 (M.D. Fla. 2007). "By its terms, section 48.193(1) requires a connection between the defendant's activities and the cause of action." *Camp Illahee Investors, Inc. v. Blackman*, 870 So.2d 80, 85 (Fla. 2nd DCA 2003). *See also, Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002). Therefore, in arguing in support of jurisdiction under section (1), Plaintiff cannot rely on any forum contacts that are not connected to the causes of action.

To establish jurisdiction under section (2) of the Long-Arm Statute, the plaintiff must show that the Defendants engaged in substantial and not isolated activity Florida. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). The activities of the defendant must be considered collectively and show a general course of business activity in Florida for pecuniary benefit. *Response Reward Systems, L.C. v. Meijer, Inc.,* 189 F.Supp.2d 1332 (M.D. Fla. 2002). The Individual Defendants have not engaged in a general course of business activity in Florida for pecuniary benefit and, therefore, Plaintiff cannot establish personal jurisdiction under section (2).

The Individual Defendants are not subject to personal jurisdiction in the Court under the Florida Long-Arm Statute.

### B. Constitutional Due Process Requirements are Not Satisfied

As set forth above, Plaintiff cannot satisfy the first step of the personal jurisdiction analysis. Plaintiff cannot satisfy the second step either.

"[T]he second inquiry is whether the defendant possesses sufficient minimum contacts with Florida to satisfy constitutional due process requirements." *Hilltopper Holding Corp. v. Cutchin*, 955 So.2d 598, 601 (Fla. 2nd DCA 2007). The second step "requires the court to determine whether the defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida courts." *Id*.; *Harcourt Companies Inc. v. Hogue,* 817 So.2d 1067, 1071 (Fla. 5th DCA 2002).

Importantly, the Florida Supreme Court has stated that the second step, i.e., the due process analysis, "imposes a more restrictive requirement" as compared to the first step, i.e., the Florida Long-Arm Statute. *Execu-Tech Bus. Sys. Inc. v. New Oji Paper Co.,* 752 So.2d 582, 584 (Fla. 2000). "A court can exercise personal jurisdiction only if the foreign corporation maintains

'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.; Oldfield v. Puebla De Bahia Lora, S.A.,* 558 F.3d 1210, 1220 (11th Cir. 2009).

Exercising personal jurisdiction over the Individual Defendants would be contrary to traditional due process requirements. Plaintiff, an individual who has minimal ties to South Florida, is suing the Individual Defendants because a California resident made one verbal comment in California to a California resident. None of the Individual Defendants directed activity to Florida. A private conversation between two California residents simply should not lead to personal jurisdiction in Florida. This is especially true for the Defendants Fitton, Orfanedes and Farrell, who did not authorize the alleged comment. None of the Individual Defendants could have expected to be brought before a South Florida court on Plaintiff's claims.

### C.  Request for Dismissal Due to Lack of Personal Jurisdiction

For the reasons stated above, Individual Defendants respectfully submit that Plaintiff cannot establish personal jurisdiction and therefore request dismissal.

### IV.  MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE

All Defendants submit that venue does not properly lie in this judicial district.

28 U.S.C. §1391 states in relevant part:

**(b) Venue in general.**--A civil action may be brought in--

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided

in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

None of the Defendants reside in this judicial district, and therefore, (b)(1) does not apply. Section (b)(2) does apply and it establishes that venue is appropriate in California because all of the alleged events took place in a judicial district in the State of California.  Again, the evidence establishes that there was one private conversation between two California residents in California and the Defendants did not cause the publication of any comments in Florida.  Furthermore, Plaintiff has failed to sufficiently allege that he is a South Florida resident and Defendants have presented substantial evidence indicating that Plaintiff is not a South Florida resident.  Section (b)(3) does not apply because there is an available forum in California.

Based on a simple reading of 28 U.S.C. §1391, venue is not proper in this judicial district, and this matter should be dismissed for improper venue.

### V.  MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

All Defendants alternatively submit that the claims should be dismissed for *forum non-conveniens*.  Florida has essentially no connection with this dispute, and either Washington DC or California would be an appropriate forum, if Plaintiff has any viable claims.

"Under the doctrine of *forum non conveniens*, a district court has inherent power to decline to exercise jurisdiction over a case when an adequate, alternative forum is available." *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983).  The analytic method to be applied is as follows:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case.  Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then

> determine whether or not factors of *public* interest tip the balance in favor of a trial in another forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*Id.* All of these factors weigh heavily in favor of dismissing the litigation in Florida, so Plaintiff can, if he chooses, litigate in Washington DC or California.

### A. Washington DC or California Possess Jurisdiction Over the Entire Case

While Constance Ruffley denies making any defamatory statement, the statements which led to the filing of this lawsuit were made in California. Constance Ruffley did not publish the alleged comments outside of California. Constance Ruffley is a California resident. Judicial Watch conducts business in California. Plaintiff has filed other lawsuits in California.

Judicial Watch is a resident of Washington DC. The individual defendants other than Constance Ruffley either reside in or work in Washington DC. Plaintiff has filed other litigation in Washington DC.

### B. Private interest factors strongly favor dismissal

The most significant private factor to be considered in the context of a forum non-conveniens motion is the location of evidence and witnesses. See *Warter v. Boston Securities, S.A.,* 380 F. Supp. 2d 1299, 1311 (S.D. Fla. 2004). Other private interest factors include the ease of access of sources of proof, the availability of compulsory process for attendance of witnesses, the cost of obtaining the attendance of an unwilling witness, and any other issues that make the trial of the case easy, expeditious and inexpensive. *Membreno v. Cosa Crociere, S.p.A.,* 425 F.3d 932, 937 (11th Cir. 2005). The alleged events occurred in California. The primary witness, Orly Taitz, is a California resident. If there are other witnesses, they are probably located in California. California is simply a much more convenient forum.

Washington DC is also a more convenient forum then South Florida. Washington DC is the home of Judicial Watch and the place where most of the Individual Defendants reside or work.

The Defendants acknowledge that a Plaintiff's choice of forum is generally given some deference; however, a Plaintiff who is not a resident of the forum is given "less deference." *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1315 (11th Cir. 2001). Here, Plaintiff is not a resident of this judicial district and his choice of this forum should be given little deference.

Private interest factors favor either Washington DC or California.

### C. Public interest factors also strongly favor dismissal

If the private interest factors are "in or near equipoise," "[the court] must then determine whether or not factors of public interest tip the balance in favor of trial in a foreign forum." *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). Public interest factors include the sovereign's interests in deciding the dispute, the administrative burdens posed by the trial, and the need to apply foreign law. *Membreno,* 425 F.3d at 937. "The need to apply foreign law is a public-interest factor that mitigates strongly in favor of dismissal." *Perez-Lang v. Corporacion De Hoteles, S.A.,* 575 F. Supp. 2d 1345, 1352 (S.D. Fla 2008).

This judicial district has no connection to this dispute. Plaintiff himself is not a resident of South Florida. None of the Defendants are Florida residents. None of the witnesses are Florida residents. The relevant events occurred in California and California law will apply to the claims.

The public interest factors clearly tip the scale in favor of dismissal.

### D.  Plaintiff Can Re-File in Washington DC or California

Larry Klayman has litigated other matters in Washington DC and California.  He can re-file this matter in either Washington DC or California, if he so chooses.

### E.  Request for Dismissal for Forum Non-Conveniens

Because Washington DC and California are adequate and available venues and Florida has no connection to this matter, the claims against Defendants should be dismissed pursuant to the doctrine of *forum non-conveniens*.

## VI.  MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS

Pursuant to Rule 4(e) of the Florida Rules of Civil Procedure, an individual residing in a judicial district in the United States may be served:

> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)  doing any of the following:
>
> (A)  delivering a copy of the summons and of the complaint to the individual personally;
> (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4 of the Superior Court Rules of Civil Procedure for the District of Columbia states:

> **(e) Service Upon Individuals Within the United States.** Unless otherwise provided by law, service upon an individual from whom an acknowledgment has not been obtained and filed, other than an infant or an incompetent person, may be effected in any part of the United States:
>
> (1) pursuant to District of Columbia law, or the law of the state or territory in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of that state or territory; or

(2) by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

The Plaintiff attempted to serve Defendant Paul Orfanedes by serving a copy of the Summons and Amended Complaint on one of Mr. Orfanedes's co-workers. The Summons and Amended Complaint were not served personally, at Mr. Orfanedes' residence, or upon an authorized agent. *Please see Affidavit of Paul Orfanedes attached hereto as Exhibit 15.* This purported method of service is insufficient, and Plaintiff's Amended Complaint against Defendant Paul Orfanedes should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## VII. CONCLUSION

For the reasons stated above, the Defendants respectfully request the dismissal of Plaintiff's Amended Complaint.

Dated: July 9, 2013

Respectfully submitted,

SCHWED KAHLE & KRESS, P.A.
11410 North Jog Road, Suite 100
Palm Beach Gardens, FL 33418
Telephone: (561) 694-0070
Facsimile: (561) 694-0057

/s/ Douglas J. Kress_____
Douglas J. Kress, Esq.
Florida Bar No.: 0061146
Email: dkress@schwedpa.com

*Attorneys for Defendants Judicial Watch, Inc.,*
*Thomas Fitton, Paul Orfanedes, Christopher Farrell*
*and Constance Ruffley*

*Klayman v. Judicial Watch, Inc., et al*
*Case No. 13-20610-CIV*
*Page 17*

**Certificate of Service**

I hereby certify that on **July 9, 2013**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Douglas J. Kress_____
Douglas J. Kress, Esq.
Florida Bar No.: 0061146

**SERVICE LIST**

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com

VIA CM/ECF