# EXHIBIT "2"

## IN UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

FREEDOM WATCH, INC.

                 Plaintiff,

v.

THE HONORABLE BARACK OBAMA,          Civil Action No. 5:13-CV-0026-OS-AAC-PRL
THE HONORABLE JOSEPH R. BIDEN,
OBAMA GUN CONTROL TASK FORCE,
JOHN AND JANE DOE NOS. 1-99,

                 Defendants.

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Freedom Watch hereby opposes Defendants' Motion to Dismiss.

### INTRODUCTION

This case concerns a straightforward request by Freedom Watch to obtain access to documents and meetings of the Obama Gun Control Task Force ("OGCTF"), which Freedom Watch alleges is an advisory committee within the meaning of the Federal Advisory Committee Act, 5 U.S.C. App. II §§ 1-10 ("FACA"). "FACA" was enacted to cure specific ills, above all the wasteful expenditure of public funds for worthless committee meetings and biased proposals...." *Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 445-46, 105 L. Ed. 2d 377, 109 S. Ct. 2558 (1989); *accord Natural Resources Defense Council v. Pena*, 331 U.S. App. D.C. 198, 147 F.3d 1012, 1026 (D.C. Cir. 1998) ("NRDC"). Congress recognized that advisory committees "are frequently a useful and beneficial means of furnishing expert advice, ideas, and diverse opinions to the Federal Government. 5 U.S.C. App. 2 § 2(a). However, Congress also feared the proliferation of costly committees, which were often dominated by representatives of industry

1

and other special interests seeking to advance their own agendas." *Cummock v. Gore*, 180 F.3d 282, 284-285 (D.C. Cir. 1999) (citing H.R. REP. NO. 92-1017 (1972), reprinted in 1972 U.S.C.C.A.N. 3491, 3496 ("One of the great dangers in the unregulated use of advisory committees is that special interest  groups may use their membership on such bodies to promote their private concerns.")); *see also Public Citizen*, 491 U.S. at 453; *Food Chem. News v. Dep't of Health and Human Servs.*, 299 U.S. App. D.C. 25, 980 F.2d 1468, 1472 (D.C. Cir. 1993); Richard O. Levine, Comment, The Federal Advisory Committee Act, 10 HARV. J. ON LEGIS. 217, 219, 225 (1973).

When President Obama established the Gun Control Task Force, he did so with the intention to restrict and infringe upon the people's right to keep and bear arms, in clear violation of the Second Amendment to the U.S. Constitution.  Such a task force, with the illegal goal of violating the Second Amendment as its purpose, must be open to the American public in order to fully inform us of these special interest attempts to lobby and undermine our Second Amendment rights.

It is with this purpose that Freedom Watch seeks to enforce the provisions of FACA and open the OGCTF meetings up to the general public, as well to have the minutes and other papers of their meetings released for public inspection.

## I.   A CAUSE OF ACTION EXISTS UNDER FACA, THE APA, AND MANDAMUS

### A. Federal Advisory Committee Act

The Supreme Court and other circuits have tacitly or directly recognized a private right of action under FACA. *See, i.e., Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance,* 304 F.3d 1076 (11th Cir.2002); *Public Citizen v. U.S. Dept. of Justice,* 491 U.S. 440, 452, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989); *Fla. Ass'n of Medical Equip. Dealers, Med-Health*

*Care v. Apfel*, 194 F.3d 1227 (11th Cir.1999); *Alabama-Tombigbee Rivers Coalition v. Dep't of Interior et al.,* 26 F.3d 1103 (11th Cir.1994); *Washington Legal Foundation v. American Bar Association Standing Committee on the Federal Judiciary*, 648 F. Supp. 1353, 1361 (D.D.C. 1986). *Byrd v. U.S. Envtl. Prot. Agency*, 174 F.3d 239 (D.C. Cir. 1999). Thus, Defendants contention to the contrary has no merit and should be rejected by the Court. In these cases, private litigants were allowed to sue under FACA to enforce its requirements. The courts accepted FACA contemplates a private right of action.

**B. Administrative Procedure Act**

Even in the unlikely event that this court agrees with Defendants that Plaintiff's have no right to private action under the FACA, which it does, Plaintiff is certainly entitled to enforce FACA's substantive requirements through the judicial review provisions of the Administrative Procedure Act ("APA"). Plaintiffs alleging violations of the FACA may also proceed under the jurisdictional grant in the APA 5 U.S.C. § 704, which subjects "final agency action for which there is no other adequate remedy" to judicial review. *See Hernandez-Avalos v. INS*, 50 F.3d 842, 846 ("plaintiff who lacks a private right of action under the underlying statute can bring suit under the APA to enforce the statute...."); *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 736 F. Supp. 2d 24, 30-31 (D.D.C. 2010) (surveying other cases and noting that "a number of courts have allowed plaintiffs to proceed with APA actions based on alleged FACA violations"); *Judicial Watch v. Nat'l Energy Policy Dev.*, 219 F.Supp.2d 20 (D.D.C.2002); *see also, Int'l Brominated Solvents Ass'n v. Am. Conference of Governmental Indus. Hygienists, Inc.*, 625 F. Supp. 2d 1310, 1320 (2008).

### C. Cause of Action Under Mandamus

In addition, Freedom Watch also sought in its Amended Complaint mandamus relief under 28 U.S.C. § 1361. This provision creates subject matter jurisdiction over an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he mandamus statute may provide an avenue to remedy violations of statutory duties even when the statute that creates the duty does not contain a private cause of action." *Nat'l Energy Policy Dev. Grp.*, 219 F. Supp. 2d at 41- 42 (citing *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1327 (D.C. Cir. 1996) (if "a plaintiff is unable to bring his case predicated on either a specific or a general statutory review provision, he may still be able to institute a non-statutory review action")). If a federal official — including the President — has a clear obligation to perform a duty, *Nat'l Wildlife Fed'n v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980), the plaintiff has a clear right to relief, and there is no other adequate remedy available to the plaintiff, a court may grant mandamus relief. *Council of and for the Blind of Del. Cnty. Valley, Inc. v. Reagan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983).

More to the point, in a similar lawsuit brought by Plaintiff seeking minutes and other documents created in the Obamacare Task Force, the U.S. District Court for the District of Columbia recently confirmed that mandamus can be used as to compel defendants to follow the provisions of FACA. *Freedom Watch v. Obama*, 807 F. Supp. 2d 28 (D.D.C. 2011).

Thus, a cause of action exists under FACA, the APA, and under this court's mandamus powers as provided in U.S.C. § 1361.

4

II.     **THE COMPLAINT PROPERLY ALLEGES THAT THE OGCTF IS A
        COMMITTEE SUBJECT TO FACA**

   **A. Legal Standard**

   In ruling on a motion to dismiss, the Court "must . . . accept all factual allegations in the

complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, LTD*, 551 U.S. 308, 322 (2007).

*Accord, Erickson v. Pardus*, 551 U.S. 89, 90 (2007); *Leatherman v. Tarrant County Narcotics

Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Zinerman v. Burch*, 494 U.S.

113, 118 (1990); *Davis v. Monroe County Bd. of Education*, 526 U.S. 629, 633 (1999) ("we must

assume the truth of the material facts as alleged in the complaint"). The Court must not only take

the factual allegations in the complaint as true, but must "construe them in the light most

favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010);

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("It is well established that, in passing on a motion

to dismiss . . . for failure to state a cause of action, the allegations in the complaint should be

construed favorably to the pleader."). A court must also consider "documents incorporated into

the complaint by references, and matters of which a court may take judicial notice." *Tellabs,

Inc.*, 551 U.S. at 322.

   **B. The Complaint Properly Alleges that the OGCTF Is an Advisory Committee**

   5 U.S.C. App. § 3(2) defines an advisory committee as "any committee, board,

commission, council, conference, panel, task force, or other similar group, or any subcommittee

or other subgroup there of . . . established or utilized by the President . . ." 5 U.S.C. App. §

3(2)(b). "In order to implicate FACA, the President, or his subordinates, must create an advisory

group that has, in large measure, an organized structure, a fixed membership, and a specific

purpose." *See Ass'n of American Physicians and Surgeons, Inc. v. Clinton*, 997 F. 2d 898,

913-14. (D.C. Cir. 1993).

Paragraph 8 of the Amended Complaint alleges that the purpose of the OGCTF is to "gather[]information and advising the president on matters related to possible gun control legislation and the use of executive orders to limit and infringe gun ownership rights under the Second Amendment of the U.S. Constitution." Accordingly, the Amended Complaint states the "specific purpose" of the OGCTF. As to the "organized structure" and "fixed membership," required by *Ass'n. of American Physicians and Surgeons, Inc. v. Clinton*, 997 F. 2d 898, 913-14. (D.C. Cir. 1993), paragraph 12 alleges that "lobbyists from the video game industry, Walmart, and other private lobbyists (John and Jane Does 1-99), fully participated in non-public meetings of the OGCTF as if they were members of the OGCTF, and, in fact, were members of the OGCTF."

It is both implicit and explicit in Plaintiff's Amended Complaint that the OGCTF was organized by President Obama to furnish advice and recommendations collectively, as a group and a collective task force. Am. Complaint ¶ 4. As a "task force", Plaintiff has not alleged that individual participants will provide their individual opinions to the President. Rather, Plaintiff alleges that members of the OGCTF render advice collectively and for the specific purpose of advising the President on his proposed gun right infringement. Am. Complaint ¶¶ 4, 8. Congress passed the FACA in 1972 to avoid the collectively rendered advice and to control the growth and operation of the "numerous committees, boards, commissions, councils, and similar groups which have been established to advise officers and agencies in the executive branch of the Federal Government." 5 U.S.C. App. 1, § 2(a).

Plaintiff's Amended Complaint pled specifically that "President Obama established and directed the OGCTF on December 19, 2012, with the goal of gathering information and advising the president." Am. Complaint ¶8. Thus, the OGCTF was directed *as a group*, according to the

Amended Complaint, to accomplish two things: 1) gather information and, 2) advise the president.  Defendants' counter by making the laughable statement  that "there is no allegation that these federal officials and private lobbyists acted *as a group* to develop collective advice for the President" is plainly untrue. Motion to Dismiss at 16. On the contrary, Plaintiff pled in its Amended Complaint that employees of Walmart, lobbyists from the video game industry and other private lobbyists were present at OGCTF meetings and fully participated. These non-federal employees formed a group. After all, a group is merely more than two individuals assembled together and the court must "construe them [facts] in the light most favorable to the plaintiffs." *Edwards,* 602 F.3d at 1291. Having no other legal argument, the defendants' attempt to simply dismiss this case based on a farfetched semantical argument.

As Congress put it, FACA's purpose was 1) to eliminate unnecessary advisory committees; 2) to limit the formation of new committees to the minimum number necessary; 3) to keep the function of the committees advisory in nature; 4) to hold the committees to uniform standards and procedures; and, 5) to keep Congress and the public informed of their activities. Plaintiff is certainly entitled to information regarding the OGCTF meetings and Defendants' arguments that Plaintiff's allegations are insufficient to establish that the OGCTF is an advisory committee subject to the FACA rules are without merit.

### C. Plaintiff Has Submitted A Proper Freedom of Information Act ("FOIA") Request

Defendants present a red herring argument by falsely suggesting that Plaintiff is requesting documents from President and Vice President pursuant to FOIA. On the contrary, Plaintiff only seeks access to the documents possessed by OGCTF - the advisory committee that is required to produce such documents by law.  5 U.S.C. app. 2 § 10(b) mandates, in its entirety:

7

> "Subject to section 552 of title 5 of the United States Code [FOIA], the records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee shall be available for public inspection and copying at a single location in the offices of the advisory."

5 U.S.C. app. 2 § 10(b).  "This provision "affirmatively obligates the Government to provide access to the identified materials." *Cummock v. Gore*, 180 F.3d 282, 284-285 (D.C. Cir. 1999) citing *Food Chem. News v. Dep't of Health & Human Servs.*, 980 F.2d 1468,1472.

By mentioning "section 552 of title 5 of the United States Code," the provision of FACA intentionally incorporated 5U.S.C. 552, which is the Freedom of Information Act, and made it applicable to the advisory committees such as the OGCTF.  Plaintiff, in its letter to Mr. Obama, specifically requested any and all "copies of all minutes and records, in paper, electronic, or any other format (including but not limited to emails), from the first and/or any subsequent meetings to date."  These requested items fall directly within the scope of 5 U.S.C. app. 2 § 10(b) and FOIA law.  Contrary to Defendants' incorrect or intentionally misleading contentions, these minutes were not from Mr. Obama and the Office of the President of the United States, but rather from the OGCTF, which undoubtedly falls under the scope of FACA. Thus, any argument made by Defendants to the contrary has no merit.

### III.   DEFENDANTS' "HAILMARY" ARGUMENT THAT FACA AS APPLIED TO THE OGCTF IS UNCONSTITUTIONAL HAS NO BASIS.

Defendant's argument that applying requirements of FACA to OGCTF is unconstitutional because "the Supreme Court has recognized that applying FACA to meetings between Presidential advisors and private citizens 'presents formidable constitutional difficulties' " is without merit. Simply because the Supreme Court has recognized there may be some constitutional considerations which may have to be taken into account, it certainly does not mean that at there are constitutional issues at hand for purposes of a motion to dismiss. The

courts numerous cases including *Ass'n of American Physicians and Surgeons, Inc. v. Clinton*, 997 F.2d 898 (D.C.Cir. 1993) ("AAPS"), required a balancing of interests to resolve whether FACA impermissibly burdens or undermines the powers of the Executive Branch in accomplishing its constitutionally assigned functions. There are standards and procedures that this court may apply to properly consider the constitutionality issues at the proper time, but not on a Motion to Dismiss.

In addition, "a court should avoid reaching constitutional issues that are not strictly necessary to decide a case." *Freedom Watch v. Obama*, 807 F. Supp. 2d at 36; citing *Burton v. United States*, 196 U.S. 283, 295 (1905); *see also Clinton v. Jones*, 520 U.S. 681, 690 (1997) (noting that "the importance of avoiding the premature adjudication of constitutional questions . . . is applicable to the entire Federal Judiciary"). In deciding the constitutionality of the FACA as applied to Obamacare Task Force, the Honorable Richard W. Roberts rejected Defendants' similar assertion that the President's Task Force was not subject to FACA, ruling, "Here, Freedom Watch's entitlement to any of the committees' communications turns on whether, beyond this pleading stage, Freedom Watch can present evidence sufficient to demonstrate that the committee qualifies under the FACA as an advisory committee. If the government presents evidence demonstrating that the committee at issue does not qualify under the FACA as an advisory committee, the case can be resolved on that statutory ground without reaching the constitutional question." *Id.* at 36 citing *Nat'l Energy Policy Dev. Grp.*, 219 F. Supp. 2d at 54-55.

Accordingly, Defendants' constitutional avoidance argument has no merit and must be rejected.

IV.    **VENUE IS PROPER WITHIN THIS DISTRICT**

      The FOIA's venue provision states that venue is proper in " . . . the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia . . ." 5 U.S.C. § 552(a)(4)(B).

      Not only does Plaintiff Freedom Watch satisfy the residence element of the FOIA's venue provision, but it simultaneously fulfills the principal place of business element as well. Freedom Watch, now located in Ocala, Florida, decided to stop filing in the District of Columbia and has not filed a single case within the District of Columbia for nearly a year because the federal courts there have become highly politicized and extremely slow in rendering decisions. It relocated its principal place of business to Ocala, Florida.[1] The Chairman and General Counsel of Freedom Watch, Mr. Larry Klayman, is, in fact, a resident of Florida. Indeed, Mr. Klayman, and thus Freedom Watch, resides in the district in which the original Complaint was filed. Mr. Klayman has a mailing address in Ocala, Florida, maintains a driver's license from the state of Florida, a Florida Concealed Weapon or Firearm License, and has been a member in good standing of the Florida Bar for nearly thirty-six years. Mr. Klayman also represented Florida in his candidacy for the U.S. Senate in 2004 in the Republican primary. Florida is Mr. Klayman's home state.

      Defendants incorrectly allege in their motion to dismiss that venue is improper because Plaintiff has not brought this case in the District of Columbia, Plaintiff does not reside in or have its principal place of business in the district in which the original or Amended Complaint was filed. Defendants' contentions are thus inaccurate and must be rejected.

---

[1] Defendant alleges in its motion to dismiss that Freedom Watch's principal place of business is at 2020 Pennsylvania Ave., NW, Suite 345, Washington, D.C. While Freedom Watch's D.C. headquarters is located at Pennsylvania Ave., its national headquarters, as is demonstrated by its website (freedomwatchusa.org/contact) is located at 2775 NW 49th Ave, Suite 205-345, Ocala, Florida.

V.      **CONCLUSION**

Defendants are simply attempting to delay and avoid discovery -- in furtherance of their apparent desire to hide the composition and work of the OGCTF from the public. This cannot be permitted. Plaintiff respectfully requests that Defendants' motion to dismiss be denied, and that Plaintiff be allowed to proceed with this litigation.

Respectfully requested,

/s/ *Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
2775 NW 49th Ave, Suite 205-345
Ocala, FL 34483
 (310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff

11

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2013 a true and correct copy of the foregoing Opposition to Motion to Dismiss (Civil Action No. 5:13-CV-0026-OS-AAC-PRL) filed electronically using CM/ECF to the U.S. District Court for the Middle District of Florida and served upon the following:

Via CM/ECF:

Daniel Bensing, Esq.
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW Room 6114
(202) 305-0693
Daniel.Bensing@USDOJ.gov

Respectfully Submitted,


/s/ *Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
2775 NW 49th Ave, Suite 205-345
Ocala, FL 34483
(310) 595-0800
leklayman@gmail.com
Attorney for Plaintiff

12