# EXHIBIT "13"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY E. KLAYMAN,

      Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*,

      Defendants.

_____/

### DECLARATION UNDER PENALTY OF PERJURY OF CONSTANCE S. RUFFLEY

STATE OF CALIFORNIA      )
                                   )
COUNTY OF LOS ANGELES   )

      CONSTANCE S. RUFFLEY, pursuant to 28 U.S.C. §1746, makes the following declaration under the penalty of perjury:

      1.      I am over the age of eighteen (18) and I am capable of making this affidavit.

      2.      I have personal knowledge of the following facts and, if called upon as a witness, could testify competently thereto.

      3.      I am a resident of the State of California.

      4.      I am employed as the Office Administrator for Judicial Watch, Inc.'s Western Regional Headquarters in San Marino California.

      5.      It is my understanding that Larry Klayman has sued me, Judicial Watch, Inc., and other Judicial Watch, Inc. employees alleging that we, on or about February 22, 2012, "negligently, maliciously and/or willfully published and furthered the publication of a false statement that Plaintiff

Klayman had been 'convicted' of a crime for not paying a large amount of child support with regard to his children, on the internet and elsewhere within this judicial district, Florida, and elsewhere throughout the United States and the world."

6.      I deny Klayman's claims and I deny that I am liable on Klayman's claims for defamation, defamation by implication, tortious interference with a contract, and intentional infliction of emotional distress.

7.      On or about February 22, 2012, I attended the monthly meeting of the California Coalition for Immigration Reform in Garden Grove, California. Orly Taitz was one of the speakers at the meeting. I am familiar with Orly Taitz. Ms. Taitz is a California resident who was, at the time, running on the primary ballot for one of the California seats on the United States Senate. After the meeting, I was seated at an information table for Judicial Watch, displaying various forms of Judicial Watch literature. Orly Taitz approached me and we discussed a number of issues. We eventually discussed Larry Klayman. The only information that I conveyed to Ms. Taitz about Larry Klayman was information that I had learned from public records, including information related to court proceedings for failure to pay child support. I do not recall stating that Mr. Klayman had been convicted for the crime of failure to pay child support. This was the only discussion that I had with Ms. Taitz regarding Larry Klayman.

8.      My expectation was that Orly Taitz would not restate my comments to any other person or entity. I never gave Orly Taitz permission to restate my comments to any other person or entity. I did not expect or anticipate that Orly Taitz would restate my comments on her website or in any other format. I expected that Orly Taitz would keep my comments to herself and only use the comments to conduct her own research into the publicly-available information related to Larry

2

Klayman.

9.      The information that I conveyed to Orly Taitz was gathered through my own independent research.  No one from Judicial Watch advised me of this information or instructed me to convey the information to Orly Taitz.

10.      I did not make any statements about Larry Klayman in the State of Florida.  I did not intend for any of my statements about Mr. Klayman to be published or restated in the State of Florida.  I did not intend to cause any injury, harm, or damage to Larry Klayman.

11.      I do not: (1) own or lease any real property in Florida; (2) have a telephone listing or mailing address in Florida; (3) have any Florida bank accounts; (4) have any Florida property tax liability; (5) have any Florida registered vehicles or a Florida driver's license; (6) hold any Florida professional licenses; (7) vote in Florida; (8) operate, conduct, engage in, or carry on any personal business in Florida; (9) travel to Florida except as referenced below; (10) contract to insure any person or thing in Florida; (11) commit tortious acts in Florida; (12) cause injury to people or property in Florida; or (13) enter into or breach contracts that are to be performed in Florida.

12.      I have travelled to Florida only twice in my life, both times on Judicial Watch business.  The last time I travelled to Florida on Judicial Watch business was in 2001.

FURTHER DECLARANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2013, in San Marino, California.

CONSTANCE S. RUFFLEY

3