IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,

        Plaintiff,

v.

JUDICIAL WATCH, et. al.

        Defendants.

Case No: 1:13-cv-20610-CMA

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT FITTON SHOULD NOT BE HELD IN CONTEMPT

### INTRODUCTION

    Plaintiff Larry Klayman ("Plaintiff") respectfully request that this Court order Defendant Thomas J. Fitton ("Fitton") to show cause why he should not be held in contempt for submitting a false and misleading affidavit, signed under penalty of perjury, calculated to deceive this Court regarding this Court's jurisdiction over Defendants. Specifically, Defendant Fitton's sworn affidavit, submitted in support of Defendants' July 9, 2013 Motion to Dismiss, is replete with deceptive representations and glaring omissions as to Defendant Fitton's contacts with Florida and this district and was clearly generated to deceive this Court by conveying a false impression regarding this Court's jurisdiction over Defendants. By submitting this perjured affidavit, replete with calculated misrepresentation and willful omissions, Defendant Fitton has not only delayed and complicated the issues in this case but has also obstructed the administration of justice, blatantly disregarded the integrity of this Court, and undermined judicial standards in an effort to delude this Court and to circumvent this Court's jurisdiction.

1

As such, Plaintiff requests that this Court order (1) Defendant Fitton to show cause why he should not be held in contempt for committing perjury before this Court; (2) to strike all pleadings filed by Defendants; and (3) to enter judgment against Defendants Fitton and Judicial Watch for knowingly filing a deceitful and dishonest affidavit concerning jurisdictional facts in an attempt to commit fraud on this Court.

On August 26, 2013 Plaintiff contacted counsel for Defendants to seek consent for this motion. Defendants' counsel indicated that the Defendants do not consent to this motion.

## STATEMENT OF FACTS

On July 9, 2013, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint to dismiss this action for jurisdictional reasons, including lack of personal jurisdiction and improper venue. In support of Defendants' Motion to Dismiss, Defendant Fitton submitted a sworn declaration, signed under penalty of perjury, which was clearly generated to deceive this Court regarding the extent of Defendant Fitton's travels to and contacts with Florida and this district, falsely inferring that he maintains only minimal contacts with this jurisdiction. Aff. of Fitton at ¶ ¶ 8, 10. Specifically, in addressing his ties to this jurisdiction, Defendant Fitton's sworn declaration intentionally and deliberately contains elusive statements and significant glaring omissions, in an effort to disguise, however poorly, indisputable and crucial details establishing this Court's jurisdiction over Defendants.

Rather than being forthcoming with relevant and crucial details, Defendant Fitton merely provides the Court with a misleading and cursory glance of his ties with this jurisdiction. Specifically, the only statements contained in Defendant Fitton's sworn

declaration regarding his ties to this jurisdiction are the following, which, as explained below, are clearly deficient and misleading:

- The sworn declaration states that Defendant Fitton has not been to Florida or this district except "occasionally" to conduct business on behalf of Judicial Watch. Aff. of Fitton at ¶8. However, nowhere in his three-page declaration does Defendant Fitton indicate the number of times he has been in Florida and/or in this district for the purpose of conducting business. Rather, he conveniently omits discussion of this issue in its entirety. (Attached is a true and correct copy of the Defendant Fitton's Affidavit; Exhibit "A")

- The sworn declaration goes on to claim "In the past twenty (20) years I recall making only one trip to Florida for a personal vacation." Aff. of Fitton at ¶10. As evidenced below by the number of key facts omitting by Defendant Fitton, this assertion is nothing more than an ambiguous statement intended to mislead this Court, as it has become apparent that Defendant Fitton frequents Florida and this District for various reasons, both for business purposes and personal reasons.

- Lastly, Defendant Fitton states, "Judicial Watch, Inc. has two employees and a small office in the State of Florida. I supervise these employees in my capacity as President of Judicial Watch, Inc." Aff. of Fitton at ¶ 9. Conveniently omitted from this paragraph of Defendant Fitton's sworn declaration is the fact that the Judicial Watch office is located in **_Miami_**, Florida, which is in this district. See Depo. Tr. of Fitton at 102, line 5. Moreover, his responsibility to supervise Judicial Watch's Miami office and its employees, and his lack of discussion regarding the extent of such duties, further discredits his contention of having minimal contacts with this district and state.

Unpardonably, Defendants seek to undermine the Court's jurisdiction through clever devises and diversions, forgetting that our adversary system depends on a most jealous safeguarding of truth and candor and the system can provide no harbor for clever devises to divert or cover up that which is necessary for justice in the end.

Moreover, it has recently become apparent that Defendant Fitton's affidavit was a lie and had flagrant omissions, which conveyed the false impression that Defendant Fitton maintained minimal contacts with this jurisdiction and thus, this Court lacks personal jurisdiction. However, this is clearly contrary to the insurmountable amount of

3

evidence indicated otherwise, including the intentional exclusions of significant details from Defendant Fitton's sworn affidavit, including the following:

- Plaintiff has personally gone to Florida with Defendant Fitton to visit the Miami office of Judicial Watch as well as to participate in the 2000 *Bush v. Gore* presidential election challenge and the Judicial Watch's annual conference, which was held in Miami on or about October 2001. Aff. of Larry Klayman. (Attached is a true and correct copy of the Larry Klayman's Affidavit; Exhibit "B")

- On July 28, 2012, Defendant Fitton spoke at an "Americans for Prosperity" event in Boca Raton, Florida, a video of which is available on http://www.youtube.com/watch?v=2zTI3jfGX10. (Attached is a true and correct copy of the screen shot of the YouTube webpage evidencing Defendant Fitton's speech in Boca Raton, Florida; Exhibit "C")

- In addition, Defendant Fitton has become actively involved in the "Zimmerman Case," which took place in Florida, and has provided numerous interviews and comments regarding the Florida case as is evidenced in various posts found on Defendant Judicial Watch's website, www.judicialwatch.org. (Attached is a true and correct copy of articles found on Judicial Watch's Website evidencing Defendant Fitton's and Judicial Watch's activities involving the Zimmerman case; Exhibit "D")

- Defendant Fitton was also a speaker for the Villages Tea Party event, "Corruption Chronicles: Obama's Big Secrecy, Big Corruption, and Big Government," in October 2012 at Lake Minoa Regional Center, located in the Villages, Florida. (Attached is a true and correct copy of a screenshot evidencing Defendant Fitton's speech at the Villages Tea Party Event and a screen shot evidencing the location of the event; Exhibit "E").

- Further evidencing Defendant Fitton's significant ties with this jurisdiction, on November 3, 2009, Defendant Fitton spoke at the University of Central Florida. (Attached is true and correct copy of the announcement regarding Defendant Fitton's speaking arrangement at the University of Central, Florida; Exhibit "F")

- Again, on January 27, 2013, Defendant Fitton presented a seminar on behalf of the "Citizens For National Security," which took place in Boca Raton, Florida. Specifically, Defendant Fitton spoke at the Marriott at Boca Center, located at 5150 Town Center Circle, Boca Raton, Florida, addressing issues related to Anti terrorism and national security investigations and litigation. (Attached is true and correct copy of the announcement regarding Defendant Fitton's January 27, 2013 seminar in Boca Raton, Florida; Exhibit "G")

- During his Deposition, Defendant Fitton recognized that, as part of Judicial Watch's mission, Mr. Fitton and Irene Garza (an employee of Judicial Watch) would participate in public speaking engagements, which often took place in Florida. See Depo. Tr. of Fitton at 103, lines 5-21. Yet, this fact is conveniently omitted from his sworn declaration submitted to this Court.

- Moreover, Mr. Fitton further conceded during his deposition that, at one point, an annual debate was held in Miami, Florida, in which all the donors and supporters of judicial Watch were invited presumably for fundraising and gaining support. See Depo. Tr. of Fitton at 172, lines 7-21. Again, this contact with this district and this state was deliberately omitted from his sworn declaration submitted to this Court.

- Moreover, Defendant Fitton blatantly and intentionally omits any discussion of his responsibilities and duties as the President of Judicial Watch, which inherently includes his responsibilities and duties in regard to Judicial Watch's Miami office and business in this district and state. Specifically, Defendant Fitton makes no mention of the fact that Judicial Watch is registered as a "Foreign Non Profit Corporation" with the Florida Secretary of State and is authorized to, and in fact does, engage in business in Florida. (Exhibit H). In fact, Judicial Watch has been registered to conduct business in Florida since 2000 and has been filing annual reports with the Secretary of State since 2001, approximately twelve (12) years. Furthermore, on April 25, 2013, Defendant filed their 2013 annual report for Judicial Watch with the Secretary of State. (Exhibit B). Accordingly, Defendant Fitton was listed as the President (i.e. Officer/Director) of Judicial Watch, which is clearly a corporation within Florida where it engages in legal and political activism, conducts substantial business, and has a physical presence in this district. Clearly, these facts establish that Defendant Fitton logically has substantial contacts with this district and with Florida, despite his contention to the contrary alleging minimal ties, particularly given his inherent responsibilities and duties as President of Judicial Watch and his integral role in supervising the Miami, Florida Judicial Watch office.

It is indisputable that evidence of Defendant Fitton's further ties to Florida can and will be discovered in this case. However, at this preliminary stage, it is already clear that Defendants are not being candid and, in fact, are committing perjury in an attempt to avoid this Court's jurisdiction and any liability for their defamatory statements.

5

**ARGUMENT**

A.  **Civil Contempt Is Proper Given Defendant Fitton's Commission of Perjury.**

"The power to hold persons in contempt is inherent in courts as a necessary element of judicial authority to maintain the dignity of the judiciary and obedience of law." *Sandstrom v. State*, 336 So.2d 572, 574 fn 6 (Fla. 1976), citing to *State ex rel. Giblin v. Sullivan*, 157 Fla. 496, 26 So.2d 509 (1946). The power of the court to punish for contempt is an inherent one. *Walker v. Bentley*, 678 So.2d 1265 (Fla.1996). In fact, one of the most important and essential powers of a court is the authority to protect itself against those who disregard its dignity and authority, and this authority is appropriately administered through a court's power to punish by contempt. *In re Inquiry Concerning Perry*, 641 So.2d 366 (Fla. 1994). "[U]nder our constitutional form of government, the judiciary has the inherent power by due course of law to appropriately punish by fine or imprisonment or otherwise, any contempt that in law constitutes an offense against the authority and dignity of a court or judicial officer in the performance of judicial functions." *Walker v. Bentley*, 660 So.2d 313, 317 (Fla. 2nd DCA 1995), citing to *Ex Parte Earman*, 85 Fla. 297, 313, 95 So. 755, 760 (1923).

A trial court has broad, discretionary power to impose a judgment of contempt. *Al-Hakim v. State*, 53 So. 3d 1171 (Fla. Dist. Ct. App. 2d Dist. 2011). "The standard to be applied in determining whether the conduct is contemptuous is an objective one based upon a determination of the conduct's tendency to hinder the administration of justice…" *Forbes v. State*, 933 So.2d 706, 710 (Fla. 4th DCA 2006), citing *Ex Parte Crews*, 127 Fla. 381, 173 So 275, 279 (Fla. 1937).

Undoubtedly, Defendants refuse to be candid and honest with this Court, particularly given the above information evidencing Defendant Fitton's willful omissions of crucial facts and refusal to be forthcoming to this Court regarding his contacts with Florida and this district, thus, constituting the commission of perjury. Further supporting a finding of civil contempt is the fact that Defendant Fitton has blatantly disregarded the integrity of this court and has, instead, attempted to circumvent jurisdictional laws by attempting to convey misleading information to invoke a false impression regarding this Court's jurisdiction, which has consequently delayed and complicated the issues in this case.

Clearly, this intentional conduct by Defendant Fitton not only indicates his desperate attempt to avoid this Court's jurisdiction but also his intent to deprive Plaintiff of his day in court. Moreover, Defendant Fitton's conduct obstructs the administration of justice and ignores proper judicial process. Given the circumstances, there is clear and convincing evidence in this case establish that Defendant Fitton has attempted to deceive and mislead this Court regarding jurisdictional issues. Therefore, in accordance with Florida law, at least a civil contempt order is proper, given Defendant Fitton's perjured affidavit and defiance towards judicial process.

**B.   <u>Criminal Contempt Is Proper Given Defendant Fitton's Commission of Perjury.</u>**

Criminal contempt is an act which is calculated to embarrass, hinder or obstruct the court in the administration of justice, or which is calculated to lessen its authority of its dignity." *Forbes v. State*, 933 So.2d 706, 710 (Fla. 4th DCA 2006), citing *Ex Parte Crews*, 127 Fla. 381, 173 So 275, 279 (Fla. 1937). "Criminal contempt requires some willful act or omission calculated to embarrass or hinder the court or obstruct the

7

administration of justice." *Forbes*, 933 So. 2d at 711, citing to Murrell v. State, 595 So. 2d 1049, 1050 (Fla. 5th DCA 1992). Moreover, "[C]ourts have long recognized the power to punish persons for criminal contempt when perjury is established." *Forbes*, 933 So. 2d at 711. In fact, the purpose of such contempt proceeding is "to vindicate the authority of the court by punishing conduct (i.e. perjury) tending to obstruct or interfere with the administration of justice, and not to coerce certain action or non-action by defendant." *Millan v. Williams*, 655 So.2d 207, 208 (Fla. 3rd DCA 1995). As essential element of criminal contempt is whether defendant had willfully and intentionally lied in the affidavit.

Defendant Fitton has failed to comply with judicial process by lying under oath, refusing to bring crucial facts before the Court's attention, and unjustifiably attempting to avoid producing pertinent facts candidly and honestly. Defendant Fitton instead infers, through his affidavit, that he has minimal contacts with this district and this state by providing this Court with facts that conveniently support his position while omitting significant details that clearly evidence the contrary, that Defendant Fitton had, and continues to have, substantial ties with this district and this state.

More egregiously, and more indicative of his complete disregard for the integrity of our judicial system, Defendant Fitton willfully, knowingly and intentionally provided this Court with his affidavit, which was replete with sworn perjurious representations and willful omissions. As demonstrated above, these calculated omissions and falsehoods knowingly provided in Defendant Fitton's sworn declaration was indisputably intended to obstruct the administration of justice by circumventing the Court's jurisdiction and depriving Plaintiff of his right to redress his harm.

Thus, to vindicate this Court's authority and to punish Defendant Fitton for submitting a perjured affidavit, despite knowing the falsity of the sworn declaration, Defendant Fitton should be held in criminal contempt of the Court.

### C. Defendant Fitton's Conduct Is Tantamount To a Fraud Being Committed On This Court And Thus, Dismissal Or Striking Of Defendants' Pleadings Is Proper

When a fraud permeates the proceeding and undermines the integrity of the litigation, dismissal or striking of one's pleadings is proper. *McKnight v. Evancheck*, 907 So.2d 699, 700 (Fla. 4th DCA 2005). Further, it is "well-settled law that a party who has been guilty of fraud or misconduct in…a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve [their] ends." *Metropolitan Dade County v. Martinsen*, 746 So.2d 794, 795 (Fla. 3d DCA 1996); See also Andrews v. Palmas De Majorca Condominium, 898 So. 2d 1066 (Fla. 5th DCA 2005) (fraud committed against the trial court warrants dismissal given that fraud infects the entire proceeding). Moreover, when the fraud permeates the proceeding, goes to the heart of damages or undermines the integrity of the litigation, dismissal, or striking of one's pleading is proper. *McKnight v. Evancheck*, 907 So.2d 699, 700 (Fla. 4th DCA 2005).

In the instant case, Defendant Fitton materially misled this Court through an affidavit that he did not have substantial contacts with this district or with Florida, fully aware that this information was false and that his deliberate glaring omissions would perpetuate this false impression. This allegation goes to the heart of the jurisdictional claims. Defendant Fitton's knowing concealment of this essential information is sufficiently significant to have materially interfered with this Court's ability to adjudicate the jurisdictional issue as well as to allow Plaintiff the opportunity to appropriately adjudicate its claims against

9

Defendants. Thus, it is clear that Defendant Fitton has attempted to deceive and mislead this Court and, in accordance with Florida law, Defendants' pleadings should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court Order Defendant Fitton to show cause why he should not be held in contempt for committing perjury before this Court, to strike all pleadings filed by Defendants, and to enter judgment against Defendants Fitton and Judicial Watch for knowingly filing a deceitful and dishonest affidavit concerning jurisdictional facts in an attempt to commit fraud on this Court.

Dated: August 26, 2013

                        Respectfully Submitted,

                        */s/ Larry Klayman*
                        LARRY KLAYMAN
                        2520 Coral Way, Suite 2027
                        Miami, FL 33145
                        (310) 595-0800
                        leklayman@gmail.com

                        Plaintiff Pro Se

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on August 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                     */s/ Larry Klayman*
                      LARRY KLAYMAN

                      Plaintiff Pro Se

## SERVICE LIST

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF