UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20610-CIV-ALTONAGA

**LARRY KLAYMAN**,

    Plaintiff,
v.

**JUDICIAL WATCH**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion for Order to Show Cause Why Defendant Fitton Should Not Be Held in Contempt ("Motion") [ECF No. 34], filed August 26, 2013.

In the Motion, Plaintiff asserts the affidavit Defendant Thomas J. Fitton ("Fitton") filed in support of Defendants' Motion to Dismiss . . . [ECF No. 16] contains "calculated misrepresentations and willful omissions" regarding Fitton's lack of contacts with this District. (Mot. 1). For Fitton's misdeeds, Plaintiff seeks an order directing Fitton to show cause why he should not be held in contempt, an order striking pleadings filed by all Defendants (even though Defendants have not yet filed any pleadings), and an order entering judgment against Fitton and Defendant Judicial Watch. (*See id.* 2). All of this extraordinary relief Plaintiff seeks in the Motion even though in his Opposition to Defendants' Motion to Dismiss . . . ("Opposition") [ECF No. 29], not once does Plaintiff make the accusations leveled against Fitton, nor does Plaintiff supply the publicly available materials he now presents in the Motion. The time for addressing any inaccuracies in Fitton's affidavit was in Plaintiff's Opposition, as Plaintiff clearly

had the burden at that time to support his challenged jurisdictional allegations. *See Musiker v. Projectavision, Inc.,* 960 F. Supp. 292, 294 (S.D. Fla. 1997) (The plaintiff bears the burden of proving jurisdiction by affidavits, testimony or documents "when the non-resident defendant raises a meritorious defense to personal jurisdiction through affidavits, documents or testimony."); *Kim v. Keenan,* 71 F. Supp. 2d 1228, 1231 (M.D. Fla. 1999) ("If defendants sufficiently challenge plaintiff's assertions, then plaintiff must affirmatively support his or her jurisdictional allegations, and may not merely rely upon the factual allegations set forth in the complaint."). Plaintiff fails to explain why he did not raise the present accusations and supply the information attached to the Motion at the appropriate time — in his Opposition.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 34]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of August, 2013.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record