UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant JUDICIAL WATCH, INC. (hereinafter "Defendant" or "Judicial Watch"), through undersigned counsel, submits the following Answer and Affirmative Defenses to Plaintiff's Amended Complaint. The Headings from the Amended Complaint are included for reference purposes only.

## PARTIES, JURISDICTION, AND VENUE

1. In response to Paragraph 1 of the Amended Complaint, Defendant admits that this is a civil action between citizens of different states but denies that the amount in controversy exceeds $75,000, as Plaintiff has not sustained any damages. All remaining allegations in Paragraph 1 are denied.

2. In response to Paragraph 2 of the Amended Complaint, Defendant denies that Plaintiff resides in this judicial district and Defendant denies that Plaintiff resided in this judicial district at all material times. Defendant admits that Plaintiff is a former officer of Judicial Watch and that Plaintiff has engaged in certain activities in this judicial district. Defendant is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 and, accordingly, Defendant denies those allegations.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Amended Complaint and, accordingly, Defendant denies those allegations.

4. In response to Paragraph 4 of the Amended Complaint, Defendant admits that Plaintiff is a "public figure" for the purposes of this defamation claim and other claims. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 and, accordingly, Defendant denies those allegations.

5. In response to Paragraph 5 of the Amended Complaint, Defendant states that it is a Washington, DC 501(c)(3) corporation that does business in and is headquartered in Washington, DC. Defendant further admits that it maintains an office in this judicial district and conducts some business in this judicial district and elsewhere in Florida. The remaining allegations in Paragraph 5 are denied.

6. In response to Paragraph 6, Defendant admits that Thomas Fitton is the President of Judicial Watch, Inc. and that he is a member of the board of directors. The remaining allegations in Paragraph 6 are denied.

7. Paragraph 7 of the Amended Compliant is admitted.

8. Paragraph 8 of the Amended Complaint is admitted.

9. Paragraph 9 of the Amended Complaint is admitted.

10. Paragraph 10 of the Amended Complaint is denied.

## THE FACTS

11. In response to Paragraph 11 of the Amended Complaint, Defendant incorporates paragraphs 1 through 10 of this Answer as if fully restated herein.

12. Paragraph 12 of the Amended Complaint is denied.

13. Paragraph 13 of the Amended Complaint is denied.

14. Paragraph 14 of the Amended Complaint is denied.

15. Paragraph 15 of the Amended Complaint is denied.

16. Paragraph 16 of the Amended Complaint is denied.

## COUNT I - DEFAMATION

17. In response to Paragraph 17 of the Amended Complaint, Defendant incorporates paragraphs 1 through 16 of this Answer as if fully restated herein.

18. Paragraph 18 of the Amended Complaint is denied.

19. Paragraph 19 of the Amended Complaint is denied.

20. Paragraph 20 of the Amended Complaint is denied.

## COUNT II – DEFAMATION BY IMPLICATION

21. In response to Paragraph 21 of the Amended Complaint, Defendant incorporates paragraphs 1 through 20 of this Answer as if fully restated herein.

22. Paragraph 22 of the Amended Complaint is denied.

23. Paragraph 23 of the Amended Complaint is denied.

24. Paragraph 24 of the Amended Complaint is denied.

## COUNT III – TORTIOUS INTERFERENCE WITH A CONTRACT

25. In response to Paragraph 25 of the Amended Complaint, Defendant incorporates paragraphs 1 through 24 of this Answer as if fully restated herein.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Amended Complaint and, accordingly, Defendant denies those allegations.

27. Defendant admits that it is an active foreign corporation registered within the State of Florida. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of the Amended Complaint and, accordingly, Defendant denies those allegations.

28. Paragraph 28 of the Amended Complaint is denied.

29. Paragraph 29 of the Amended Complaint is denied.

30. Paragraph 30 of the Amended Complaint is denied.

31. Paragraph 31 of the Amended Complaint is denied.

**COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

32. In response to Paragraph 32 of the Amended Complaint, Defendant incorporates paragraphs 1 through 31 of this Answer as if fully restated herein.

33. Paragraph 33 of the Amended Complaint is denied.

34. Paragraph 34 of the Amended Complaint is denied.

35. Paragraph 35 of the Amended Complaint is denied.

36. Paragraph 36 of the Amended Complaint is denied.

37. Paragraph 37 of the Amended Complaint is denied.

38. Paragraph 38 of the Amended Complaint is denied.

39. Defendant denies all allegations in the Amended Complaint not specifically admitted as true and denies all demands or claims for relief.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

All statements made by Defendant's agents or employees related to Plaintiff were true and, therefore, Plaintiff's claims are barred.  Plaintiff was, in fact, indicted on or about January 24, 2012 in the Cuyahoga County, Ohio Court of Common Pleas for failure to pay child support between September 25, 2009 and September 24, 2011.  On or about September 24, 2009, Judge Diane M. Palos from the Court of Common Pleas, Division of Domestic Relations, Cuyahoga County, Ohio issued a Judgment Entry finding Larry Klayman in contempt of court for failure to pay child support.  On or about June 24, 2011, Judge Palos issued another Judgment Entry finding Larry Klayman "in contempt of Court for failing to comply with this Court's support order journalized September 24, 2009, as well as the divorce decree registered in this Court by order journalized August 28, 2007."  According to an Ohio appellate court, Plaintiff had been held in contempt of court in Virginia in 2007 for failure to pay child support.  *Klayman v. Luck*, 2012 WL 3040043 (Ohio App. 8 Dist.).  Plaintiff references the publication of a statement on "The World's Leading Obama Eligibility Website" of Orly Taitz.  That website correctly publicized that Plaintiff was indicted for failure to pay child support.

**THIRD AFFIRMATIVE DEFENSE**

All statements made by Defendant's agents or employees related to Plaintiff were substantially true and, therefore, Plaintiff's claims are barred.  Plaintiff was, in fact, indicted on or about January 24, 2012 in the Cuyahoga County, Ohio Court of Common Pleas for failure to pay child support between September 25, 2009 and September 24, 2011.  On or about September 24, 2009, Judge Diane M. Palos from the Court of Common Pleas, Division of Domestic

Relations, Cuyahoga County, Ohio issued a Judgment Entry finding Larry Klayman in contempt of court for failure to pay child support. On or about June 24, 2011, Judge Palos issued another Judgment Entry finding Larry Klayman "in contempt of Court for failing to comply with this Court's support order journalized September 24, 2009, as well as the divorce decree registered in this Court by order journalized August 28, 2007." According to an Ohio appellate court, Plaintiff had been held in contempt of court in Virginia in 2007 for failure to pay child support. *Klayman v. Luck*, 2012 WL 3040043 (Ohio App. 8 Dist.). Plaintiff references the publication of a statement on "The World's Leading Obama Eligibility Website" of Orly Taitz. That website correctly publicized that Plaintiff was indicted for failure to pay child support.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the fair comment doctrine. All statements made by Defendant's agents or employees related to Plaintiff were substantially true or substantially true. Plaintiff was, in fact, indicted on or about January 24, 2012 in the Cuyahoga County, Ohio Court of Common Pleas for failure to pay child support between September 25, 2009 and September 24, 2011. On or about September 24, 2009, Judge Diane M. Palos from the Court of Common Pleas, Division of Domestic Relations, Cuyahoga County, Ohio issued a Judgment Entry finding Larry Klayman in contempt of court for failure to pay child support. On or about June 24, 2011, Judge Palos issued another Judgment Entry finding Larry Klayman "in contempt of Court for failing to comply with this Court's support order journalized September 24, 2009, as well as the divorce decree registered in this Court by order journalized August 28, 2007." According to an Ohio appellate court, Plaintiff had been held in contempt of court in Virginia in 2007 for failure to pay child support. *Klayman v. Luck*, 2012 WL 3040043 (Ohio App. 8 Dist.). Plaintiff references the publication of a statement on "The World's Leading Obama Eligibility Website"

of Orly Taitz. That website correctly publicized that Plaintiff was indicted for failure to pay child support.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the right to freedom of speech guaranteed by the United States Constitution, the Florida Constitution and/or the California Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and indispensable parties, including but not limited to Orly Taitz.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is a public figure. To establish his claims, Plaintiff must prove actual malice. Plaintiff cannot prove actual malice and, therefore, he cannot establish his claims.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by absolute or qualified privilege.

### NINTH AFFIRMATIVE DEFENSE

All statements made by employees or agents of Defendant related to Plaintiff were made in good faith.

### TENTH AFFIRMATIVE DEFENSE

The allegedly defamatory statement was "corrected" by Orly Taitz on her website on February 26, 2012, only three days after the allegedly defamatory statement was initially published by Ms. Taitz. If Plaintiff can establish any causes of action, the damages for any causes of action should be limited to any damages incurred between February 23, 2012 and February 26, 2013.

### ELEVENTH AFFIRMATIVE DEFENSE

Venue is improper in this judicial district.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the Statute of Limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant did not publish any comments regarding Plaintiff's failure to pay child support on any internet site.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.  His failure to mitigate includes, but is not limited to, the failure to obtain a timely and complete redaction of the allegedly defamatory comment from Orly Taitz's website.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was comparatively negligent.  His negligence includes, but is not limited to, the failure to obtain a timely and complete redaction of the allegedly defamatory comment from Orly Taitz's website.

### SIXTEENTH AFFIRMATIVE DEFENSE

A single publication gives rise to a single cause of action and, accordingly, Counts II, III, and IV are barred.  *See Ortega Trujillo v. Banco Central Ecuador*, 17 F.Supp.2d 1340 (S.D.Fla. 1998).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has alleged and may allege in the future that other individuals caused damages similar to the damages alleged herein.  For instance, Plaintiff has sued an Ohio magistrate and a newspaper for, among other things, loss of reputation, lost career and business opportunities, and

mental and emotional anguish, based on Ohio domestic relations proceedings. *See Larry Klayman v. Lawrence R. Loeb,* Case No. 5:13-CV-267-OC-10-PRL, U.S. District Court for the Middle District of Florida and *Larry Klayman v. City Pages, et al*, Case No. 5:13-CV-00142-ACC-PRL. Defendant denies any liability to Plaintiff, but states that if bears any liability, said liability should be limited to damages proximately caused by the Defendant and should not include any damages caused by other individuals or entities.

Wherefore, Judicial Watch, Inc. demands that Plaintiff's claims be dismissed with prejudice and that it be awarded such other relief as this Court deems just and equitable.

Dated: September 19, 2013

SCHWED KAHLE & KRESS, P.A.
11410 North Jog Road, Suite 100
Palm Beach Gardens, FL 33418
Telephone: (561) 694-0070
Facsimile: (561) 694-0057

/s/ Douglas J. Kress
Douglas J. Kress, Esq.
Florida Bar No.: 0061146
Email: dkress@schwedpa.com

*Attorneys for Defendant Judicial Watch, Inc.*

**Certificate of Service**

I hereby certify that on **September 19, 2013**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Douglas J. Kress
Douglas J. Kress, Esq.
Florida Bar No.: 0061146

## SERVICE LIST

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com

VIA CM/ECF