# EXHIBIT "4"

**COURT OF COMMON PLEAS**
**DIVISION OF DOMESTIC RELATIONS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| **LARRY ELLIOT KLAYMAN** | : | Case No: DR07 316840 |
| Petitioner | : | Judge: DIANE M. PALOS |
| - vs. - | : | |
| **STEPHANIE ANN DELUCA** | : | JUDGMENT ENTRY |
| Respondent | : | |

This matter came on for hearing on July 20, 2009, before Magistrate Timothy R. Brown upon Respondent'sMotion For Contempt Support (Post-decree) #259350, Respondent'sMotion For Contempt Support (Post-decree) #273344, Respondent'sMotion For Attorney Fees #273345, Respondent'sMotion For Attorney Fees #277027 and Respondent'sMotion For Contempt Support (Post-decree) #277835. Appearances were made by Roger L. Kleinman (Attorney For Plaintiff), Stephanie Ann Deluca, Respondent, Suzanne M. Jambe (Attorney For Defendant) and James H. Rollinson (Attorney For Defendant). The Court Reporter was Karen S. Lamendola.

The Court adopts the Magistrate's Decision filed **July 28, 2009**, in its entirety.

**IT IS HEREBY ORDERED:**

**PETITIONER'S OBJECTIONS FILED AUGUST 11, 2009 TO THE MAGISTRATE'S DECISION FILED JULY 28, 2009 ARE HEREBY OVERRULED AND THE DECISION OF THE MAGISTRATE APPROVED.**

**RESPONDENT'S OBJECTIONS FILED AUGUST 21, 2009 TO THE MAGISTRATE'S DECISION FILED JULY 28, 2009 ARE HEREBY OVERRULED AND THE DECISION OF THE MAGISTRATE APPROVED.**

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the **Obligor, LARRY ELLIOT KLAYMAN,** is in contempt of Court. The Court finds that the **Obligor, LARRY ELLIOT KLAYMAN,** is in arrears in the amount of $31,393.00 (including attorney fees) computed as of July 20th, 2009 which is owed **Obligee, Stephanie Ann Deluca,** her assignee(s), and/or the Cuyahoga Support Enforcement Agency (CSEA) and is **reduced to judgment upon which execution may issue.** This sum includes all previously accrued support arrears and processing charges, and supercedes all prior determinations. The **Obligor, LARRY ELLIOT KLAYMAN,** has been credited with all support payments, including direct/waived payments. The arrearage reflects adjustments to processing charge arrears due to direct/waived payments since those payments were not processed by the CSEA.

The Obligor, **LARRY ELLIOT KLAYMAN**, is hereby sentenced for said contempt to **THIRTY** (30) days in jail, or in the alternative, to perform not less than 200 hours of community service in lieu of actual incarceration, which service shall be performed at the direction of Court Community Service and be subject to the Court's review. The community service shall be completed within 210 days from the date the Obligor, **LARRY ELLIOT KLAYMAN**, reports to Court Community Service. However, the Obligor, **LARRY ELLIOT KLAYMAN**'s sentence will be purged provided that the Obligor, **LARRY ELLIOT KLAYMAN**, pays $3,200.00 through the CSEA within 30 days of the journalization of this order. This purge payment is in addition to any obligation to pay current support and arrearage payments, which may be due.

All support shall be paid through the Ohio Child Support Payment Central (OCSPC), P.O. Box 182372, Columbus, Ohio 43218-2372. Any payments not made through OCSPC shall not be considered as payment of support. Cash payments may be made at the Cuyahoga County Treasurer's Office, County Administration Building, 1st Floor – Cashier, 1219 Ontario Street, Cleveland, Ohio 44113. All payments shall include the following: Obligor's name, Social Security Number, SETS case number, and Domestic Relations Court case number. Checks and money orders must be payable to Ohio Child Support Payment Central.

In the event the Obligor, **LARRY ELLIOT KLAYMAN**, does not purge his contempt, he is hereby ordered to report, during regular Court business hours (8:30-11:30 A.M. and 1:30-3:30 P.M), to the Court Community Service Liaison in Room 306 (Third Floor) in the Old Courthouse, One Lakeside Avenue, no later than forty (40) days after the journalization of this order, to perform his community service, subject to immediate release upon later compliance. Upon the failure to purge, the failure to complete his community service within the time specified, or if terminated by Court Community Service, the Court, upon the filing of an affidavit of the Obligee, Stephanie Ann Deluca, or the CSEA with an attached certified copy of CSEA/OCSPC payment records and the filing of an affidavit of the Court Community Service Liaison, shall issue a capias for the Obligor, Larry Elliot Klayman, to serve the jail sentence ordered above. Said affidavit(s) shall be filed within one (1) year of the journalization of this order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in the event that the Obligor, **LARRY ELLIOT KLAYMAN**, is sentenced to perform community service and reports for said performance, the Obligor, **LARRY ELLIOT KLAYMAN**, shall pay the sum of seventy dollars ($70.00) directly to Court Community Service for administrative costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in addition to the above sentence and civil purge, the Obligor, **LARRY ELLIOT KLAYMAN**, shall do the following:

1) Continue to pay $1,836.00 per month, which includes 2% processing charge, as current support for the remaining minor children Lance, Isabelle ($900.00 per month per child *not* including 2% processing charge);

2) Pay an additional $360.00 per month toward the arrearage until the arrearage is paid in full or until further order of Court. Processing charges shall not be collected on the arrearage payment since the above arrearage includes all accrued processing charges.

**Total monthly support order is $2,196.00.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:** that this Court reserves jurisdiction to address the issue of unpaid medical expenses.

All support under this order shall be withheld or deducted from the income or assets of the **Obligor, LARRY ELLIOT KLAYMAN,** pursuant to a withholding or deduction notice or appropriate order issued in accordance with Chapters 3119., 3123., and 3125. of the Revised Code or a withdrawal directive issued pursuant to sections 3123.24 to 3123.38 of the Revised Code and shall be forwarded to the **Obligee, STEPHANIE ANN DELUCA,** in accordance with Chapters 3119., 3121., 3123., and 3125.of the Revised Code.

To secure the support obligation, the Court further finds that:   (check appropriate box)

Until the income source begins withholding in the appropriate amount, the Obligor shall make payments (check or money order payable to OCSPC) directly to Ohio Child Support Payment Central (OCSPC).

☒   Obligor's income source is not attachable; that Obligor has the ability to post a cash bond and therefore an order to post bond in the amount of $3,672.00  which sum includes 2% processing charge, should issue.

   **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Obligor, **LARRY ELLIOT KLAYMAN** immediately notify CSEA, in writing, of the commencement of, or any change in employment (including self-employment). Receipt of additional income/monies or termination of benefits. **Obligor, LARRY ELLIOT KLAYMAN** shall include a description of the nature of the income and the name, business address and telephone number of any income source. **Obligor, LARRY ELLIOT KLAYMAN,** shall immediately notify CSEA of any change in the status of an account from which support is being deducted or the opening of a new account with any financial institution alone with the name, business address and account number(s).

   **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Obligor, **LARRY ELLIOT KLAYMAN, and Obligee, STEPHANIE ANN DELUCA,** comply with the request of the CSEA or the Court to provide information regarding their health insurance benefits, federal income tax return from the previous year, all pay stubs within the preceding six (6) months, all other records evidencing the receipt of any other salary, wages or compensation within the preceding six (6) months. Said records include, but are not limited to, proof of unemployment status, financial institution accounts and any benefits (i.e., unemployment, sub pay, sick leave, Workers Compensation, severance pay, retirement, disability, annuities, Social Security and Veteran's Administration benefits).

   Either party's failure to provide any earnings/benefits information pursuant to this order, or failure to comply with the foregoing order of notification shall be considered contempt of Court, punishable by a fine and/or jail sentence. Attorney fees and Court costs may then be assessed against the party held in contempt.

   **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the **residential parent and legal custodian of the children** immediately notify the Cuyahoga Support Enforcement Agency (CSEA) of any reason for which the support order should terminate, including but not limited to, the child's attaining the age of majority (age 18) if the child no longer attends an accredited high school on a full-time basis; the child ceases to continuously attend an accredited high school on a full-time basis after attaining the age of majority; the child's death, marriage, emancipation, enlistment in the Armed Services, deportation; or change of legal custody of the child.

The following information is provided by the parties for the use of the Cuyahoga Support Enforcement Agency (CSEA) in accordance with §3121.24 of the Ohio Revised Code:

**OBLIGEE:**  NAME: Stephanie Ann Deluca
RESIDENCE ADDRESS: 2898 Kerwick Road
Cleveland, Oh  44118-0000

MAILING ADDRESS: 2898 Kerwick Road
Cleveland, Oh  44118-0000

SOCIAL SECURITY NO.:
DATE OF BIRTH: 11/30/1966
DRIVERS LICENSE NO.:

**OBLIGOR:**  NAME: Larry Elliot Klayman
RESIDENCE ADDRESS: 3415 Sw 24th Street
Miami, Fl  33145-0000

MAILING ADDRESS: 3415 Sw 24th Street
Miami, Fl  33145-0000

SOCIAL SECURITY NO.:
DATE OF BIRTH: 07/20/1951
DRIVERS LICENSE NO.:

EACH PARTY TO THIS SUPPORT ORDER MUST NOTIFY THE CHILD SUPPORT ENFORCEMENT AGENCY IN WRITING OF HIS OR HER CURRENT MAILING ADDRESS, CURRENT RESIDENCE ADDRESS, CURRENT RESIDENCE TELEPHONE NUMBER, CURRENT DRIVER'S LICENSE NUMBER, AND OF ANY CHANGES IN THAT INFORMATION. EACH PARTY MUST NOTIFY THE AGENCY OF ALL CHANGES UNTIL FURTHER NOTICE FROM THE COURT OR AGENCY, WHICHEVER ISSUED THE SUPPORT ORDER. IF YOU ARE THE OBLIGOR UNDER A CHILD SUPPORT ORDER AND YOU FAIL TO MAKE THE REQUIRED NOTIFICATIONS, YOU MAY BE FINED UP TO $50 FOR A FIRST OFFENSE, $100 FOR A SECOND OFFENSE, AND $500 FOR EACH SUBSEQUENT OFFENSE. IF YOU ARE AN OBLIGOR OR OBLIGEE UNDER ANY SUPPORT ORDER ISSUED BY A COURT AND YOU WILLFULLY FAIL TO GIVE THE REQUIRED NOTICES, YOU MAY BE FOUND IN CONTEMPT OF COURT AND BE SUBJECTED TO FINES UP TO $1,000 AND IMPRISONMENT FOR NOT MORE THAN 90 DAYS. IF YOU ARE AN OBLIGOR AND YOU FAIL TO GIVE THE REQUIRED NOTICES, YOU MAY RECEIVE NOTICE OF THE FOLLOWING ENFORCEMENT ACTIONS AGAINST YOU:  IMPOSITION OF LIENS AGAINST YOUR PROPERTY; LOSS OF YOUR PROFESSIONAL OR OCCUPATIONAL LICENSE, DRIVER'S LICENSE, OR RECREATIONAL LICENSE; WITHHOLDING FROM YOUR INCOME; ACCESS RESTRICTION AND DEDUCTION FROM YOUR ACCOUNTS IN FINANCIAL INSTITUTIONS; AND ANY OTHER ACTION PERMITTED BY LAW TO OBTAIN MONEY FROM YOU TO SATISFY YOUR SUPPORT OBLIGATION.

Failure to comply with this order can result in a contempt action as provided in Ohio Revised Code Section 2705.05, the penalty for which may be imprisonment for not more than thirty (30) days in jail and/or fine of not more than $250.00 for the first offense, sixty (60) days in jail and/or $500.00 fine for the second offense, and up to $1,000.00 fine and/or ninety (90) days in jail for third or subsequent offenses.

Costs adjudged against Petitioner.

_____
JUDGE DIANE M. PALOS

pap

cc:  Roger L. Kleinman, Esq.
     Attorney for Petitioner

     Suzanne M. Jambe, Esq.
     Attorney for Respondent

RECEIVED FOR FILING

SEP 2 4 2009

GERALD E. FUERST, CLERK
By_____ Deputy

THE STATE OF OHIO  } SS.  I, THE CLERK OF THE COURT
Cuyahoga County    }      OF COMMON PLEAS WITHIN
                          AND FOR SAID COUNTY

HEREBY CERTIFY THAT THE ABOVE AND FOREGOING
TAKEN AND ORIGINAL

NOW ON FILE
WITNESS MY
DAY OF

CUYAHOGA COUNTY CLERK OF COURTS
By_____, Deputy

H865_TP.DOC  (8/2006)                    5