# EXHIBIT "6"

FILED

2011 AUG 15 P 3: 07

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
DIVISION OF DOMESTIC RELATIONS

| LARRY E. KLAYMAN<br>P.O. Box 2788<br>Washington, DC 20013,<br>                Petitioner,<br>vs.<br>STEPHANIE DELUCA<br>2598 Kerwick Road<br>University Heights, OH 44118,<br>                Respondent. | CASE NO. DR-07-316840<br><br>JUDGE DIANE M. PALOS |
|---|---|

STATE OF OHIO         )
                              ) SS:    **AFFIDAVIT OF**
COUNTY OF CUYAHOGA )         **STEPHANIE DELUCA**

I, Stephanie DeLuca, after first being duly sworn according to law, state the following:

1. I am the Respondent in the above-captioned matter pending before the Domestic Relations Division of the Cuyahoga County Court of Common Pleas (the "Court").

2. On June 24, 2011, the Court entered a Judgment Entry finding Larry E. Klayman, my former husband and the Petitioner in the above-captioned matter, "in contempt of Court for failing to comply with th[e] Court's support order journalized September 24, 2009, as well as the divorce decree registered in this Court by order journalized August 28, 2007." A copy of the Judgment Entry is attached hereto at *Exhibit A*.

3. In its June 24, 2011 order, the Court allowed Mr. Klayman the opportunity to purge the contempt if he paid the sum of $10,000.00 through the Child Support Enforcement Agency ("CSEA") within thirty days of the entry of the order. In the order, the Court further

advised Mr. Klayman, "In the event Petitioner does not purge the contempt, the Court, upon filing of an affidavit of the Respondent Stephanie DeLuca or the CSEA with an attached certified copy of CSEA/OCSPC records, shall issue a capias for Petitioner Larry Klayman to serve the jail sentence ordered above."

4. As evidenced by the certified records of CSEA attached hereto at *Exhibit B*, Mr. Klayman has failed to pay the sum of $10,000.00 to CSEA and therefore has not purged the Court's finding of contempt. I respectfully request that a capias be issued.

5. The Court's June 24, 2011 contempt finding marked Mr. Klayman's "second offense in th[e] Court for nonpayment of support." On September 24, 2009, the Court found Mr. Klayman in contempt of Court for failing to pay child support. A copy of this Judgment Entry is attached at *Exhibit C*. In this earlier order, the Court likewise provided Mr. Klayman an opportunity to purge the contempt if he paid the sum of $3,200.00 to CSEA within 30 days of the entry of the order.

6. As evidenced by the certified records of CSEA attached hereto at *Exhibit B*, Mr. Klayman failed to pay the sum of $3,200.00 to CSEA within the specified time frame and therefore never purged the contempt finding. Upon my filing of an affidavit, the Court issued a capias against Mr. Klayman but thereafter dismissed it. I respectfully request that the capias be reinstated or reissued.

_____
STEPHANIE DeLUCA

SWORN TO AND SUBSCRIBED BEFORE ME this 12th day of August, 2011.

_____
Notary Public
EDWARD T. MONAHAN
Notary Public, State of Ohio
My Commission Expires Feb. 4, 2013

## CERTIFICATE OF SERVICE

Copies of the foregoing Affidavit of Stephanie L. Deluca are being served upon the following via regular U.S. mail this 15th day of August, 2011:

>Roger L. Kleinman
>Cavitch, Familo & Durkin Co.
>1300 East Ninth Street, 20th Floor
>Cleveland, OH 44114
>
>Jennifer Malensek
>The Bradley Building
>1220 West 6th Street, Suite 502
>Cleveland, OH 44113
>
>Remon Kaldas
>Cuyahoga Support Enforcement Agency
>P.O. Box 93318
>Cleveland, Ohio 44101-5318

One of the Attorneys for
Respondent Stephanie DeLuca

COURT OF COMMON PLEAS
DIVISION OF DOMESTIC RELATIONS
CUYAHOGA COUNTY, OHIO

LARRY ELLIOT KLAYMAN : Case No: DR07 316840

    Petitioner : Judge: DIANE M. PALOS

    - vs. - :

STEPHANIE ANN LUCK : JUDGMENT ENTRY

    Respondent :

    This matter came on for hearing on June 23, 2010, before Magistrate Serpil Ergun upon Respondent's Motion To Show Cause For Continued Non-Payment of Child Support (#289099) and Motion For Attorney Fees (#289100) filed October 15, 2009; Petitioner's Motion To Withdraw Capias (#291722) filed December 8, 2009; and the Guardian Ad Litem's Motion For Guardian Ad Litem Fees (#292173) filed December 10, 2009. Present were Attorney William Whitaker on behalf of the Petitioner, Respondent, and Attorney Suzanne Jambe on behalf of the Respondent. Petitioner and the Guardian Ad Litem Jennifer Malensyk failed to appear.

    The Court adopts the Magistrate's Decision filed July 2, 2010, in its entirety.

IT IS HEREBY ORDERED:

AFTER CONSIDERING THE MAGISTRATE'S DECISION FILED
JULY 2, 2010; PLEADINGS, EXHIBITS AND IN THE ABSENCE
OF A TRANSCRIPT, PETITIONER'S OBJECTIONS FILED
JULY 16, 2010 ARE HEREBY OVERRULED AND THE DECISION
OF THE MAGISTRATE ADOPTED WITHOUT MODIFICATION.

    Petitioner's Motion To Withdraw Capias (#291722) filed December 8, 2009 is DISMISSED without prejudice.

    The Guardian Ad Litem's Motion For Guardian Ad Litem Fees (#292173) filed December 10, 2009 is DISMISSED without prejudice.

    Respondent's Motion To Show Cause For Continued Non-Payment of Child Support (#289099) filed October 15, 2009 is GRANTED.

    Petitioner/Obligor Larry Klayman is in contempt of Court for failing to comply with this Court's support order journalized September 24, 2009, as well as the divorce decree registered in this Court by order journalized August 28, 2007.

Petitioner is in arrears in the amount of $47,600.90 as of May 31, 2010, which is owed the Respondent/Obligee Stephanie DeLuca f/k/a Stephanie Klayman, Respondent's assignee(s), and the Child Support Enforcement Agency (CSEA). This sum includes all previously accrued support arrears and processing charges, and supercedes all prior determinations. Petitioner also owes Respondent $5,950.00 for tuition expended for the children for the 2009-2010 and 2010-2011 school years.

This is Petitioner's second offense in this Court for nonpayment of support.

**Petitioner is hereby sentenced for said contempt to sixty (60) days in jail. However, the Petitioner's sentence will be suspended and the contempt will be purged PROVIDED that Petitioner pays $10,000.00 through the CSEA within 30 days of the journalization of this order. This purge payment is in addition to any obligation to pay current support and arrearage payments that may be due.**

**All support shall be paid through Ohio Child Support Payment Central (OCSPC), P.O. Box 182372, Columbus, Ohio 43218-2372.** Any payments not made through OCSPC shall not be considered as payment of support. Checks or money orders shall be made payable to "OCSPC". Cash payments to OCSPC may be made at the Cuyahoga County Treasurer's Office, County Administration Building, 1st Floor – Cashier, 1219 Ontario Street, Cleveland, Ohio 44113. All payments shall include the following: Obligor's name, Social Security Number, SETS case number, and Domestic Relations Court case number.

**In the event Petitioner does not purge the contempt, the Court, upon the filing of an affidavit of the Respondent Stephanie DeLuca or the CSEA with an attached certified copy of CSEA/OCSPC payment records, shall issue a capias for Petitioner Larry Klayman to serve the jail sentence ordered above. Said affidavit shall be filed within one (1) year of the journalization of this order.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in addition to the above sentence and civil purge, Petitioner shall do the following:

1) Continue to pay $1,836.00 per month, which includes 2% processing charge, as current support for the minor children Isabelle Natalie Klayman (DOB 12/15/1997) and Lance William Klayman (DOB 11-14-1999) ($900.00 per month per child not including 2% processing charge);

2) Pay an additional $360.00 per month toward the arrearage until the arrearage is paid in full or until further order of Court. Processing charges shall not be collected on the arrearage payment since the above arrearage includes all accrued processing charges.

Total monthly obligation is $2,196.00.

All support under this order shall be withheld or deducted from the income or assets of the obligor pursuant to a withholding or deduction notice or appropriate order issued in

H865_TP.DOC (8/2006)                     2

accordance with Chapters 3119., 3121., 3123., and 3125. of the Revised Code or a withdrawal directive issued pursuant to sections 3123.24 to 3123.38 of the Revised Code and shall be forwarded.

The prior order to post bond dated September 24, 2009 shall remain in full force and effect.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Obligor immediately notify the CSEA, in writing, of any change in employment (including self-employment), receipt of additional income/monies or termination of benefits. The Obligor shall include a description of the nature of the employment and the name, business address and telephone number of any employer. The Obligor shall immediately notify the CSEA of any change in the status of an account from which support is being deducted or the opening of a new account with any financial institution.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the **Child Support Obligor and the Child Support Obligee** shall comply with the request of the CSEA in advance of an administrative review of a support order to provide the following: copy of federal income tax return from the previous year, copy of all pay stubs within the preceding six (6) months, copy of all other records evidencing the receipt of any other salary, wages or compensation within the preceding six (6) months, and, if the Obligor is a member of the uniformed services and on active military duty, a copy of the Obligor's Internal Revenue Service Form W-2, "Wage and Tax Statement," and a copy of a statement detailing the Obligor's earnings and leave with the uniformed services. The **Child Support Obligor and the Child Support Obligee** shall also provide a list of available group health insurance and health care policies, contracts and plans, and their costs, the current health insurance or health care policy, contract, or plan under which the Obligee and/or Obligor is/are enrolled, and their costs, including any Tricare program offered by the United States Department of Defense available to the Obligee, and any other information necessary to properly review the child support order.

Either party's failure to provide any earnings/benefits information pursuant to this order, or failure to comply with the foregoing order of notification shall be considered contempt of Court, punishable by a fine and/or jail sentence.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the **residential parent and legal custodian of the child(ren)** immediately shall notify, and the obligor under a child support order may notify, the CSEA of any reason for which the child support order should terminate, including but not limited to the child's death, marriage, emancipation (age 18 or high school completion/termination), enlistment in the Armed Services, deportation, or change of legal custody. A willful failure to notify the CSEA is contempt of court.

The following information is provided for the use of the CSEA in accordance with §3121.24 and §3121.30 of the Ohio Revised Code:

| | | |
|---|---|---|
| OBLIGEE: | NAME:<br>RESIDENCE ADDRESS: | Stephanie Ann Luck<br>2598 Kerwick Road<br>Cleveland, Oh 44118-0000 |
| | MAILING ADDRESS: | 2598 Kerwick Road<br>Cleveland, Oh 44118-0000 |
| | SOCIAL SECURITY NO.:<br>DATE OF BIRTH:<br>DRIVERS LICENSE NO.: | <br>11/30/1966 |
| OBLIGOR: | NAME:<br>RESIDENCE ADDRESS: | Larry Elliot Klayman<br>P.O. Box 2788<br>Washington, Dc 20013-0000 |
| | MAILING ADDRESS: | P.O. Box 2788<br>Washington, Dc 20013-0000 |
| | SOCIAL SECURITY NO.:<br>DATE OF BIRTH:<br>DRIVERS LICENSE NO.: | <br>07/20/1951 |

Attorney fees and court costs may be assessed against the party held in contempt.

The parties affected by the support order shall inform the CSEA of any change of name or other change of conditions that may affect the administration of the order. Willful failure to inform the CSEA of the above information and any changes is contempt of court.

EACH PARTY TO THIS SUPPORT ORDER MUST NOTIFY THE CHILD SUPPORT ENFORCEMENT AGENCY IN WRITING OF HIS OR HER CURRENT MAILING ADDRESS, CURRENT RESIDENCE ADDRESS, CURRENT RESIDENCE TELEPHONE NUMBER, CURRENT DRIVER'S LICENSE NUMBER, AND OF ANY CHANGES IN THAT INFORMATION. EACH PARTY MUST NOTIFY THE AGENCY OF ALL CHANGES UNTIL FURTHER NOTICE FROM THE COURT OR AGENCY, WHICHEVER ISSUED THE SUPPORT ORDER. IF YOU ARE THE OBLIGOR UNDER A CHILD SUPPORT ORDER AND YOU FAIL TO MAKE THE REQUIRED NOTIFICATIONS, YOU MAY BE FINED UP TO $50 FOR A FIRST OFFENSE, $100 FOR A SECOND OFFENSE, AND $500 FOR EACH SUBSEQUENT OFFENSE. IF YOU ARE AN OBLIGOR OR OBLIGEE UNDER ANY SUPPORT ORDER ISSUED BY A COURT AND YOU WILLFULLY FAIL TO GIVE THE REQUIRED NOTICES, YOU MAY BE FOUND IN CONTEMPT OF COURT AND BE SUBJECTED TO FINES UP TO $1,000 AND IMPRISONMENT FOR NOT MORE THAN 90 DAYS.

IF YOU ARE AN OBLIGOR AND YOU FAIL TO GIVE THE REQUIRED NOTICES, YOU MAY NOT RECEIVE NOTICE OF THE FOLLOWING ENFORCEMENT ACTIONS AGAINST YOU: IMPOSITION OF LIENS AGAINST YOUR PROPERTY; LOSS OF YOUR PROFESSIONAL OR OCCUPATIONAL LICENSE, DRIVER'S LICENSE, OR RECREATIONAL LICENSE; WITHHOLDING FROM YOUR INCOME; ACCESS RESTRICTION AND DEDUCTION FROM YOUR

ACCOUNTS IN FINANCIAL INSTITUTIONS; AND ANY OTHER ACTION PERMITTED BY LAW TO OBTAIN MONEY FROM YOU TO SATISFY YOUR SUPPORT OBLIGATION.

Failure to comply with this support order can result in a contempt action; and, as provided in Ohio Revised Code §2705.05, the penalty for which may be imprisonment for not more than thirty (30) days in jail and/or fine of not more than $250.00 for a first offense, not more than sixty (60) days in jail and/or fine of not more than $500.00 for a second offense, and not more than ninety (90) days in jail and/or not more than $1,000.00 fine for a third or subsequent offense.

All orders not modified herein shall remain in full force and effect.

Respondent's Motion For Attorney Fees (#289100) filed October 15, 2009 is GRANTED. Petitioner shall pay $2,500.00 toward the Respondent's attorney fees as additional spousal support for which judgment is rendered and execution may issue.

Petitioner shall pay all costs of this action.

Costs adjudged as provided in the above entry.

JUDGE DIANE M. PALOS

pap

cc: Roger L. Kleinman, Esq.
Attorney for Petitioner

Suzanne M. Jambe, Esq.
Attorney for Respondent

Jennifer L. Malensek, Esq.
Guardian ad Litem

## CUYAHOGA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY
1640 SUPERIOR AVE. EAST P.O. BOX 93318 CLEVELAND, OH 44101-5318 (216) 443-5100 (800) 443-1431

### FINANCIAL TRANSACTION HISTORY FOR PERIOD: 06/01/2009 - 07/28/2011

Case Number: 7075460118   Order Number: D031684000 OH180   Date Printed: 07/29/2011   PAGE 1 OF 1

Obligee Name: STEPHANIE A. DELUCA
Obligor Name: LARRY E. KLAYMAN

As Of: 07/28/2011

MONTHLY SUPPORT
CHILD:       $1800.00
ADDITIONAL:  $396.00
TOTAL:       $2196.00

Unpaid Balance:   $70273.84   Total Credits:   $0.00   Funds on Hold:   $0.00

| TRANSACTION DATE | COLLECTION AMOUNT | ALLOCATON CURRENT | ALLOCATON ARREARS | DISBURSEMENTS TO FAMILY | DISBURSEMENTS TO OTHER | DISBURSEMENTS REFUNDED | FEES PAID |
|---|---|---|---|---|---|---|---|
| 07/19/2010 |         |         |        | 2196.00 | | | |
| 07/19/2010 | 2196.00 | 1387.12 | 808.88 |         | | | |
| 07/08/2010 |         |         |        | 412.88  | | | |
| 07/08/2010 | 412.88  | 412.88  |        |         | | | |
| 05/20/2010 |         |         |        | 598.70  | | | |
| 05/20/2010 | 598.70  | 598.70  |        |         | | | |
| 04/19/2010 |         |         |        | 2196.00 | | | |
| 04/19/2010 | 2196.00 | 1800.00 | 396.00 |         | | | |

TOTALS:   5403.58   4198.70   1204.88   5403.58

* THIS REPORT IS INTENDED TO PROVIDE INFORMATION REGARDING FINANCIAL TRANSACTIONS PROCESSED FOR THE REPORT PERIOD AS INDICATED ABOVE AND MAY NOT REFLECT ALL FINANCIAL TRANSACTIONS OF THE CASE

# Explanation of Key Report Fields

| | |
|---|---|
| CASE#: 7xxxxxxxxx | 10 DIGIT SYSTEM GENERATED NUMBER FOR THE SUPPORT ENFORCEMENT TRACKING SYSTEM |
| ORDER#: | COUNTY COURT/AGENCY CASE NUMBER |
| DATE PRINTED | DATE THE REPORT IS GENERATED. |
| OBLIGEE/OBLIGOR | PARTY RECEIVING SUPPORT/PARTY OBLIGATED TO PAY SUPPORT |
| MONTHLY SUPPORT:/ CHILD | AMOUNT DUE FOR CHILD SUPPORT EACH MONTH FOR ALL CHILDREN OF THE CASE. |
| MONTHLY SUPPORT:/ADDITIONAL | AMOUNT DUE FOR OTHER OBLIGATIONS (SPOUSAL, PAST DUE SUPPORT) AND FEES. |
| MONTHLY SUPPORT:/TOTAL | TOTAL OBLIGATION CHARGED FOR THE CURRENT MONTH. |
| AS OF | DATE THAT ALL INFORMATION IS BASED ON |
| UNPAID BALANCE | UNPAID OBLIGATIONS TOTAL AMOUNT ON THE "AS OF" DATE |
| TOTAL CREDITS | BALANCE OF CREDITS ON THE CASE ON THE "AS OF DATE" |
| FUNDS ON HOLD | BALANCE OF FUNDS PENDING DISBURSEMENT ON THE "AS OF DATE" |
| TRANSACTION DATE | DATE THE ACTUAL PROCESSING TOOK PLACE. |
| COLLECTION | THE AMOUNT RECEIVED FROM THE OBLIGOR |
| DISBURSEMENTS FAMILY CUR. SUPP | CURRENT MONTHLY SUPPORT COLLECTED AND SENT TO THE FAMILY |
| DISBURSEMENTS FAMILY ARREARS | PAST DUE OBLIGATIONS WITH PAYMENTS SENT TO THE FAMILY |
| DISBURSEMENTS OTHER CUR. SUPP | CURRENT MONTHLY SUPPORT SENT |
| DISBURSEMENTS OTHER ARREARS | PAYMENTS MADE TO PAST DUE OBLIGATIONS AND DISBURSED TO A PARTY OTHER THAN THE FAMILY. |
| REFUNDED | COLLECTIONS REFUNDED BACK TO THE PAYOR |
| FEES | AMOUNT OF COLLECTIONS SENT TO PROCESSING FEES. |

This document only displays receipt and disbursement of monies. It may not reflect an accurate arrears total.

I, a CSEA Representative, hereby certify that the above and foregoing is truly taken and copied from the original kept on record at the Cuyahoga Support Enforcement Agency.
Witness my hand of said Agency this 29 day of July, 20 17.

_____
Signature of CSEA Representative

COURT OF COMMON PLEAS
DIVISION OF DOMESTIC RELATIONS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| LARRY ELLIOT KLAYMAN | : | Case No: DR07 316840 |
| Petitioner | : | Judge: DIANE M. PALOS |
| - vs. - | : | |
| STEPHANIE ANN DELUCA | : | JUDGMENT ENTRY |
| Respondent | : | |

This matter came on for hearing on July 20, 2009, before Magistrate Timothy R. Brown upon Respondent'sMotion For Contempt Support (Post-decree) #259350, Respondent'sMotion For Contempt Support (Post-decree) #273344, Respondent'sMotion For Attorney Fees #273345, Respondent'sMotion For Attorney Fees #277027 and Respondent'sMotion For Contempt Support (Post-decree) #277835. Appearances were made by Roger L. Kleinman (Attorney For Plaintiff), Stephanie Ann Deluca, Respondent, Suzanne M. Jambe (Attorney For Defendant) and James H. Rollinson (Attorney For Defendant). The Court Reporter was Karen S. Lamendola.

The Court adopts the Magistrate's Decision filed July 28, 2009, in its entirety.

IT IS HEREBY ORDERED:

PETITIONER'S OBJECTIONS FILED AUGUST 11, 2009 TO THE MAGISTRATE'S DECISION FILED JULY 28, 2009 ARE HEREBY OVERRULED AND THE DECISION OF THE MAGISTRATE APPROVED.

RESPONDENT'S OBJECTIONS FILED AUGUST 21, 2009 TO THE MAGISTRATE'S DECISION FILED JULY 28, 2009 ARE HEREBY OVERRULED AND THE DECISION OF THE MAGISTRATE APPROVED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Obligor, LARRY ELLIOT KLAYMAN, is in contempt of Court. The Court finds that the Obligor, LARRY ELLIOT KLAYMAN, is in arrears in the amount of $31,393.00 (including attorney fees) computed as of July 20th, 2009 which is owed Obligee, Stephanie Ann Deluca, her assignee(s), and/or the Cuyahoga Support Enforcement Agency (CSEA) and is reduced to judgment upon which execution may issue. This sum includes all previously accrued support arrears and processing charges, and supercedes all prior determinations. The Obligor, LARRY ELLIOT KLAYMAN, has been credited with all support payments, including direct/waived payments. The arrearage reflects adjustments to processing charge arrears due to direct/waived payments since those payments were not processed by the CSEA.

The Obligor, LARRY ELLIOT KLAYMAN, is hereby sentenced for said contempt to THIRTY (30) days in jail, or in the alternative, to perform not less than 200 hours of community service in lieu of actual incarceration, which service shall be performed at the direction of Court Community Service and be subject to the Court's review. The community service shall be completed within 210 days from the date the Obligor, LARRY ELLIOT KLAYMAN, reports to Court Community Service. However, the Obligor, LARRY ELLIOT KLAYMAN's sentence will be purged provided that the Obligor, LARRY ELLIOT KLAYMAN, pays $3,200.00 through the CSEA within 30 days of the journalization of this order. This purge payment is in addition to any obligation to pay current support and arrearage payments, which may be due.

All support shall be paid through the Ohio Child Support Payment Central (OCSPC), P.O. Box 182372, Columbus, Ohio 43218-2372. Any payments not made through OCSPC shall not be considered as payment of support. Cash payments may be made at the Cuyahoga County Treasurer's Office, County Administration Building, 1st Floor – Cashier, 1219 Ontario Street, Cleveland, Ohio 44113. All payments shall include the following: Obligor's name, Social Security Number, SETS case number, and Domestic Relations Court case number. Checks and money orders must be payable to Ohio Child Support Payment Central.

In the event the Obligor, LARRY ELLIOT KLAYMAN, does not purge his contempt, he is hereby ordered to report, during regular Court business hours (8:30-11:30 A.M. and 1:30-3:30 P.M), to the Court Community Service Liaison in Room 306 (Third Floor) in the Old Courthouse, One Lakeside Avenue, no later than forty (40) days after the journalization of this order, to perform his community service, subject to immediate release upon later compliance. Upon the failure to purge, the failure to complete his community service within the time specified, or if terminated by Court Community Service, the Court, upon the filing of an affidavit of the Obligee, Stephanie Ann Deluca, or the CSEA with an attached certified copy of CSEA/OCSPC payment records and the filing of an affidavit of the Court Community Service Liaison, shall issue a capias for the Obligor, Larry Elliot Klayman, to serve the jail sentence ordered above. Said affidavit(s) shall be filed within one (1) year of the journalization of this order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in the event that the Obligor, LARRY ELLIOT KLAYMAN, is sentenced to perform community service and reports for said performance, the Obligor, LARRY ELLIOT KLAYMAN, shall pay the sum of seventy dollars ($70.00) directly to Court Community Service for administrative costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in addition to the above sentence and civil purge, the Obligor, LARRY ELLIOT KLAYMAN, shall do the following:

1) Continue to pay $1,836.00 per month, which includes 2% processing charge, as current support for the remaining minor children Lance, Isabelle ($900.00 per month per child not including 2% processing charge);

2) Pay an additional $360.00 per month toward the arrearage until the arrearage is paid in full or until further order of Court. Processing charges shall not be collected on the arrearage payment since the above arrearage includes all accrued processing charges.

Total monthly support order is $2,196.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED: that this Court reserves jurisdiction to address the issue of unpaid medical expenses.

All support under this order shall be withheld or deducted from the income or assets of the Obligor, LARRY ELLIOT KLAYMAN, pursuant to a withholding or deduction notice or appropriate order issued in accordance with Chapters 3119., 3123., and 3125. of the Revised Code or a withdrawal directive issued pursuant to sections 3123.24 to 3123.38 of the Revised Code and shall be forwarded to the Obligee, STEPHANIE ANN DELUCA, in accordance with Chapters 3119., 3121., 3123., and 3125.of the Revised Code.

To secure the support obligation, the Court further finds that: (check appropriate box)

Until the income source begins withholding in the appropriate amount, the Obligor shall make payments (check or money order payable to OCSPC) directly to Ohio Child Support Payment Central (OCSPC).

☒ Obligor's income source is not attachable; that Obligor has the ability to post a cash bond and therefore an order to post bond in the amount of $3,672.00 which sum includes 2% processing charge, should issue.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Obligor, LARRY ELLIOT KLAYMAN immediately notify CSEA, in writing, of the commencement of, or any change in employment (including self-employment). Receipt of additional income/monies or termination of benefits. Obligor, LARRY ELLIOT KLAYMAN shall include a description of the nature of the income and the name, business address and telephone number of any income source. Obligor, LARRY ELLIOT KLAYMAN, shall immediately notify CSEA of any change in the status of an account from which support is being deducted or the opening of a new account with any financial institution alone with the name, business address and account number(s).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Obligor, LARRY ELLIOT KLAYMAN, and Obligee, STEPHANIE ANN DELUCA, comply with the request of the CSEA or the Court to provide information regarding their health insurance benefits, federal income tax return from the previous year, all pay stubs within the preceding six (6) months, all other records evidencing the receipt of any other salary, wages or compensation within the preceding six (6) months. Said records include, but are not limited to, proof of unemployment status, financial institution accounts and any benefits (i.e., unemployment, sub pay, sick leave, Workers Compensation, severance pay, retirement, disability, annuities, Social Security and Veteran's Administration benefits).

Either party's failure to provide any earnings/benefits information pursuant to this order, or failure to comply with the foregoing order of notification shall be considered contempt of Court, punishable by a fine and/or jail sentence. Attorney fees and Court costs may then be assessed against the party held in contempt.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the residential parent and legal custodian of the children immediately notify the Cuyahoga Support Enforcement Agency (CSEA) of any reason for which the support order should terminate, including but not limited to, the child's attaining the age of majority (age 18) if the child no longer attends an accredited high school on a full-time basis; the child ceases to continuously attend an accredited high school on a full-time basis after attaining the age of majority; the child's death, marriage, emancipation, enlistment in the Armed Services, deportation; or change of legal custody of the child.

The following information is provided by the parties for the use of the Cuyahoga Support Enforcement Agency (CSEA) in accordance with §3121.24 of the Ohio Revised Code:

**OBLIGEE:** NAME: Stephanie Ann Deluca
RESIDENCE ADDRESS: 2898 Kerwick Road
Cleveland, Oh 44118-0000

MAILING ADDRESS: 2898 Kerwick Road
Cleveland, Oh 44118-0000

SOCIAL SECURITY NO.:
DATE OF BIRTH: 11/30/1966
DRIVERS LICENSE NO.:

**OBLIGOR:** NAME: Larry Elliot Klayman
RESIDENCE ADDRESS: 3415 Sw 24th Street
Miami, Fl 33145-0000

MAILING ADDRESS: 3415 Sw 24th Street
Miami, Fl 33145-0000

SOCIAL SECURITY NO.:
DATE OF BIRTH: 07/20/1951
DRIVERS LICENSE NO.:

EACH PARTY TO THIS SUPPORT ORDER MUST NOTIFY THE CHILD SUPPORT ENFORCEMENT AGENCY IN WRITING OF HIS OR HER CURRENT MAILING ADDRESS, CURRENT RESIDENCE ADDRESS, CURRENT RESIDENCE TELEPHONE NUMBER, CURRENT DRIVER'S LICENSE NUMBER, AND OF ANY CHANGES IN THAT INFORMATION. EACH PARTY MUST NOTIFY THE AGENCY OF ALL CHANGES UNTIL FURTHER NOTICE FROM THE COURT OR AGENCY, WHICHEVER ISSUED THE SUPPORT ORDER. IF YOU ARE THE OBLIGOR UNDER A CHILD SUPPORT ORDER AND YOU FAIL TO MAKE THE REQUIRED NOTIFICATIONS, YOU MAY BE FINED UP TO $50 FOR A FIRST OFFENSE, $100 FOR A SECOND OFFENSE, AND $500 FOR EACH SUBSEQUENT OFFENSE. IF YOU ARE AN OBLIGOR OR OBLIGEE UNDER ANY SUPPORT ORDER ISSUED BY A COURT AND YOU WILLFULLY FAIL TO GIVE THE REQUIRED NOTICES, YOU MAY BE FOUND IN CONTEMPT OF COURT AND BE SUBJECTED TO FINES UP TO $1,000 AND IMPRISONMENT FOR NOT MORE THAN 90 DAYS. IF YOU ARE AN OBLIGOR AND YOU FAIL TO GIVE THE REQUIRED NOTICES, YOU MAY RECEIVE NOTICE OF THE FOLLOWING ENFORCEMENT ACTIONS AGAINST YOU: IMPOSITION OF LIENS AGAINST YOUR PROPERTY; LOSS OF YOUR PROFESSIONAL OR OCCUPATIONAL LICENSE, DRIVER'S LICENSE, OR RECREATIONAL LICENSE; WITHHOLDING FROM YOUR INCOME; ACCESS RESTRICTION AND DEDUCTION FROM YOUR ACCOUNTS IN FINANCIAL INSTITUTIONS; AND ANY OTHER ACTION PERMITTED BY LAW TO OBTAIN MONEY FROM YOU TO SATISFY YOUR SUPPORT OBLIGATION.

Failure to comply with this order can result in a contempt action as provided in Ohio Revised Code Section 2705.05, the penalty for which may be imprisonment for not more than thirty (30) days in jail and/or fine of not more than $250.00 for the first offense, sixty (60) days in jail and/or $500.00 fine for the second offense, and up to $1,000.00 fine and/or ninety (90) days in jail for third or subsequent offenses.

Costs adjudged against Petitioner.

_____
JUDGE DIANE M. PALOS

pap

cc:  Roger L. Kleinman, Esq.
     Attorney for Petitioner

     Suzanne M. Jambe, Esq.
     Attorney for Respondent

COURT OF COMMON PLEAS
DIVISION OF DOMESTIC RELATIONS
CUYAHOGA COUNTY, OHIO

LARRY ELLIOT KLAYMAN : Case No: DR07 316840

: Date: 07/24/2009

Plaintiff
: Judge: DIANE M. PALOS

-vs-

:

STEPHANIE ANN DELUCA : JUDGMENT ENTRY
: ORDER TO POST BOND
Order on Obligor
Defendant : Order on Obligee

LARRY ELLIOT KLAYMAN (OBLIGOR) is ordered to post a cash bond in the amount of $3,672.00. The bond is to be posted with the Clerk of the Court of Common Pleas and conditioned upon the making of support payments as previously ordered.

The OBLIGOR is furthered ordered to immediately notify the Cuyahoga Support Enforcement Agency (hereinafter C.S.E.A.), in writing, of any change in employment (including self-employment) and the name, business address and telephone number of any employer.

Upon commencement of employment, the OBLIGOR may request this Court to cancel the bond order and issue an order requiring withholding of an amount for child support from his/her personal earnings.

The OBLIGOR is further ordered to comply with the request of C.S.E.A. or the Court to provide a copy of his/her health insurance benefits, Federal Income tax return from the previous year, all pay stubs within the preceding six (6) months, all other records evidencing the receipt of any other salary, wages, or compensation within the preceding six (6) months. Said records include, but are not limited to: proof of employment status, financial institution accounts and any benefits (i.e. unemployment, sub-pay, sick leave, Workers' Compensation, severance pay, retirement, disability or annuities, Social Security and Veteran's Administration).

The OBLIGOR is further ordered to immediately notify C.S.E.A., in writing of his/her current mailing and residence address, as well as any changes in either address until further order of Court.

The OBLIGOR'S failure to provide any earnings/benefits information pursuant to this order, or failure to comply with the foregoing order to post bond and order of notification shall be considered contempt of Court, punishable by a fine and/or jail sentence. Attorney fees and Court costs may then be assessed against the OBLIGOR held in contempt.

ORDER ON THE OBLIGEE

The OBLIGEE, STEPHANIE ANN DELUCA is ordered to immediately notify C.S.E.A., in writing, of any reason for which the support order should terminate, including but not limited to: death, marriage, emancipation (age 18 or high school completion/termination), incarceration, enlistment in Armed Services, deportation, or change of legal or physical custody of the child.

The OBLIGEE is further ordered to comply with the request of C.S.E.A. or the Court to provide a copy of his/her health insurance benefits, Federal Income tax return from the previous year, all pay stubs within the preceding six (6) months, all other records evidencing the receipt of any other salary, wages, or compensation within the preceding six (6) months. Said records include but are not limited to: proof of employment status, financial institution accounts and any benefits (i.e. unemployment, sub-pay, sick leave, Workers' Compensation, severance pay, retirement, disability or annuities, Social Security and Veteran's Administration).

The OBLIGEE is further ordered to immediately notify C.S.E.A. of his/her current mailing address and residence address, as well as any changes in either address until further order of Court.

The OBLIGEE'S failure to provide any earnings/benefits information pursuant to this order, or failure to comply with the foregoing order of notification shall be considered contempt of Court, punishable by a fine and/or jail sentence.

THIS ORDER TO POST BOND SUPERSEDES ANY PRIOR ORDER TO POST BOND PREVIOUSLY ISSUED UNDER THIS CASE NUMBER.

IT IS SO ORDERED.

JUDGE DIANE M. PALOS

DR-H727 (12/2005)