UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC.,

    Defendant.
_____/

## REPLY BRIEF IN FURTER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, JUDICIAL WATCH, INC. ("Judicial Watch"), through undersigned counsel, submits the following Reply Brief in response to Plaintiff's Opposition [D.E. 46] and in further support of its Motion for Summary Judgment [D.E. 38].

### I. Introduction

Judicial Watch submits that the Opposition filed by the Plaintiff Larry Klayman ["Klayman"] fails to raise a genuine issue of material fact and that Judicial Watch is entitled to judgment as a matter of law. The allegedly defamatory statement was substantially true and Klayman cannot establish a defamation claim. Pursuant to the single publication/single action rule and the First Amendment, all claims asserted by Klayman are barred. Judicial Watch further submits that Klayman has failed to conclusively justify an extension of time to respond to the Motion for Summary Judgment and that Klayman is not entitled to recovery of attorney's fees.

### II. Child Support

Judicial Watch submitted competent and compelling evidence establishing that Klayman had been indicted for failure to pay child support and found in contempt of court on three occasions for failure to pay child support. *See SOMF [D.E. 39] ¶¶ 14 – 19.* The evidence

included certified copies contempt orders, a certified copy of the indictment, a citation to a reported decision, and an affidavit from Klayman's ex-wife. Klayman attempts to dispute some of this evidence, but in doing so, he only reinforces the evidence of his failure to pay child support and establishes that the contempt orders and indictment were in force at the time of the allegedly defamatory statement.

> Klayman states the following in response to each paragraph of SOMF [D.E. 39] ¶¶ 14-19:
>
> Disputed. Plaintiff had to have contempt order issued in order to take the matter to the Court of Appeals Of Ohio, Eighth Appellate District. However, all contempt orders were dismissed. Klayman Aff. ¶ 16, Attachments B, C.  See D.E. 46-4, ¶¶ 14-19.

Klayman does not deny that he was indicted for failure to pay child support and that he was found in contempt of court on three occasions on three occasions.  To the contrary, he essentially admits these facts, but states that his actions were justified.

The alleged "dismissal" of the contempt orders did not occur until months **after** the alleged statement by Constance Ruffley. According to Klayman's own allegations and evidence, the allegedly defamatory statement was made on February 22, 2012.  According to "attachments" B and C to Klayman's Opposition, Klayman and his ex-wife entered into an "Agreed Judgment Entry Regarding Child Support Arrearage and Withdrawal of Capias" on April 20, 2012 **two months after the allegedly defamatory statement**.  Klayman failed to present any evidence indicating that the contempt orders or the capias were dismissed on or before February 22, 2012.

The Agreed Judgment Entry Regarding Child Support Arrearage and Withdrawal of Capias, which is Attachment B to the Opposition, actually sets forth additional evidence of Klayman's failure to pay child support.  This document reveals that the Ohio court had issued a

capias on October 13, 2011 against Klayman.  In its Motion for Summary Judgment, Judicial Watch actually understated Klayman's child support issues.

According to the evidence presented to this Court by Judicial Watch and Klayman, all of the following were true as of February 22, 2012:

- Klayman had been found in contempt of court for failing to pay child support on three occasions.

- An Ohio domestic relations court had issued a capias for Larry Klayman.

- An Ohio criminal court had indicted Klayman for a crime for failure to pay child support.[1]

- The contempt charges, the capias, and the indictment had not been dismissed.

While attempting to refute the Judicial Watch's evidence, Klayman's himself acknowledges and magnifies the evidence presented by Judicial Watch.

### III.  Substantial Truth

It appears that Klayman does not quarrel with the law cited by Judicial Watch related to the substantial truth defense.  Klayman cites no compelling, contrary authority.

The gist or sting of the alleged comment from Constance Ruffley was not worse than the gist or sting of the literal truth.  Again, the evidence confirms three contempt of court findings, one capias, and one indictment, all related to the failure to pay child support.  The gist or sting of these undisputed facts is not worse than the gist or sting of the alleged comment, "donors should

---

[1] Klayman's evidence does not show a dismissal of the indictment at any time.  Attachment B and C are from the Domestic Relations Division and show only a dismissal of the capias issued on October 13, 2011 under case number DR-07-316840.  The indictment was issued by the Criminal Court Division under a different case number, 558506-12-CR [D.E. 39-3].  In any event, nothing was dismissed as of the time of Constance Ruffley's alleged statement.

know about litigation in Ohio where Klayman was convicted just recently of not paying a large amount of child support."

The defamation claim is barred by the substantial truth defense. Based on the single publication/single action rule and the First Amendment, all other claims are also bared.

## IV.  Tortious Interference with a Contract

In his claim for Tortious Interference with a Contract, Klayman asserts that Judicial Watch interfered with his contract with Michael Voeltz to file suit to challenge the candidacy of Barack Obama. Judicial Watch presented evidence establishing that this contract was, in fact, performed. *See SOMF [D.E. 39] ¶¶ 23-25*. Klayman filed two lawsuits on behalf of Voeltz against Barack Obama. Klayman admits these facts. *See D.E. 46-4, ¶¶ 23-25*. Klayman failed to present evidence of interference with a contract and Judicial Watch is entitled to summary judgment on the claim for Tortious Interference with a Contract.

## V.  Motion for Extension

After writing a 21-page Opposition and citing 53 pages of evidence, Klayman argues that he needs more time to complete discovery.

This Court and the 11th Circuit have recognized:

> because the burden on a party resisting summary judgment is not a heavy one, one must conclusively justify his entitlement to the shelter of rule 56(f) [now 56(d)] by presenting specific facts explaining the inability to make a substantive response as required by rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*International Schools Services, Inc. v. AAUG Ins. Co., Ltd.*, 2012 WL 5635590 (S.D.Fla.) (citing *Wingster v. Head*, 318 F. App'x 809, 813 (11th Cir.2009)). *See also F.T.C. v. Lalonde*, --- Fed.Appx. ----, 2013 WL 5734888, *6 (C.A.11).

Klayman has not met this burden. He has not come close to conclusively justifying the need for additional discovery. There is no need for additional discovery. The premise of Judicial Watch's motion is that the allegedly defamatory statement is insufficient to establish the claims alleged. The statement is substantially true based on the evidence submitted by Judicial Watch and Klayman. The substantial truth is established by the documents. Depositions are not necessary and will not change the findings of contempt of court, the capias, or the indictment.

This case has been pending since February of 2013. Klayman has had more than adequate time to complete discovery and obtain affidavits. There is no need to delay the ruling on Judicial Watch's Motion for Summary Judgment.

## VI. Attorney's Fees

Klayman's request for attorney's fees should be summarily denied. The Motion for Summary Judgment is well-taken. Judicial Watch respectfully submits that the Motion for Summary Judgment should be granted and that it provides no basis for the award of attorney's fees or costs against Judicial Watch.

## VII. Conclusion

For the reasons stated in its Motion for Summary Judgment and for the reasons stated herein, Judicial Watch respectfully requests that this Court enter summary judgment in its favor on all of Klayman's claims. Judicial Watch also requests that this Court deny Klayman's request for an extension and his request for attorney's fees and costs.

Dated: **January 14, 2014**                    Respectfully submitted,

                                                SCHWED KAHLE & KRESS, P.A.
                                              11410 North Jog Road, Suite 100
                                              Palm Beach Gardens, FL 33418
                                              Telephone: (561) 694-0070
                                              Facsimile: (561) 694-0057

                                              /s/ Douglas J. Kress_____
                                              Douglas J. Kress, Esq.
                                              Florida Bar No.: 0061146
                                              Email: dkress@schwedpa.com
                                              *Attorneys for Defendant Judicial Watch, Inc.*

## Certificate of Service

I hereby certify that on **January 14, 2014**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              /s/ Douglas J. Kress_____
                                              Douglas J. Kress, Esq.
                                              Florida Bar No.: 0061146

## SERVICE LIST

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com

VIA CM/ECF