IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY KLAYMAN,

        Plaintiff,

v.

JUDICIAL WATCH,

        Defendant.
_____/

**PLAINTIFF'S MOTION IN LIMINE AND TO SEAL PORTION OF FITTON DEPOSITION TRANSCRIPT**

Plaintiff, Larry Klayman, hereby moves in limine to exclude from admission at trial any mention of the District of Columbia Bar complaint filed against Plaintiff. This Court should exclude the testimony of Defendant because such evidence is irrelevant, and because any marginal probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. The mere mention of or attempt to introduce these matters at trial will likely prejudice the jury. In support thereof, Plaintiff submits the following Memorandum of Law:

**INTRODUCTION**

This is a lawsuit filed by Plaintiff against Judicial Watch, an organization he founded and later left in order to pursue a campaign for U.S. Senate in the state of Florida. Defendant Judicial Watch, through the actions of Constance Ruffley, sought to harm the reputation of Plaintiff by making a false statement that he was convicted of a crime of not paying his child support and that this information should be published to donors. This statement was defamatory, both per se

1

and otherwise, and was also defamatory by implication. Further, the statement interfered with Plaintiff's contractual relationships and intentionally inflicted Plaintiff with emotional distress.

During the deposition of one of Defendant Judicial Watch's officers, Thomas Fitton, the following statements were made:

> Q Do you know who Peter Paul is?
>
> 4 MR. KRESS: Let's -- let's try to -- are
>
> 5 you almost --
>
> 6 MR. KLAYMAN: Yeah, I am almost wrapping
>
> 7 up.
>
> 8 MR. KRESS: Let's try to wrap it up.
>
> 9 MR. KLAYMAN: I am trying to wrap it up.
>
> 10 THE WITNESS: Now he -- now he's trying to
>
> 11 get into questions relating to a pending bar
>
> 12 proceeding against him on his ethical misconduct as
>
> 13 found by a court, and now he's trying to get
>
> 14 testimony for, again, an improper purpose for
>
> 15 another proceeding. I'm not doing this.

Thomas Fitton Deposition at pp. 136. (Exhibit 1).

Mr. Fitton, President of Judicial Watch, obviously at the coaching and direction of Judicial Watch director, officer and chief attorney Paul Orfanedes, intentionally and maliciously inserted into the deposition confidential information related to a bar proceeding concerning Plaintiff by Defendant Judicial Watch in the District of Columbia ("bar complaint").

This statement, in clear violation of the District of Columbia Bar rules, was intended to get the bar proceeding out into the public domain to harm Plaintiff, in an attempt to unfairly prejudice the Court and the jury, and it must respectfully be ordered inadmissible as evidence.

## APPLICABLE LAW

In diversity cases, federal rules apply to procedural matters. *Heath v. Suzuki Motor Corp*., 126 F.3d 1391, 1396 (11th Cir. 1997). It is well established that rulings on evidentiary matters are procedural in nature, and are therefore governed by the Federal Rules of Evidence. *Id*. ("Under this circuit's controlling precedent regarding diversity jurisdiction cases, the admissibility of evidence is a procedural issue, and therefore is governed by the Federal Rules of Evidence."). State law may assist a district court in defining what evidence is material to an issue. *Cortes v. Am. Airlines, Inc*., 177 F.3d 1272, 1306 (11th Cir. 1999) ("The admissibility of evidence in a federal action is governed by the Federal Rules of Evidence, not state law. Nonetheless, state law may assist in defining what evidence is material to an issue . . .").

**Standard Of Review**

District courts have wide discretion in determining the relevance of evidence produced at trial. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005) (citing *United States v. Kopituk*, 690 F.2d 1289, 1319 (11th Cir. 1982)). In general, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if a party meets the low threshold of relevancy, "evidence may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

**District of Columbia Rules**

According to the District of Columbia, Rules and Bylaws, Rule XI, Section 17:

Section 17. Confidentiality

> (a) Disciplinary proceedings. Except as otherwise provided in this rule or as the Court may otherwise order, all proceedings involving allegations of misconduct by an attorney shall be kept confidential until either a petition has been filed under section 8 (c) or an informal admonition has been issued.

## ANALYSIS

Fitton's statements at deposition about the confidential and as yet non-adjudicated bar proceeding were made with the full knowledge that they were confidential. Paul Orfanedes is the head of Defendant Judicial Watch's Litigation Department, and a licensed attorney in the District of Columbia, where the bar proceeding is currently pending. Mr. Orfanedes, as the legal advisor of Defendant, knew of the D.C. Bar's confidentiality rules and likely consulted with Mr. Fitton about the bar complaint prior to the deposition. Nevertheless, Mr. Fitton attempted to bring the issue into this case in order to unduly influence and prejudice the Court and eventually the jury.

Further, Defendant Judicial Watch made no attempt to remove this statement from the deposition or otherwise correct and excise the record after this ethical violation occurred. Indeed, now Plaintiff must instead respectfully move this Court to remove this from the public record so that it is once again confidential and protects the rights of Plaintiff.

Any such mention of the bar complaint is completely irrelevant and such should be excluded from evidence simply on that basis alone. Plaintiff was simply asking Mr. Fitton if he knew the identity of a Mr. Peter Paul, whom Judicial Watch had previously represented, and Mr.

Fitton used this as an opportunity to harm Plaintiff Klayman by blurting the confidential information about the bar complaint.

Moreover, in addition to the fact that the information about the bar proceeding is irrelevant to the question asked during the deposition, any probative value, of which there is none, would be far outweighed by the unfair prejudice that it would cause Plaintiff.  A bar complaint against an attorney is a serious matter because of the harm it can cause an attorney's professional career.  It is for this reason that the D.C. Bar keeps all the matters confidential during the course of their proceedings.  If this information is presented to the jury it would unfairly prejudice them against Plaintiff and it must therefore respectfully be excluded from admission at trial.

WHEREFORE, Plaintiff Larry Klayman respectfully requests that this Court exclude from admission at trial any mention of the D.C. Bar proceeding concerning Plaintiff and that this portion of the Fitton deposition transcript be placed under seal.  Plaintiff further requests sanctions against Defendant, in the form of striking the public figure doctrine as a defense to Plaintiff's defamation claims, since this unethical and intentional disclosure shows that indeed the requisite "malice" is present with regard to defamation claims brought by alleged public figure Plaintiff Klayman (Defendant's statement was also libel pre se).  Finally, Plaintiff requests attorney's fees and costs for having to file this motion.

Dated: February 18, 2014  

Respectfully submitted,

*/s/ Larry Klayman*
LARRY KLAYMAN
2520 Coral Way, Suite 2027
Miami, FL 33145
(310) - 595-0800
leklayman@gmail.com

Plaintiff Pro Se

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    */s/ Larry Klayman*
                                                    LARRY KLAYMAN

                                                    Plaintiff Pro Se

## SERVICE LIST

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF