IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>             Plaintiff,<br>v.<br><br>JUDICIAL WATCH<br><br>             Defendant. | Case No: 1:13-cv-20610-CMA |

**MOTION TO COMPEL AND MOTION FOR APPOINTMENT OF FORENSIC EXPERT TO ACCESS DEFENDANT'S COMPUTERS AND TELEPHONE RECORDS**

Plaintiff, Larry Klayman ("Plaintiff"), pursuant to the Federal Rules of Civil Procedure ("FRCP") 26(b), 34, 37(a), 45 and S.D. Fla. L.R. 26.1H, hereby moves this honorable Court to compel the production of certain documents with respect to the three Notices of Deposition Duces Tecum dated January 2, 2014 and a Subpoena dated January 24, 2014, served upon the Directors and Representative of Defendant Judicial Watch which states:

**ATTACHMENT A**

For the purposes of these applicable document requests, "documents" means the following: all correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape recordings, video/movie recordings, notes, examinations, opinions, folders, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and other documents.

The following are required to be produced:

1. Any and all documents which refer or relate in any way to Larry Klayman.

2. Any and all documents which refer or relate in any way to Judicial Watch. (Withdrawn)

1

3. Any and all documents which refer or relate in any way to Constance Ruffly [sic].

4. Any and all documents which refer or relate in any [way] to the blog posting of February 23, 2013 entitled "my yesterday's presentation to CCIR and update on article2SuperPAC-Larry Klayman $25,000 fundraising for non-existent law suit affair" on "The World's Leading Obama Eligibility Website" of Dr. Orly Taitz of the Defend Our Freedom Foundation.

5. Records of telephone conversations between Orly Taitz, Constance Ruffly [sic], Thomas Fitton, Paul Orfanedes, Christopher Farrell, and any other employees of Judicial Watch.

6. Notes and memoranda which refer or relate to contacts between Orly Taitz, Constance Ruffly [sic], Thomas Fitton, Paul Orfanedes, Christopher Farrell, and any and all other employees of Judicial Watch.

## I.  INTRODUCTION.

Plaintiff Larry Klayman seeks to compel the production of documents to three Notices of Deposition Duces Tecum and a Subpoena to produce relevant documents and also to appoint a forensic expert in order to search the three Directors of Defendant Judicial Watch's work and personal computers, work telephones and cell phones and Mrs. Constance Ruffley's work and personal computer, work telephone and cell phone, as each does not remember whether he or she erased relevant information to discovery. Pursuant to the Notice of Depositions and Subpoena, Plaintiff Larry Klayman seeks relevant information within the permissible scope of discovery regarding, among other things, (1) any and all documents that pertain to Plaintiff Larry Klayman; (2) any and all documents that relate to Larry Klayman and Mrs. Constance Ruffley; (3) any information, emails, or otherwise that relate to the blog in question dated February 23, 2013 [the defamatory statement at issue]; (4) records of telephone conversations between Mrs. Constance

Ruffley and any of the three Directors of Defendant Judicial Watch; and (5) any and all memoranda which refer or relate to Mrs. Constance Ruffley, any of the three Directors of Defendant Judicial Watch, or other employees of Defendant Judicial Watch. Plaintiff hereby withdraws the Request for Production of item 2 which requests: "Any and all items that refer or relate in any way to Judicial Watch." Defendant Judicial Watch produced two email conversations between Mrs. Constance Ruffley and the Directors of Judicial Watch but have failed to submit any documents responsive to items 1-6 of the Subpoena. Tellingly, the produced email conversations do not relate directly to the defamatory statements at issue. The issue, which is discussed in one email, shows a concern by Defendant Judicial Watch's Directors about incorrect information being disseminated and asks Mrs. Constance Ruffley to have it corrected. This information was benign in terms of exposing Defendant Judicial Watch to liability, as opposed to the egregious false statements published and then republished about Plaintiff Larry Klayman.

Thus, it defies logic that there are no produced written communications between Defendant Judicial Watch and its Directors, or other representatives of Defendant Judicial Watch to Mrs. Constance Ruffley concerning the defamatory statements at issue in this case, particularly since the Judicial Watch Directors have been sued before by Plaintiff Klayman for their unlawful acts. To mitigate its potential liability for these defamatory statements, it would stand to reason that Defendant Judicial Watch would have instructed Mrs. Constance Ruffley to correct the false statements, that is if Defendant Judicial Watch did not otherwise intent to harm Plaintiff Klayman.[1] (See Exhibit 1).

---

[1] Defendant's propensity not to tell the truth under oath was previously before this Court regarding Defendant Judicial Watch's and Tom Fitton's presence in South Florida. *See*

## II.   STATEMENT OF FACTS.

This action arises from a series of events that took place after Plaintiff Larry Klayman left Defendant Judicial Watch, a non-profit organization he had founded. Simply put, and because the facts of this case have been fully briefed, Defendant Judicial Watch by and through its agents, Thomas Fitton, Paul Orfanedes, Christopher Farrell, and Constance Ruffley, sought to willfully and maliciously harm Plaintiff Larry Klayman and his reputation, as well as harm his successful law practice. Defendant Judicial Watch, by and through its agents, directly defamed, disparaged and denigrated Plaintiff in order to discredit him and irreparably damage Plaintiff's reputation. Defendant also tortuously interfered with Plaintiff's legal practice in this district and caused him severe emotional distress because of the malicious statements made about him and his children, and that were subsequently published and republished. Specifically, Defendant Judicial Watch had published false and defamatory representations that Plaintiff Larry Klayman had been convicted of a crime for not paying child support[2] and, in an effort to maliciously attack and harm Plaintiff and his reputation further, intended to disseminate this blatant lie to donors who were supporting eligibility lawsuits in Florida.

## III.   LEGAL ARGUMENT.

### A. Defendant Has Failed to Comply With Applicable Law By Refusing to Produce Relevant Documents.

Rule 26(b) of the FRCP defines the scope of discovery as including any matter, not privileged, that is relevant to the claim or defense of any party. "[T]he court may order discovery

---

Plaintiff's Motion for Order to Show Cause Why Defendant Fitton Should Not Be Held in Contempt. [Dk #34].

[2] Plaintiff had a valid defense for not paying child support since his obligation was nullified under Virginia law as a result of extreme circumstances, in which he as completely and unlawfully denied access to his children. *Hartman v. Hartman*, Vir. Cir. 373, 1994 WL 1031136 (Apr. 13, 1994). Moreover, Plaintiff has never been convicted of any crime in any circumstance.

of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

It is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind.2002). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001). *See PharMerica, Inc. v. Health Prime, Inc.*, 2008 WL 779329 (N.D. Georgia March 19, 2008) (Congress created liberal discovery rules and has tried to ensure both parties' ability to obtain the information needed to resolve their dispute.).

Any objections, general or specific, therefore, must show that the requested discovery has no possible bearing on the claims or defenses of the case. *See id*. (citing *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C.1978)); *Graham*, 206 F.R.D. at 254 ("[t]he party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant."). This means that the requested discovery (1) does not come within the broad scope of relevance as defined in Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *Giardina v. Lockheed Martin Corp.*, 2003 WL 21276348 (E.D.La. May 30, 2003); *Gober v. City of Leesburg*, 197 F.R.D. 519 (M.D.Fla.2000).

Applying the above referenced authority, the facts and circumstances which precipitated this action by Plaintiff require Defendant Judicial Watch and its agents to produce such

documents and emails as they indeed bear on the claims of a party and most likely will lead to relevant evidence. Defendant Judicial Watch, by and through its agents, makes improper shotgun-style objections, including unsupported privilege claims. Defendant Judicial Watch did not produce a privilege log and it also completely failed to produce documents responsive to most if not all of the categories of materials Plaintiff seeks.

If there is a single sheet of paper, email, text message or otherwise – generated by or in the possession of Defendant Judicial Watch or its agents – that is relevant to this case, Defendant Judicial Watch has yet to produce it. If they exist, Plaintiff Klayman is entitled to it. If it is allegedly privileged, Defendant Judicial Watch must log it. And if no such documents exist, Defendant Judicial Watch should say so, instead of hiding behind objections and evasive language.

Many of Defendant Judicial Watch's objections recite the litany that "[t]his request is overly broad . . . unduly burdensome . . . irrelevant" (or some combination thereof). But Defendant Judicial Watch never explains *why* it believes any given request is burdensome or the like. Simply stating, "because it could require the search of extensive information" is simply not legally sufficient.

The Southern District of Florida Local Rules prohibit these conclusory objections. "A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Bank of Magnolia v. M&P Global Financial Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009). The party resisting discovery bears the burden to demonstrate specifically how the objected to request is unreasonable or unduly burdensome. *Panola Land*

*Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). But Defendant Judicial Watch does not back up its recitation with an affidavit or any other explanation.

Defendant Judicial Watch's objections are also rife with improper privilege claims. It is simply inappropriate to claim, "[t]his request may also seek privileged and confidential information." First, the assertion of privilege must be accompanied by an affidavit. *Martin v. New York City Transit Authority*, 148 F.R.D. 56, 60 (E.D.N.Y. 1993). Additionally, the documents sought to be protected must be identified and described, and Defendant Judicial Watch "must provide precise and certain reasons for asserting confidentiality over the requested information." *Reino De Espana v. American Bureau of Shipping*, 2005 WL 1813017 at *12 (S.D.N.Y. Aug. 1, 2005). Defendant Judicial Watch has done nothing more than assert the documents *may* be protected by privileged and confidential information. Defendant Judicial Watch offers no explanation, no description of the documents sought to be protected, and no affidavit. This too is legally insufficient.

Defendant Judicial Watch also failed to provide a privilege log, as it must if it intends to rely on any purported privilege claims. *See Consumer Electronics Assn. v. Compras and Buys Magazine, Inc.*, Case No. 08-21085-CIV, 2008 WL 4327253 at *1 (S.D. Fla. Sept. 18, 2008). Defendant Judicial Watch's failure to do so renders these aimless privilege assertions void. *See Anderson v. City of Naples*, No. 2:10-cv-111, 2010 WL 4853916 at *3 (M.D. Fla. Nov. 22, 2010) ("When a party does not intend to withhold information, otherwise discoverable, by claiming privilege . . . the party asserting the privilege must [file] a privilege log. Failure to produce [a] privilege log can result in waiver of the privilege.").

    B.  **Because of Defendant's Failure to Produce Relevant Discovery Documents and Agents of Defendant's Admission of Erasing Documents From Their Computers, a Third-Party Computer Retrieval Expert is Necessary.**

In recent years, federal courts have begun establishing a set of accepted computer inspection procedures. In light of Defendant Judicial Watch's failure to comply with relevant discovery law, a third-party computer expert is necessary to search Defendant Judicial Watch's work and personal computers, telephone records and cell phone records, as agents of Defendant Judicial Watch testify under oath that they do not remember whether they erased pertinent information regarding this case but do admit to deleting from the hard drive of a computer, at an obvious attempt to obstruct justice.

In determining whether to order forensic imaging of a party's computer, a court should consider whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for requested information, and the extent to which the responding party has complied with discovery requests. In *Wynmoor*, an insured non-profit condominium association filed a state court action to recover under a policy for losses caused by a hurricane. After removal, the insurer moved to compel production and forensic examination. There, because the requesting party demonstrated the responding party's failure to produce the requested information, the court held: "It would appear that Plaintiffs are either unwilling or unable to conduct a search of their computer systems for documents responsive to Defendant's discovery requests . . . the Court believes that a forensic examination of Plaintiffs' computers is warranted." *Wynmoor Community Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (2012).

Here, a computer expert will likely be able to retrieve the purged documents from Defendant Judicial Watch's work and personal computers and cell phones[3] by way of a forensic image, otherwise known as a "mirror image," among other means. A mirror image will "replicate bit for bit sector for sector, all allocated and unallocated space, including slack space, on a computer hard drive." *Bennett v. Martin*, 186 Ohio App.3d 412, 425, 928 N.E.2d 763 (10th District, 2009), quoting *Communications Ctr., Inc. v. Hewitt*, 2005 WL 3277983, *1 (E.D.Cal., Apr. 5, 2005). A mirror image "contains all the information in the computer, including embedded, residual, and deleted data." *Id*. The withheld documents, erased or otherwise, are both relevant and likely to lead to relevant discovery information. Thus, they are necessary to prepare for trial.

It is more than disturbing that each of the four testimonies by the Directors and Representative of Defendant Judicial Watch conveniently do not remember easily retainable information. Their lack of memory should be seen for what it is – an attempt to withhold documents that are potentially damning to Defendant Judicial Watch's wobbly defense.

For instance, aside from each Director of Defendant Judicial Watch conveniently having "no specific recollection" of communications with Constance Ruffley, communications with each other, or simply what kind of issues are raised in this case, Director Christopher Farrell, an investigator hired by Plaintiff Klayman several years ago, testifies that he does not know if Defendant Judicial Watch keeps a corporate book, he does not know what kind of computer he uses at work, yet admits that he sends emails off his Verizon iPhone. But, more disturbing, and further evidencing the improper actions and non-actions of the Directors of Defendant Judicial Watch toward Plaintiff Larry Klayman, Christopher Farrell testifies that threatening emails are

---

[3] Telephone call records can also be produced and a cell phone search will likely uncover relevant text messages or emails.

9

somewhat common from Plaintiff Larry Klayman, but fails to address why, if they are so common, *none* were produced for discovery purposes. As the party failed to produce documents in *Wynmoor*, the Court here too should appoint a forensic expert to retrieve the withheld requested documents.

## IV.     CONCLUSION

The information requested by the Notices of Depositions Duces Tecum and the Subpoena Duces Tecum served on Defendant Judicial Watch January 2, 1014 and January 24, 2014 respectively, are within the permissible scope of authority as set forth in Fed. R. Civ. P. 26(b), 34, 37(a) and 45, S.D. Fla. L.R. 26.1H as well as the relevant case law.

WHEREFORE, Plaintiff Larry Klayman respectfully requests that that the Court order Defendant Judicial Watch to produce all documents in response to the Notice of Depositions and the Subpoena, grant leave to Plaintiff to engage at Judicial Watch's expense a third-party computer and phone retrieval expert, and require Defendant Judicial Watch to obey the law.

Dated: February 18, 2014

Respectfully Submitted,

*/s/ Larry Klayman*
LARRY KLAYMAN
2520 Coral Way, Suite 2027
Miami, FL 33145
(310) 595-0800
leklayman@gmail.com

Plaintiff Pro Se

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on February 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 */s/ Larry Klayman*
                                                 LARRY KLAYMAN

                                                 Plaintiff Pro Se

## SERVICE LIST

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF