UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20610-CIV-ALTONAGA/SIMONTON

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC.,

    Defendant.
                               /

**AMENDED ORDER FOLLOWING DISCOVERY CONFERENCE**[1]

This matter is before the Court following an informal discovery conference. The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge (DE # 21). Plaintiff noticed this hearing to address the refusal by Orly Taitz to obey a subpoena and appear for a deposition on January 30, 2014. (DE # 63). Plaintiff sought an Order compelling Taitz to appear for her deposition and to show cause for her failure to appear. At the informal discovery hearing held on February 21, 2014, the Court ruled on the Plaintiff's discovery dispute, stating the reasons for the rulings on the record. This Order sets forth the ruling and incorporates by reference the reasons stated at the hearing.

At the outset of the hearing, the undersigned noted several flaws to Plaintiff's requested relief that Plaintiff could not counteract. First, Plaintiff had failed to demonstrate that Taitz had been served with the Notice of Hearing.[2] The undersigned

---

[1] The Court's prior Order contained a typographical error identifying the effective date of the amendment to Rule 45 as December 31, 2013.

[2] Plaintiff indicated during the hearing that he would need to check with his associate to determine whether Taitz had been served with the notice of the hearing. The service list, however, only shows service on defense counsel via CM/ECF. (DE # 63 at 3).

knows of no procedure that would comport with due process and allow a contempt hearing to proceed against Taitz when she failed to receive notice of that hearing.  More problematic for Plaintiff, however, was that he failed to comply with any of the requirements of Federal Rule of Civil Procedure 45.  Fed. R. Civ. P. 45 (effective December 1, 2013).  The rule requires a subpoena for a witness deposition to be issued from the court where the action is pending.  Fed. R. Civ. P. 45(a)(2).  Plaintiff incorrectly had the United States District for the Central District of California issue the Taitz subpoena.  (DE # 58-1).

In addition to obtaining the subpoena from the wrong court, Plaintiff is attempting to enforce that subpoena in the wrong jurisdiction.  Rule 45 permits the serving party to "move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(I).  Plaintiff has moved this Court for an order compelling Taitz to appear, not the court for the district where compliance is required (C.D. California) as mandated by the Rule.  Accordingly, the Court will deny, without prejudice, Plaintiff's request to enforce the subpoena and compel Taitz's appearance and the production of documents.

Plaintiff also identified another issue to address at the discovery conference that had not been properly noticed for the hearing.  The Court will reserve **Wednesday, March 5, 2014, at 10:00 a.m.** for a discovery conference on that issue.  The parties shall comply with the Court's discovery procedures and file a notice of hearing no later

than the close of business on **February 28, 2014**.

      **DONE AND ORDERED** in Miami, Florida, on February 21, 2014.

                                                     */s/ Andrea M. Simonton*
                                                     **ANDREA M. SIMONTON**
                                                     **UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
      **The Honorable Cecilia M. Altonaga**
      **Counsel of Record**