IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,

        Plaintiff,

v.

JUDICIAL WATCH, et. al.

        Defendants.

Case No: 1:13-cv-20610-CMA

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, Plaintiffs submit this Response to Judicial Watch's Statement of Material Facts in Support of Defendant's motion for summary judgment.

1. Disputed. Defendant's "fact" 1 constitutes argument, not a statement of fact, and accordingly is not appropriately included in Defendant's Statement and does not require a response.

2. Undisputed.

3. Undisputed.

4. Undisputed.  Klayman's reputation as a high profile attorney who promotes and fights for ethics in government adds to the amount of damage that was caused as a result of the Defendant's defamatory statement.

5. Undisputed.

6. Undisputed.

1

7. Disputed. Plaintiff has moved to compel Orly Taitz's deposition, as she defied a duly served subpoena, after evading and avoiding service for many weeks.

8. Undisputed that Orly Taitz is a California resident and attorney. Disputed as to the rest of the "facts" in number 8, as Plaintiff did not need to overhear Taitz' statements.

9. Disputed. As directed by Magistrate Judge Simonton, Plaintiff has filed a Motion to Compel Compliance with the Subpoena with the U.S. District Court for the Central District of California in order to compel the deposition of Taitz. Plaintiff has asked the California Federal Court to expeditiously refer the motion to this Court under Rule 45(f).

10. Undisputed.

11. Undisputed that Ruffley spoke with Taitz at the meeting attended by both Ruffley and Taitz. The rest of number 11 is disputed as Ruffley is conveniently lying that she "do[es] not recall stating that [Plaintiff] had been convicted for the crime of failure to pay child support." Taitz does recall the conversation, and stated that Ruffley conveyed to Taitz the following statement: "Ms. Ruffley actually advised me that Larry Klayman is not licensed in California, she told me that he no longer works with the Judicial Watch and that donors should know about litigation in Ohio, where he was convicted just recentlty [sic] of not paying large amount in child support. She provided a lot of other information. I will publish only, what is a public record. I am not publishing anything, [sic] that is not in public record." Amend. Compl. ¶12, Exhibit 1 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

12. Disputed. Whether Ms. Ruffley stated that she does not recall whether she used the word "convicted" or "indicted" creates a strong presumption, at a minimum, that Rully stated what Taitz published.

13. Disputed.  Ms. Ruffley's statement to Taitz that "donors should know" indicates that Ms. Ruffley expected *and intended* that the defamatory statements would **not** remain private.

14. Undisputed.  The website did not say Klayman was convicted.

15. Disputed.  The website is admissible for summary judgment purposes.

16. Disputed.  Plaintiff had to have contempt order issued in order to take the matter to the Court of Appeals Of Ohio, Eighth Appellate District.  However, all contempt orders were dismissed. Klayman Aff. ¶ 16, Attachments B, C.

17. Undisputed.  The press release did not say Klayman was convicted.

18. Disputed.  Plaintiff had to have contempt order issued in order to take the matter to the Court of Appeals Of Ohio, Eighth Appellate District.  However, all contempt orders were dismissed. Klayman Aff. ¶ 16, Attachments B, C.

19. Disputed.  Plaintiff had to have contempt order issued in order to take the matter to the Court of Appeals Of Ohio, Eighth Appellate District.  However, all contempt orders were dismissed. Klayman Aff. ¶ 16, Attachments B, C.

20. Disputed.  Plaintiff had to have contempt order issued in order to take the matter to the Court of Appeals Of Ohio, Eighth Appellate District.  However, all contempt orders were dismissed.  Klayman Aff. ¶ 16, Attachments B, C.  The affidavit of Stephanie DeLuca is not authenticated and cannot be used in the proceeding.

21. Disputed.  Plaintiff had to have contempt order issued in order to take the matter to the Court of Appeals Of Ohio, Eighth Appellate District.  However, all contempt orders were dismissed. Klayman Aff. ¶ 16, Attachments B, C.

22. Disputed.  The Virginia court did not find Plaintiff in arrears for child support, but rather alimony.  Plaintiff stopped paying support when visitation with his children was denied unilaterally without a court order by his ex-wife.  This contempt order was dismissed.

23. Disputed. Any such Capias was withdrawn by the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Klayman Aff. ¶ 16, Attachments B, C.

24. Disputed. Any such Capias was withdrawn by the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Klayman Aff. ¶ 16, Attachments B, C.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Undisputed.

29. Undisputed.

30. Undisputed.

31. Disputed. The litigation is ongoing.

32. Disputed. The litigation is ongoing.

33. Disputed. The "fact" contained in Paragraph 33 is nothing more than a legal argument.

Dated: March 17, 2014

                                               */s/ Larry Klayman*
                                               Larry Klayman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Larry Klayman*
LARRY KLAYMAN

Plaintiff Pro Se

## SERVICE LIST

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF