UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC.,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT OPPOSITION AND NOTICE OF OBJECTION TO AFFIDAVIT OF ORLY TAITZ**

Defendant, JUDICIAL WATCH, INC. ("Judicial Watch"), through undersigned counsel, submits the following Memorandum in Opposition to Plaintiffs Motion to Supplement Opposition [D.E. 91] and hereby notifies the Plaintiff and the Court of its objection to the Affidavit of Orly Taitz.

**I. The Affidavit is Untimely**

This case was filed on February 19, 2013. On July 19, 2013, this Court issued an Order [D.E. 21], which established a discovery deadline of January 31, 2014.

Orly Taitz is the only purported witness to the alleged defamatory statement upon which Plaintiff bases his claims. Taitz is arguably the most important witness to Plaintiff's case.

Judicial Watch filed a Motion for Summary Judgment on December 5, 2013 [D.E. 38]. Klayman responded to the Motion for Summary Judgment on January 9, 2014 [D.E. 46]. Klayman did not formally move for an extension of time to conduct discovery to respond to the Motion for Summary Judgment. He indicated, however, that he would consider supplementing the response to the Motion for Summary Judgment.

Klayman served a subpoena on Taitz on January 20, 2014, attempting to schedule her deposition for January 30, 2014 [D.E. 58]. Tatiz did not appear for the deposition and the discovery deadline passed. On February 21, 2014, this Court issued an Order noting that the subpoena issued to Taitz was issued from the wrong court [D.E. 75].

On February 21, 2014, this Court entered an Order [D.E. 74], which denied Defendant's Motion for Summary Judgment without prejudice and gave Judicial Watch the opportunity to refile a Motion for Summary Judgment on or before February 28, 2014. The Court noted Plaintiff's "intention to rebrief his submissions regarding summary judgment in light of new information revealed during discovery."

Judicial Watch refiled its Motion for Summary Judgment on February 28, 2014 [D.E. 83]. Klayman filed his response on that March 17, 2014 [D.E 89]. The response did not include an affidavit from Taitz.

On March 20, 2014, Klayman moved to supplement his opposition to the motion for summary judgment to include an affidavit from Taitz [D.E. 91].

Judicial Watch respectfully submits that the supplement is untimely. This case has been pending for more than a year. Klayman should have known from the outset of the case, February 19, 2013, that he needed sworn testimony from Taitz. Klayman should have known, as of December 5, 2014, that he needed an affidavit from Taitz. Klayman had ample opportunity to timely depose Taitz or to timely obtain an affidavit from Taitz. The affidavit was not filed within the time constraints for the response to the Motion for Summary Judgment. Judicial Watch respectfully submits that the affidavit is untimely and that it would be prejudicial to Judicial Watch to permit the filing at this time.

## II. The Affidavit is Defective

Additionally, the Affidavit of Taitz is defective because: it is conclusory; it does not indicate that it is based on personal knowledge; and it was not properly executed.

"[M]ere conclusory, uncorroborated allegations by a [non-moving] party in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment." *Batchelor-Robjohns v. U.S.*, 2013 WL 4542027, *4 (S.D. Fla.) (citing *Dent v. Giaimo*, 6060 F.Supp.2d 1357, 1359 (S.D. Fla. 2009). "Affidavits filed in opposition to a motion for summary judgment must be based on 'concrete particulars' and not conclusory allegations." *Benjamin v. Holy Cross Hosp., Inc.*, 2013 WL 1334565, *10 (S.D. Fla.). "[C]onclusory allegations without specific supporting facts have no probative value, and a party who wishes to successfully oppose a motion for summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." *Hutchinson v. Razdan*, 2013 WL 811879, *2 (S.D. Fla.) (citing *Cabrera v. Secy., Dep't of Transp.,* 468 F.App'x 939, 941 (11th Cir. 2012).

Rule 56(c)(4) of the Federal Rules of Civil Procedure states, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

The affidavit of Taitz does not state that it is based on personal knowledge. The affidavit contains only three short and conclusory paragraphs. The affidavit does not include "concrete particulars" or "specific facts."

The affidavit does not include any details of the alleged conversation with Constance Ruffley or the context of the conversation. Significantly, the affidavit does not state whether the

republication on Orly Taitz's website was expressly or impliedly authorized by Constance Ruffley. Klayman's entire case is based on the website publication and there is no indication whether Taitz and Ruffley discussed the website. Moreover, the affidavit does not include any details about the manner in which the website or posting were created or maintained.

The jurat on the Taitz affidavit is improper because it merely states, "The foregoing instrument was subscribed and sworn to before me this 20 day of March, 2014." This jurat does not comply with California law. California Government Code §8202 (a copy of which is attached hereto as Exhibit 1), states:

> (a) When executing a jurat, a notary shall administer an oath or affirmation to the affiant and **shall determine, from satisfactory evidence as described in Section 1185 of the Civil Code, that the affiant is the person executing the document**. The affiant shall sign the document in the presence of the notary.
>
> (b) To any affidavit subscribed and sworn to before a notary, there shall be attached a jurat in the following form:
>
> State of California
>
> County of _____
>
> Subscribed and sworn to (or affirmed) before me on this _____ day of _____, 20___, by _____, **proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me** [emphasis added].

The jurat on the Taitz affidavit does not indicate that the notary obtained satisfactory evidence confirming that Taitz was the person executing the affidavit.

The affidavit is not properly executed under California law. Furthermore, it cannot be considered a declaration under penalty of perjury under either California law or federal law because it does not state that it was executed under the penalty of perjury. *See* California Code of Civil Procedure §2015.5 and 28 U.S.C. §1746.

Judicial Watch respectfully submits that the affidavit of Taitz is defective and should not be considered as evidence in response to the Motion for Summary Judgment.

### III.  Conclusion

Accordingly, Judicial Watch respectfully requests that this Court deny Plaintiff's Motion to Supplement [D.E. 91].  Judicial Watch submits that the affidavit that Plaintiff is attempting to introduce is untimely and defective.

Dated: **March 25, 2014**             Respectfully submitted,

SCHWED KAHLE & KRESS, P.A.
11410 North Jog Road, Suite 100
Palm Beach Gardens, FL 33418
Telephone: (561) 694-0070
Facsimile: (561) 694-0057

/s/ Douglas J. Kress_____
Douglas J. Kress, Esq.
Florida Bar No.: 0061146
Email: dkress@schwedpa.com
*Attorneys for Defendant Judicial Watch, Inc.*

## Certificate of Service

I hereby certify that on **March 25, 2014**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Douglas J. Kress
Douglas J. Kress, Esq.
Florida Bar No.: 0061146

## SERVICE LIST

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com

VIA CM/ECF