UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC.,

    Defendant.
_____/

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, JUDICIAL WATCH, INC. ("Judicial Watch"), through undersigned counsel, submits the following Reply Brief in response to Plaintiff's Opposition [D.E. 89] and in further support of its Motion for Summary Judgment [D.E. 83].

## I. Introduction

Judicial Watch submits that the Opposition filed by the Plaintiff Larry Klayman ["Klayman"] fails to raise a genuine issue of material fact and that Judicial Watch is entitled to judgment as a matter of law. Klayman has failed to present competent evidence that the alleged defamatory statement was made. If the statement was made, there is absolutely no evidence that republication was authorized or reasonably foreseeable. The alleged defamatory statement was substantially true and Klayman cannot establish a defamation claim. Pursuant to the single publication/single action rule and the First Amendment, all claims asserted by Klayman are barred.

## II. Hearsay and Republication

There is no competent evidence that the alleged defamatory statement was made or that republication was authorized or reasonably foreseeable.

In his Opposition, Klayman attempts to create a basis for the admissibility of Orly Taitz's website without authentication. Klayman goes so far as stating, "Defendants (sic), however, ignore the fact that this case is not yet at the trial stage but only at the summary judgment stage, where there is no requirement that the evidence presented be established as admissible at trial." *See D.E. 89, Page 21 of 26.* This statement ignores that clear requirements of Rule 56 of the Federal Rules of Civil Procedure, which mandates that evidence used in opposition to a motion for summary judgment must be admissible. *See 56(c)(1)(B) and (4).*

The website publication, in itself, is pure hearsay and cannot be used as admissible evidence in opposition to the Judicial Watch's Motion for Summary Judgment.

Subsequent to filing is Opposition, Klayman moved to supplement his opposition with an affidavit from Orly Taitz. Judicial Watch has opposed this motion and provided its notice of objection to the affidavit. Judicial Watch incorporates those arguments herein. The affidavit of Taitz is untimely. Furthermore, the affidavit is procedurally defective because contains only conclusory statements.

"[M]ere conclusory, uncorroborated allegations by a [non-moving] party in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment." *Batchelor-Robjohns v. U.S.*, 2013 WL 4542027, *4 (S.D. Fla.) (citing *Dent v. Giaimo*, 6060 F.Supp.2d 1357, 1359 (S.D. Fla. 2009). "Affidavits filed in opposition to a motion for summary judgment must be based on 'concrete particulars' and not conclusory allegations." *Benjamin v. Holy Cross Hosp., Inc.*, 2013 WL 1334565, *10 (S.D. Fla.). "[C]onclusory allegations without specific supporting facts have no probative value, and a party who wishes to successfully oppose a motion for summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for

trial." *Hutchinson v. Razdan*, 2013 WL 811879, *2 (S.D. Fla.) (citing *Cabrera v. Secy., Dep't of Transp.,* 468 F.App'x 939, 941 (11th Cir. 2012).

Rule 56(c)(4) of the Federal Rules of Civil Procedure states, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

The affidavit of Taitz does not state that it is based on personal knowledge. The affidavit contains only three short and conclusory paragraphs. The affidavit does not include "concrete particulars" or "specific facts." The affidavit does not include any details of the alleged conversation with Constance Ruffley or the context of the conversation.

Most importantly, the affidavit does not state whether the republication on Orly Taitz's website was expressly or impliedly authorized by Constance Ruffley. Klayman's entire case is based on the website publication and there is no indication in the affidavit whether Taitz and Ruffley discussed the website.

That leaves the Court with nothing but the testimony from Constance Ruffley, which confirms that Constance Ruffley did not even know that Taitz had a website. *See SOMF [D.E. 81] ¶13.* Constance Ruffley expected that the conversation would remain private. *See SOMF [D.E. 81] ¶13.* There is absolutely no evidence that Judicial Watch authorized the publication of the alleged statement on the website or that Judicial Watch even knew about the website. There is no evidence that the publication on the website was reasonably foreseeable.

Furthermore, the jurat on the Taitz affidavit is improper because it merely states, "The foregoing instrument was subscribed and sworn to before me this 20 day of March, 2014." This jurat does not comply with California law. California Government Code §8202 states:

> (a) When executing a jurat, a notary shall administer an oath or affirmation to the affiant and **shall determine, from satisfactory evidence as described in Section 1185 of the Civil Code, that the affiant is the person executing the document**. The affiant shall sign the document in the presence of the notary.
>
> (b) To any affidavit subscribed and sworn to before a notary, there shall be attached a jurat in the following form:
>
> State of California
>
> County of _____
>
> Subscribed and sworn to (or affirmed) before me on this _____ day of _____, 20___, by _____, **proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me** [emphasis added].

The jurat on the Taitz affidavit does not indicate that the notary obtained satisfactory evidence confirming that Taitz was the person executing the affidavit.

The affidavit is not properly executed under California law. Furthermore, it cannot be considered a declaration under penalty of perjury under either California law or federal law because it does not state that it was executed under the penalty of perjury. *See* California Code of Civil Procedure §2015.5 and 28 U.S.C. §1746.

There is simply no competent evidence that Judicial Watch made the alleged statement or that Judicial Watch is liable for the republication of the alleged statement.

## IV. Substantial Truth

The Substantial Truth defense bars Klayman's claims. If the alleged "conviction" statement was made, it was substantially true, based on Klayman's multiple findings of contempt of court, his indictment for failure to pay child support, and the capias issued for his arrest.

Judicial Watch submitted competent and compelling evidence establishing that Klayman had been indicted for failure to pay child support and found in contempt of court on three

occasions for failure to pay child support. *See* SOMF [D.E. 81] ¶¶ 16 – 26. The evidence included certified copies of contempt orders, a certified copy of the indictment, a citation to a reported decision, an affidavit from Klayman's ex-wife, and Klayman's own deposition testimony. Klayman now attempts to dispute some of this evidence, but in doing so, he only reinforces the evidence of his failure to pay child support and establishes that the contempt orders and indictment were in force at the time of the allegedly defamatory statement.

Klayman states the following in response to Paragraphs 16, 18, 19, 19, 20[1], and 21 of Judicial Watch's Statement of Material Facts [D.E. 81]:

> Disputed. Plaintiff had to have contempt order issued in order to take the matter to the Court of Appeals Of Ohio, Eighth Appellate District. However, all contempt orders were dismissed. Klayman Aff. ¶ 16, Attachments B, C. See D.E. 88, ¶¶ 16, 18, 19, 19, 20, and 21.

Klayman does not deny that he was indicted for failure to pay child support and that he was found in contempt of court on three occasions. To the contrary, he essentially admits these facts, but states that his actions were justified.

Klayman also argues that the various child support proceedings were dismissed. The alleged "dismissal," however, did not occur until months **after** the alleged statement by Constance Ruffley. According to Klayman's own allegations and evidence, the allegedly defamatory statement was made on February 22, 2012. According to Attachment B to Klayman's Opposition, Klayman and his ex-wife entered into an "Agreed Judgment Entry Regarding Child Support Arrearage and Withdrawal of Capias" on April 20, 2012 **two months after the allegedly defamatory statement**. *See D.E. 89-3, Pages 19 and 20 of 631.* Klayman failed to present any evidence indicating that the contempt orders or the capias were dismissed

---

[1] In response to Paragraph 20, Klayman also states, "The affidavit of Stephanie DeLuca is not authenticated and cannot be used in the proceeding."

on or before February 22, 2012. The Agreed Judgment Entry Regarding Child Support Arrearage and Withdrawal of Capias also reveals that the Ohio court had issued a capias on October 13, 2011 against Klayman. According to Attachment C to Klayman's Opposition, the criminal indictment was dismissed on April 20, 2012, approximately two months after the allegedly defamatory statement. *See D.E. 89-3, Page 22 of 631*.

According to the evidence presented to this Court by Judicial Watch and Klayman, all of the following were true as of February 22, 2012, the date of the alleged defamatory statement:

- Klayman had been found in contempt of court for failing to pay child support on three occasions.

- An Ohio domestic relations court had issued a capias for Larry Klayman.

- An Ohio criminal court had indicted Klayman for a crime for failure to pay child support.

- The contempt charges, the capias, and the indictment had not been dismissed.

While attempting to refute the Judicial Watch's evidence, Klayman himself acknowledges and magnifies the evidence presented by Judicial Watch.

It appears that Klayman does not quarrel with the law cited by Judicial Watch related to the substantial truth defense. Klayman cites no compelling, contrary authority. Klayman attempts to distinguish the various cases on their facts, but the cases are not distinguishable.

The gist or sting of the alleged comment from Constance Ruffley was not worse than the gist or sting of the literal truth. Again, the evidence confirms three contempt of court findings, one capias, and one indictment, all related to the failure to pay child support. The gist or sting of these undisputed facts is not worse than the gist or sting of the alleged comment, "donors should know about litigation in Ohio where Klayman was convicted just recently of not paying a large amount of child support."

The defamation claim is barred by the Substantial Truth defense. Based on the single publication/single action rule and the First Amendment, all other claims are also barred.

## V. <u>Actual Malice</u>

Klayman attempts to construct a case for actual malice, but there is simply no evidence of actual malice. Klayman speculates that there was some grand scheme to convey detrimental information to Orly Taitz. There is simply no supporting evidence. In fact, Connie Ruffley attested through her Declaration Under Penalty of Perjury, "The information that I conveyed to Orly Tatiz was gathered through my own independent research. No one from Judicial Watch advised me of this information or instructed me to convey information to Orly Taitz." *See D.E. 81-4, ¶9.* There is no evidence to the contrary.

Judicial Watch was not even aware that Ms. Ruffley was planning to attend the meeting where the allegedly defamatory statement was made. *See Orfanedes Deposition, p. 36, line 13 through p. 37, line 6 (D.E. 89-3 Pages 86 and 87 of 631).* There is absolutely no evidence of a plan or scheme to defame Klayman.

There is no evidence that Constance Ruffley feels any malice toward Larry Klayman. In fact, Ms. Ruffley testified that she has a high regard for Klayman on a personal level. *Constance Ruffley Deposition, p. 57, line 13 through p. 14, line 6 (D.E. 89-3 Page 560 of 631).*

Given the lack of evidence of actual malice "before-the-fact" Klayman attempts to establish actual malice "after-the-fact." Klayman relies on the deposition testimony of Judicial Watch directors, Thomas Fitton, Christopher Farrell and Paul Orfanedes. The directors did not know about then alleged comment until after-the-fact, when Klayman sent threatening correspondence to Judicial Watch's counsel. Klayman had been hostile to Judicial Watch for years prior to 2012. Klayman filed multiple lawsuits against Judicial Watch, had other people

bring lawsuits against Judicial Watch, and filed bar complaints against Judicial Watch. *See Orfanedes Deposition, p. 29, lines 11 through 19 (D.E. 89-3 Page 79 of 631).*

Klayman argues and speculates that his notice to Judicial Watch's counsel after website posting, together with the failure to take corrective action demonstrates actual malice, or some type of ratification. This speculation is misplaced.

When Klayman contacted Judicial Watch after the alleged statement, Judicial Watch was concerned that Klayman was "making yet another threat against the corporation." *See Orfanedes Deposition, p. 44, line 22 through p. 45, line 1 (D.E. 89-3 Pages 94 and 95 of 631).* Paul Orfanedes noted that he reviewed Taitz's website after Klayman's contact and he observed that the website also noted that Klayman had only been indicted. *See Orfanedes Deposition, p. 117, line 21 through p. 119, line 11 (D.E. 89-3 Pages 167 through 169 of 631).* Also, by the time the issue was brought to the attention of the Judicial Watch directors, Orly Taitz had made a posting on February 26, 2012 correcting[2] the February 23, 2012 posting, noting that Klayman had only been indicted and not convicted. *See Orfanedes Deposition, p. 117, line 21 through p. 119, line 11 (D.E. 89-3 Pages 167 through 169 of 631).* Within three days of the original posting, Judicial Watch observed a posting from Orly Taitz which stated, "Mr. Klayman was indicted on two counts of criminal non-support, but he was not convicted yet." *See Orfanedes Deposition, p. 124, line 20 through p. 125, line 20 (D.E. 89-3 Pages 174 through 175 of 631).*

Given the prior hostility, claims and threats from Klayman, together with the correction of the Orly Taitz website, it is unreasonable to assume or argue that Judicial Watch's reaction to Klayman's allegations constituted "actual malice after-the-fact" or some type of ratification.

---

[2] The correction was made on February 26, 2012 and it was read into the record by Klayman during the deposition of Paul Orfanedes from page 123, line 14 through page 125, line 15. D.E. 89-3 Pages 173 through 175 of 631).

The multiple lawsuits by Klayman against Judicial Watch suggest that Klayman maintains some malice toward Judicial Watch. Judicial Watch respectfully submits that Klayman should not be permitted to manufacture a case for actual malice by repeatedly attacking Judicial Watch and creating animus, especially since there is no evidence of a plan to convey information to Taitz.

There is simply no evidence of actual malice.

### VII. Conclusion

For the reasons stated in its Motion for Summary Judgment and for the reasons stated herein, Judicial Watch respectfully requests that this Court enter summary judgment in its favor on all of Klayman's claims.

Dated: **March 25, 2014**                Respectfully submitted,

                                        SCHWED KAHLE & KRESS, P.A.
                                        11410 North Jog Road, Suite 100
                                        Palm Beach Gardens, FL 33418
                                        Telephone: (561) 694-0070
                                        Facsimile: (561) 694-0057

                                        /s/ Douglas J. Kress_____
                                        Douglas J. Kress, Esq.
                                        Florida Bar No.: 0061146
                                        Email: dkress@schwedpa.com
                                        *Attorneys for Defendant Judicial Watch, Inc.*

*Klayman v. Judicial Watch, Inc., et al*
*Case No. 13-20610-CIV*
*Page 10*

## Certificate of Service

I hereby certify that on **March 25, 2014**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Douglas J. Kress
Douglas J. Kress, Esq.
Florida Bar No.: 0061146

## SERVICE LIST

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com

VIA CM/ECF