UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20610-CIV-ALTONAGA

**LARRY E. KLAYMAN**,

    Plaintiff,

vs.

**JUDICIAL WATCH, INC.**, *et al.*,

    Defendants.
_____/

## ORDER PROVIDING INSTRUCTIONS FOR JURY TRIAL

THIS CAUSE came before the Court *sua sponte*. It is hereby:

**ORDERED AND ADJUDGED** as follows:

### EVIDENTIARY MATTERS

1. In preparation for the jury trial scheduled to commence during the two-week trial period beginning **May 19, 2014**, counsel shall meet and prepare an Exhibit Notebook, consisting of three (3) divisions. The first division shall contain the parties' joint exhibits; the second division shall contain Plaintiff's exhibits; and the third division shall contain Defendants' exhibits. Those exhibits which are joint shall not be repeated in the second or third divisions of the notebook. <u>Each division shall be clearly and adequately designated (tabbed) and each exhibit appropriately labeled</u>. The first page after each tab shall be a face page identifying the exhibit by number and type (i.e., Joint, Plaintiff's or Defendants'). The Exhibit Notebook shall also include an exhibit index. The parties shall include in the Notebook only those exhibits that are considered absolutely necessary. The failure to include any particular exhibit in the Notebook, however, shall not preclude admission of any exhibit that was properly listed on the party's

CASE NO. 13-20610-CIV-ALTONAGA

pretrial exhibit list.

2. At the **calendar call** on **May 14, 2014**, the parties shall submit to the Court the index of the exhibits in the Exhibit Notebook. The index must be prepared on Form AO 187, with objections to exhibits indicated. Counsel shall each have a copy of the Exhibit Notebook and shall provide a copy to the Court on the first day of trial. To the extent possible, the Court will rule on all objections at that time.

3. Following the Court's rulings on motions *in limine* and objections to exhibits, counsel shall revise the Exhibit Notebook (including the Court's and each counsel's copy) in accordance with the Court's rulings. The revised Exhibit Notebook shall contain only those Exhibits to which there is no objection.

4. Subsequent to the Court's ruling on any pending motions *in limine*, the parties shall submit: (a) an updated assessment of the estimated time required for the trial of this action; and (b) a list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, the amount of time needed for direct and cross examination.

## JURY SELECTION

5. The Court shall, in most cases, conduct voir dire. At or before **calendar call**, each side may file and serve requested voir dire questions. The Court will use the parties' proposed voir dire, plus have each member of the jury panel answer written biographical questions. Following this two-part initial voir dire, each side may, at the Court's discretion, have additional time per party to conduct supplemental voir dire.

CASE NO. 13-20610-CIV-ALTONAGA

6. Counsel shall meet and prepare a concise, non-argumentative statement of the case to be read to the jury in connection with voir dire. The statement shall be filed with the Court also at or before the **calendar call**.

INSTRUCTIONS REGARDING THE USE OF DEPOSITIONS AT TRIAL

If deposition transcripts will be used at trial, the parties shall comply with the following guidelines:

7. At least seven (7) days in advance of trial, Plaintiff(s) shall serve designations of any deposition transcripts it intends to use at trial. At least five (5) days in advance of trial, Defendant(s) shall serve its counter-designations, together with any objections to Plaintiff(s)' designations. At least three (3) days in advance of trial, Plaintiff shall serve any rebuttal designations, together with any objections to Defendant(s)' counter-designations. At least two (2) days in advance of trial, Defendant(s) shall serve any objections to Plaintiff(s)' rebuttal designations.

8. At least one (1) day in advance of trial, the parties shall prepare and JOINTLY FILE one transcript for each deposition to be used during trial. The parties shall edit the transcript, using a mini-transcript when available, to remove all irrelevant, extraneous and unnecessary pages. Each portion of the testimony designated shall be bracketed to indicate beginning and end. A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript. In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript. The parties may either write their objections in the margins, or use logical abbreviations that will be

3

CASE NO. 13-20610-CIV-ALTONAGA

apparent to the Court and other parties (for example "H" for hearsay). If the parties use abbreviations, the notice of filing must include a key for the Court's reference.

9. A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing. Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

## MISCELLANEOUS INSTRUCTIONS

10. If the case is settled, counsel shall inform the Court promptly by calling the Judge's Chambers and to submit an appropriate order for dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1). The proposed order SHALL be filed no later than ten (10) days after notice of settlement is given to the Court. In any event, the deadline for submitting any notice of settlement is noon the day before the first day of trial, to give the Court sufficient time to make changes to the calendar and any requests for the summoning of jurors.

11. In order to facilitate the accurate transcription of the trial proceeding by the court reporter, the parties shall file copies of (1) the witness and exhibit lists, and (2) a designation of unique proper nouns/names which may be raised at trial, to be received no later than **five (5) days** prior to the scheduled trial period.

12. **Non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal**.

All dates established by prior Court Order remain in effect, except that, to the extent any of the provisions of this Order conflict with a prior Court Order, this Order controls.

CASE NO. 13-20610-CIV-ALTONAGA

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of April, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record