UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC.,

    Defendant.
_____/

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE**

Defendant Judicial Watch, Inc. ("Judicial Watch"), through undersigned counsel, submits the following Reply Brief in further support of its Motion in Limine [D.E. 107].

In the Motion in Limine, Judicial Watch seeks an order (1) precluding Plaintiff Larry Klayman ("Klayman") from presenting comment, argument, testimony, or evidence of alleged monetary losses or (2) in the alternative, precluding Klayman from presenting comment, argument, testimony, or evidence of alleged monetary losses beyond what has been produced in discovery.

**I. All Alleged Monetary Losses Should Be Excluded**

Klayman's claim for monetary losses is vague, inconsistent with the allegations in the Amended Complaint, and not supported by the required expert testimony. In the Amended Complaint, Klayman asserted that he entered into a contractual agreement with a "citizen and voter" of Florida to file litigation challenging the candidacy of Barack Obama. In discovery, Klayman did not produce a "contractual agreement" with a citizen and voter of Florida. Instead, he produced an email to a California resident confirming the terms of the alleged representation. Klayman then produced an alleged unpaid legal bill in the amount of $16,084.55. The bill was

directed the California residents. Klayman theorizes that the bill was not paid because of the statements he attributes to Judicial Watch. Klayman provides no evidence that donors would have funded the Florida lawsuit upon learning that he had been criminally indicted in Ohio. In other words, there is no evidence that the alleged "convicted" comment, as opposed to an "indicted" comment, produced a different result. Klayman has not identified an expert witness to support his claim for attorney's fees. Klayman alleges that he will present his own testimony and ". . . the testimony of witnesses who can attest from personal knowledge the amount of compensation lost as a result of Defendant's actions . . ." *D.E. 111, Page 6 of 11.* Klayman has not timely identified such alleged witnesses and, in fact, his answers to interrogatories identify only Orly Taitz and representatives of Judicial Watch as potential witnesses. *D.E. 107-3, Page 4 of 13.* Those identified witnesses have no knowledge of Klayman's alleged losses. Judicial Watch will object to any other witnesses.

Klayman cites a number of cases suggesting that he is not required to establish damages with certainty. Judicial Watch respectfully submits that Klayman misses the point. Judicial Watch is seeking the exclusion of monetary losses. In response to discovery, Klayman failed to produce competent evidence of monetary losses.

Klayman also asserts that he is not required to produce expert testimony and he has attempted to distinguish the cases cited by Judicial Watch by arguing that those cases deal with the taxation of costs at the conclusion of trial. Judicial Watch respectfully submits that Klayman fails to distinguish the cases.

In this case, Klayman is seeking to be compensated for his own fees which allegedly were not paid by his clients. If those clients refused to pay Klayman's fees (for reasons completely unrelated to Judicial Watch) and Klayman filed an action to recover his fees from the

clients, Klayman would clearly be required to present expert testimony regarding the reasonableness his fees. In *Robin Roshkind, P.A. v. Machiela*, 45 So.3d 480, 481 (Fla. 4th DCA 2010), the court found that an attorney seeking fees through a charging lien was required to produce expert testimony regarding the reasonableness of the fees. Klayman's burden should be no different when seeking to recover those fees from Judicial Watch.

Judicial Watch recognizes that there is a "wrongful act" exception to the rule requiring expert testimony. That is, when the wrongful act of a defendant has involved the claimant in litigation with others forcing the claimant to incur expenses, the claimant may not be required to produce expert testimony to establish a claim for attorney's fees. *See Schwartz v. Bloch*, 88 So.3d 1068 (Fla. 4th DCA 2012). This case is different, however. Klayman placed himself in the litigation and Klayman was not defending himself in the litigation.

The requirement of expert testimony to establish the right to attorney's fees remains "etched" in Florida law. *Id.* at 1071; *Robin Roshkind, P.A. v. Machiela*, 45 So.3d 480, 481 (Fla. 4th DCA 2010). "The establishment of a reasonable fee for an attorney's service is not simply the number of hours times the hourly rate." *Robin Rishkind,* 45 So.3d at 482.

Klayman has not produced the required evidentiary support for his vague claim for attorney's fees. Klayman has failed to produce any evidence of other monetary losses. Accordingly, Judicial Watch respectfully requests that this Court enter an Order in Limine precluding Klayman from presenting comment, argument, testimony, or evidence of alleged monetary losses.

## II. <u>Alternative Argument</u>

Through proper written discovery, Judicial Watch sought evidence of any alleged monetary losses claimed by Klayman. Klayman's production was limited to one allegedly unpaid

legal bill in the amount of $16,084.55. In the Motion in Limine, Judicial Watch argues that Klayman should be prohibited from introducing evidence of monetary losses beyond this alleged loss of $16,084.55. In his response to the Motion in Limine, Klayman essentially ignores this issue. He does not present any argument, applicable law, or evidence suggesting that he should be permitted to introduce evidence of monetary losses beyond $16,084.55.

As noted above, Judicial Watch believes that Klayman should be prohibited from producing any evidence of monetary losses. Nonetheless, at a minimum, Judicial Watch submits that it is entitled to an Order in Limine precluding Klayman from producing any comment, argument, testimony, or evidence of monetary losses beyond $16,084.55.

Dated: **May 5, 2014**                      Respectfully submitted,

                                        SCHWED KAHLE & KRESS, P.A.
                                      11410 North Jog Road, Suite 100
                                      Palm Beach Gardens, FL 33418
                                      Telephone: (561) 694-0070
                                      Facsimile: (561) 694-0057

                                      /s/ Douglas J. Kress_____
                                      Douglas J. Kress, Esq.
                                      Florida Bar No.: 0061146
                                      Email: dkress@schwedpa.com
                                      *Attorneys for Defendant Judicial Watch, Inc.*

**Certificate of Service**

I hereby certify that on **May 5, 2014**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Douglas J. Kress_____
Douglas J. Kress, Esq.
Florida Bar No.: 0061146

**SERVICE LIST**

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com

VIA CM/ECF