UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA

**LARRY KLAYMAN**,

      Plaintiff,

v.

**JUDICIAL WATCH, INC.**,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Larry Klayman's Motion to Modify Court's Order of May 23, 2014 ("Motion") [ECF No. 125], filed on May 27, 2014. The May 23, 2014 Order [ECF No. 124] granted in part and denied in part Defendant, Judicial Watch, Inc.'s Motion for Summary Judgment . . . [ECF No. 83]. The present Motion requests the Court modify the May 23 Order to allow Plaintiff to prove his claim of defamation *per se* under the theory Defendant accused Plaintiff of being convicted of a felony. (*See* Mot. 2). The Court has carefully considered the Motion, Defendant's Response . . . [ECF No. 129], the record, and applicable law.

The deadline for filing pre-trial motions passed long ago on February 18, 2014 (*see* July 13, 2013 Scheduling Order [ECF No. 21]), and Plaintiff has not obtained an extension of that deadline. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997). Moreover, the Court has already addressed Plaintiff's argument that he was indicted on two counts of criminal nonpayment of child support for a term of twenty-six weeks — classified as a fifth-degree felony in Ohio, as follows:

> The statement from Taitz's website that Klayman 'was convicted just recentlty [sic] of not paying large amount [sic] in child support'. . . does not impute to Klayman a

Case No. 13-20610-CIV-ALTONAGA/O'Sullivan

> criminal offense 'amounting to a felony'. . . . Nothing included in the online publication suggests the offense of nonpayment of child support amounts to a felony, as the posting does not list any aggravating factors indicative of a felony or otherwise characterize the offense as a felony. Without more, the publication lacks sufficient detail for a reader to conclude the crime involved is a felony. *See Scobie v. Taylor*, No. 13-60457-CIV, 2013 WL 3776270, at *4 (S.D. Fla. July 17, 2013) ("When context is considered and 'extrinsic facts and innuendo are needed to prove the defamatory nature of the words,' the statements are not defamatory *per se*". . . .). Furthermore, because it is the purportedly defamatory statement that must impute the criminal offense amounting to a felony, whether the underlying facts actually support a felony offense is not relevant.

(May 23, 2014 Order 8–9 (alterations added; internal citations omitted)). Simply because Plaintiff was indicted for failing to pay child support does not mean Defendant actually accused Plaintiff of being convicted of a felony in the published statement given the offense of criminal nonsupport may be charged as a misdemeanor (without the felony enhancement) or a felony in Ohio. *See State v. Christenson*, No. 99CA-A-02-006, 1999 WL 976175, at *4 (Ohio Ct. App. Oct. 25, 1999) (explaining failure to pay child support for twenty weeks constitutes misdemeanor criminal nonsupport without the felony enhancement). Without more, the allegedly defamatory accusation does not qualify as defamation *per se* on this ground. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion [ECF No. 125] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of May, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record