IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY KLAYMAN,

        Plaintiff,

v.

JUDICIAL WATCH, et. al.

        Defendants.
_____/

**BENCH BRIEF ON ADMISSIBILITY OF DEPOSITIONS OF CORPORATE OFFICERS, BOARD OF DIRECTORS, AND MANAGING AGENTS**

**Introduction**.

Plaintiff brought this lawsuit against Defendant Judicial Watch ("Defendant") for defamation, defamation by implication, tortious interference with a contract, and for intentional infliction of emotional distress. The action arises out of the knowingly false statements made by Constance Ruffley ("Ruffley"), an Office Administrator and Management Representative of Judicial Watch, who, while acting under the authority and direction of Judicial Watch's directors, maliciously and willfully conveyed false and defamatory statements about Plaintiff, alleging that Plaintiff had been "convicted" of a crime for not paying child support and that this information should be given to donors.

During discovery, Plaintiff took the depositions of Defendant's corporate officers and members of its Board of Directors. Specifically, Plaintiff took the deposition of Thomas Fitton ("Fitton"), Defendant Judicial Watch's president, Paul Orfanedes ("Orfanedes"), Secretary and Treasurer of Judicial Watch, and the head of Defendant Judicial Watch's Litigation Department,

1

and Christopher J. Farrell ("Farrell"), Defendant Judicial Watch's Director of Investigations & Research and the third member of the Board of Directors. Thus, Fitton and Orfanedes are officers and members of the Board of Directors, and Farrell is a member of Defendant Judicial Watch's Board of Directors[1]. Further, Constance Ruffley ("Ruffley"), the Office Administrator and Management Representative, was also deposed during trial. Under the Federal Rules of Civil Procedure (FRCP), Plaintiff may utilize the depositions of Defendant's corporate officers, members of its board of directors, and managing agents for any use during trial and these depositions may come directly into evidence.

**Plaintiff May Use The Depositions Of Directors and Officers For Any Purpose At Trial**

Fitton, Orfanedes, and Farrell Depositions

FRCP 32, states, in pertinent part:

(a) Using Depositions.

> (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8).
>
> (2) *Impeachment and Other Uses.* Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.
>
> **(3) *Deposition of Party, Agent, or Designee.* An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).**

FRCP 32. (emphasis added).

---

[1] See http://www.judicialwatch.org/about/board-of-directors/

Importantly, Rule 32(a)(3) allows a party to introduce deposition testimony against a party opponent for any purpose if the person deposed is an "officer, director, managing agent, or designee [of the party opponent] under Rule 30(b)(6) or 31(a)(4)." A deposition falling within the scope of Rule 32(a)(3) is admissible regardless of whether the person deposed is unavailable to testify at trial. *Bianco v. Globus Med., Inc.*, 2014 U.S. Dist. LEXIS 28464 (E.D. Tex. Mar. 6, 2014); *See also Union Pump Co. v. Centrifugal Tech., Inc*., 404 Fed. Appx. 899, 907 (5th Cir. La. 2010) ("…. FRCP 32(a)(3) permits an adverse party to use that deposition testimony (for any purpose) during trial."). Indeed, Rule 32(a)(3) is "liberally construed," and "it may not refuse to allow the deposition to be used merely because the party is available to testify in person." *N. Ins. Co. of N.Y. v. Albin Mfg. Inc.*, No. 06-CV-190 (S), 2008 U.S. Dist. LEXIS 61403 at *3 n.4 (D.R.I. Aug. 8, 2008).

Here, Fitton, Orfanedes, and Farrell, are all officers of Defendant Judicial Watch and members of its Board of Directors. The depositions taken during discovery are thus admissible *for any purpose* at trial, according to the language of Rule 32 and may come directly into evidence subject to court rulings on objections to specific questions.

Ruffley Deposition

In addition, Ruffley, the Office Administrator and Management Representative, was clearly acting as a managing agent for Judicial Watch in California location. As discussed below, this position qualifies her as a "managing agent" under Rule 32, and her deposition is also admissible for any use at trial.

Particularly in the more recent decisions on the "managing agent" issue, the courts have given particular emphasis to the importance of the employee's responsibilities "with respect to the subject matter of the litigation." *Sugarhill Records Ltd. v. Motown Record Corp*., 105

3

F.R.D.166, 170 (S.D.N.Y. 1985); *see United States v. Afram Lines*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); *Calderon v. Experian Info. Solutions, Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012); *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 349-50 (N.D. Ohio 1999); *Dubai Islamic Bank v. Citibank, N.A.*, 2002 U.S. Dist. LEXIS 9794, 2002 WL 1159699, at *2-3 (S.D.N.Y. 2002); *Botell v. United States*, 2013 U.S. Dist. LEXIS 12075, 2013 WL 360410, at *4-6 (E.D. Cal. 2013); *Edu-Science (USA), Inc. v. Intubrite, LLC*, 2013 U.S. Dist. LEXIS 125599, 2013 WL 4716232, at *2-3 (S.D. Cal. 2013); s*ee also Kolb v. A.H. Bull Steamship Co.*, 31 F.R.D. 252, 254 (E.D.N.Y. 1962). That is because, as one court explained, the purpose of obtaining a deposition from a corporate representative would be largely defeated "if only those persons came within the category of 'managing agent' whose rank in the corporate hierarchy was so exalted that they would be extremely unlikely to have any knowledge of the day to day dealings of the corporation with its customers and suppliers." *Rubin*, 18 F.R.D. at 55.[2]

     Here, Ruffley was in charge of Defendant Judicial Watch's California office and was the only decision maker at the office. Ruffley reports directly to Defendant's officers and board members located in Washington, D.C., and is in constant communication with them. More importantly, Ruffley testified under oath at her deposition taken on January 31, 2014 that she is in charge of and thus manages the west coast office of Judicial Watch in San Marino, CA. Ruffley Deposition at 12-15. *See* Ruffley Affidavit at p. 4 ("I am employed as the Office Administrator for Judicial Watch, Inc.'s Western Regional Headquarters in San Marino

---

[2] Moreover, courts have held that the term "managing agent" should "not be given too literal an interpretation." *Kolb*, 31 F.R.D. at 254. The facts of this case apply the principle and make clear that the term "managing agent" is not read restrictively to be limited to persons in the upper management of the corporation. Instead, the courts have found particular employees to be "managing agents" of the corporation if they had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case. *Bianco*, 2014 U.S. Dist. LEXIS 28464 at 7-8.

California."). Her role clearly classifies her as a managing agent for the purposes of Rule 32, and her deposition is also available for any use at trial.

**Conclusion.**

For the reasons stated above, Plaintiff may use the depositions of Fitton, Orfanedes, Farrell, and Ruffley, for any purpose at trial, as they were all either officers, members of Defendant's board of directors, or managing agents of Judicial Watch and their depositions are all admissible pursuant to Federal Rules of Civil Procedure Rule 32.

Dated: May 29, 2014

                                                      Respectfully Submitted,

                                                      */s/ Larry Klayman*
                                                      LARRY KLAYMAN
                                                      2520 Coral Way, Suite 2027
                                                      Miami, FL 33145
                                                      (310) 595-0800
                                                      leklayman@gmail.com

                                                      Plaintiff Pro Se

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on May 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                 */s/ Larry Klayman*
                 LARRY KLAYMAN

                 Plaintiff Pro Se

## SERVICE LIST

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF