**IN UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY KLAYMAN,

                Plaintiff,

v.

JUDICIAL WATCH, et. al.

                Defendants.

_____/

## BENCH BRIEF ON ADMISSIBILITY OF REBUTTAL EVIDENCE AND TESTIMONY

Introduction.

       Plaintiff brought this lawsuit against Defendant Judicial Watch, Inc. ("Defendant") for

defamation, defamation by implication, tortious interference with a contract, and for intentional

infliction of emotional distress. The action arises out of the knowingly false and misleading

statements made by Constance Ruffley ("Ruffley"), an Office Administrator and Management

Representative of Judicial Watch, who, while acting under the authority and direction of Judicial

Watch's directors, maliciously and willfully conveyed false,  misleading and defamatory

statements about Plaintiff, alleging that Plaintiff had been "convicted" of a crime for not paying

child support and that this information should be given to Plaintiff's donors.

       On May 13, 2014, Defendant Judicial Watch served onto Plaintiffs, and filed with the

Court, an exhibit and witness list that included documents that made it unequivocal that

Defendants will attempt to attack and diminish Plaintiff's reputation and standing in the

community.  This is particularly important in this case, because the severe harm suffered by

Plaintiff to his reputation and standing in the community is a large part of his claim for

defamation against the Defendants.  As such, Plaintiff requires the use of rebuttal witnesses and evidence in order to rehabilitate and rebut the attacks on his reputation that Defendant admittedly will present at trial.

<u>The District Court May Allow Previously Undisclosed Evidence and Testimony in Order to Rebut the Claims Made by Defendant at Trial.</u>

As allowed by the Federal Rules of Civil Procedure ("FRCP"), as well as the majority of federal courts, a party may present rebuttal witnesses at trial, even if the party has not been disclosed prior to trial.  This has been recognized throughout the country: "**[r]ebuttal witnesses are oftentimes not known until after the trial is commenced because the need to call such a witness may not arise until the opposing party introduces an argument in issue or a fact during the course of the trial which must now, unexpectedly, be rebutted.**" *Matthews v. Commonwealth Edison Co.*, No. 93 C 4140, 1995 U.S. Dist. LEXIS 3860, 1995 WL 478820, at *3 (N.D. Ill. March 24, 1995); *see also* 62A Am. Jur. 2d Pretrial Conf. § 32 (2010) ("Typically, pretrial orders under the Federal Rule [16] require disclosure by both parties of all prospective witnesses except 'rebuttal witnesses.'").

Black letter law dictates that district courts have broad discretion to allow the testimony of witnesses not disclosed prior to trial.  As early as *Goldsby v. United States*, 160 U.S. 70 (U.S. 1895), the U.S. Supreme Court has upheld the introduction of rebuttal witnesses not disclosed prior to trial. The U.S. Supreme Court held that, "it was purely within the sound judicial discretion of the trial court to allow it, which discretion, in the absence of gross abuse, is not reviewable here. *Id.* at 74. This ruling has, of course, extended throughout the federal courts. *See, e.g. Peterson v. General Motors Corp.*, 904 F.2d 436, 439 (8th Cir. 1990); *United States v. Jalbert*, 504 F.2d 892, 893 (1st Cir. 1974).

Particularly on point is *United States v. Talk*, 13 F.3d 369, 371 (10th Cir. N.M. 1993), wherein the U.S. Court of Appeals for the Tenth Circuit was reviewed the decision of the district court in allowing the testimony of an unlisted rebuttal witness who was brought in to rebut testimony about the victim's state of mind that was first brought up by the Defendant.  In *Talk*, the court first concluded that it was within the trial court's discretion as to whether to allow an unlisted rebuttal witness to testify. *Id.* at 1104.  The court then concluded that, "[g]iven that [defendant] raised the issue of the victim's state of mind and the rebuttal witness, Ms. Wedeen, offered testimony bearing on the victim's state of mind after the rape, we cannot say that the district court abused its discretion by allowing the testimony to be admitted.  *Id.*

In *Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 557-558 (3d Cir. 2011), the U.S. Court of Appeals for the Third Circuit agreed with the appellees that "District Courts have "allowed parties to call witnesses in rebuttal even when they were not disclosed in a pretrial memorandum or order, as long as the witness and his testimony are within the scope of proper rebuttal." *Id.* In upholding the decision of the district court, the Third Circuit agreed with the appellees that the testimony sought from the witnesses was properly within the scope of rebutting the claims of the appellants. *Id.*

*Johnson v. Fed. Express Corp.*, 2014 U.S. Dist. LEXIS 61746, 3-4 n.1 (M.D. Pa. May 5, 2014) is also on point. In Johnson, the plaintiff had sought to exclude seven of the defendant's twenty-one named witnesses because they had not been disclosed prior to trial.  The court denied the motion as to the seven witnesses who were not previously disclosed because defendant had offered them solely for the purpose of rebuttal. *citing Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 558 (3d Cir. 2011) (holding that the district court did not abuse its discretion in allowing

defendant to call certain rebuttal witnesses because witnesses were disclosed in pretrial

memorandum  and their testimony was within scope of proper rebuttal).

      In sum, the power of the district court to admit unlisted rebuttal witnesses is widespread

throughout the federal circuits.

Evidence and Witness Testimony Should Not Be Excluded As It Was Released to Defendant
During Discovery.

      FRCP Rule 26 requires a party to supplement discovery responses only if information has

not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1).

      On point is *Johnson v. Fed. Express Corp.*, 2014 U.S. Dist. LEXIS 61746, 3-4 n.1 (M.D.

Pa. May 5, 2014), *supra*.  In *Johnson*, The court found that the defendant had disclosed the

witnesses in the course of discovery and that defendant had no further duty to amend or

supplement its disclosures. *Id.*

      Here, Plaintiff made it known to Defendant during his deposition of January 29, 2014 that

he would be seeking to call witness George Miller to the stand. Further, multiple email

correspondences between Plaintiff and George Miller was provided to Defendant as part of

discovery.  Defendant was well aware of George Miller and his involvement within this lawsuit,

and even spent a great deal of time questioning Plaintiff about George Miller during the

deposition of January 29, 2014.

FRCP Rule 26 Does Not Apply to Evidence Offered to Impeach

      Further, Plaintiff was not required to disclose evidence and testimony used for

impeachment.   Indeed, FRCP 26 does not require the disclosure of evidence and witnesses that

are used for impeachment purposes.  *Ling-Rong Chen v. City of Syracuse*, 385 Fed. Appx. 41, 42

(2d Cir. N.Y. 2010) ("The Rule's requirement does not apply to evidence offered 'solely for

impeachment,'").  See also Fed.R.Civ.Pro. 26 Comment for Paragraph 3 ("By its terms, Rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes; however, disclosure of such evidence -- as well as other items relating to conduct of trial -- may be required by local rule or a pretrial order.")

"Impeachment is an attack on the credibility of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party." *United States v. Finis P. Ernest, Inc.,* 509 F.2d 1256, 1263 (7th Cir.), cert. den., 423 U.S. 893, 46 L. Ed. 2d 124, 96 S. Ct. 191 (1975).

It was clear from the depositions of the officers and directors of Defendant Judicial Watch that they would be seeking to personally attack Plaintiff's reputation and his standing in the community.  These officers and directors have an incentive to harm Plaintiff's reputation with falsehoods, as Plaintiff's reputation is not only an element in Plaintiff's claims against Defendant for defamation, but his reputation is also utilized to determine the amount of damages that are awarded to Plaintiff.  Impeachment of these witnesses is necessary in order to confront and discredit any of the personal attacks made by Defendant Judicial Watch's officers and members of its board of directors. Plaintiff, only out of an abundance of caution and to make disclosure that was not even technically required, included all the exhibits and witnesses that he thought may be needed in order to rebut any attacks made to his reputation and standing in the community.

Conclusion.

For the foregoing reasons, Plaintiff respectfully requests that all evidence and testimony offered to rebut Defendant's arguments be admitted into evidence.  Plaintiff requires the testimony of the witnesses identified in his Exhibit and Witness List in order to rebut any claims

made by Defendant during trial.  As used for rebuttal evidence, it is within this Court's discretion to allow the evidence and testimony during trial even if Plaintiff had not previously disclosed it. Plaintiff's reputation and standing in the community will certainly be attacked by Defendant during trial, and rebuttal testimony is needed in order to discredit the likely falsehoods that will be presented by Defendant's officers and members of its board of directors.  Further, this evidence and testimony should be admitted as Plaintiff had already disclosed some of the contents to the Defendant during discovery and was thus not required to disclose it in any event. Finally, Plaintiff was not required to disclose any evidence sought to be used for rebuttal and impeachment, and had only done so out of an abundance of caution and to go the extra mile in terms of disclosure. The listed rebuttal witnesses will not all be called to testify, but they were set forth to make a full disclosure of who might be needed to be called.


Dated: May 29, 2014

                                        Respectfully Submitted,

                                        */s/ Larry Klayman*
                                        LARRY KLAYMAN
                                        2520 Coral Way, Suite 2027
                                        Miami, FL 33145
                                        (310) 595-0800
                                        leklayman@gmail.com

                                        Plaintiff Pro Se

<u>**CERTIFICATE OF SERVICE**</u>

       I HEREBY CERTIFY that on May 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Larry Klayman*
LARRY KLAYMAN

Plaintiff Pro Se

<u>**SERVICE LIST**</u>

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF