IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY KLAYMAN,

        Plaintiff,

v.

JUDICIAL WATCH, et. al.

        Defendants.
_____/

**SECOND BENCH BRIEF ON ADMISSIBILITY OF DEPOSITIONS OF CORPORATE OFFICERS, BOARD OF DIRECTORS, AND MANAGING AGENTS**

Introduction.

    Plaintiff brought this lawsuit against Defendant Judicial Watch ("Defendant") for defamation. The action arises out of the knowingly false statements made by Constance Ruffley ("Ruffley"), an Office Administrator and Management Representative of Judicial Watch, who, while acting under the authority and direction of Judicial Watch's directors, maliciously and willfully conveyed false and defamatory statements about Plaintiff, alleging that Plaintiff had been "convicted" of a crime for not paying child support

    During discovery, Plaintiff took the deposition of Defendant's corporate officers and members of its board of directors. Specifically, Plaintiff took the deposition of Thomas Fitton ("FItton"), Defendant Judicial Watch's president, Paul Orfanedes ("Orfanedes"), the head of Defendant Judicial Watch's Litigation Department, and Christopher J. Farrell ("Farrell"), Defendant Judicial Watch's Director of Investigations & Research. All three, Fitton, Orfanedes,

1

and Farrell, are members of Defendant Judicial Watch's Board of Directors[1]. Further, Constance Ruffley ("Ruffley"), the Office Administrator and Management Representative, was also deposed during trial. Under the Federal Rules of Civil Procedure, Plaintiff may utilize the depositions of Defendant's corporate officers, members of its board of directors, and managing agents for any use during trial.

Applicable Rule

Fed. R. Civ. P. 32, states, in pertinent part:

(a) Using Depositions.

> (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8).
>
> (2) *Impeachment and Other Uses.* Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.
>
> **(3)** *Deposition of Party, Agent, or Designee.* **An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).**

Fed. R. Civ. P. 32 (Emphasis added.)

"Pursuant to Fed. R. Civ. P. 32(a)(3), an adverse party may introduce into evidence against the corporate party for any purpose the deposition of "anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association." *Botell v. United States*, 2013 U.S. Dist. LEXIS 12075 at *9 (E.D.

---

[1] See http://www.judicialwatch.org/about/board-of-directors/

Cal. Jan. 28, 2013). The determination of whether a deponent is an officer, director, or managing agent is determined at the time of the deposition and not before, as referenced in Rule 32(a)(3) and inferred from Rule 37(d). *Id.*

"The rule is to be liberally construed, and though the court 'has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, [ ] it may not refuse to allow the deposition to be used merely because the party is available to testify in person.'" *Estate of Thompson v. Kawasaki Heavy Indus.*, 291 F.R.D. 297, 305 (N.D. Iowa 2013) *citing* 8 A Wright et al., Federal Practice and Procedure § 2145 (2d ed. 2008).

FRCP Rule 32 Only Requires a Single Requirement to be Met in Order for the Deposition to Be Used for Any Purpose as trial.

Rule 32(a)(3) only requires that a deponent meet any single one of the identified categories, either (1) an officer, (2) a director, (3) a managing agent, or (4) designee under Rule 30(b)(6) or 31(a)(4). The use of the word "or" indicates that only one of those requirements need to be met in order for the evidence to be admissible and directly contrasts with the use of the word "and" which would require that the person be both an officer/director/managing agent and be designated under Rule 30(b)(6)[2] or 31(a)(4). Plaintiff has found no case on point that has required that a deponent to meet more than one of the those requirements in order for the deposition to be used under Rule 32(a)(3). However, Plaintiff was able to find more than a few

---

[2] Rule 30(b)(6) provides, in pertinent part: "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Thus, the language of this rule mirrors that of Rule 32(a)(3), requiring only one those individuals to be designated. The mirroring of the language also suggests that only one of the categories be met under Rule 32(a)(3).

3

cases wherein a district court allowed depositions to be used, pursuant to Rule 32(a)(3), after finding that a deponent met only *one* of the criteria found in the rule.

"Rule 32(a)(3) allows a party to introduce deposition testimony against a party opponent for any purpose if the person deposed is an "**officer, director, managing agent, <u>or</u> designee** [of the party opponent] under Rule 30(b)(6) or 31(a)(4). *Bianco v. Globus Med., Inc.*, 2014 U.S. Dist. LEXIS 28464 (E.D. Tex. Mar. 6, 2014)(Emphasis added)(Exhibit 1). "A deposition falling within the scope of Rule 32(a)(3) is admissible regardless of whether the person deposed is unavailable to testify at trial." *Id.*

In *Bianco, supra*, which is particularly on point, the court was resolving the issue of allowing in the deposition of a witness, Mr. Harris, whose testimony was sought to be brought in under the managing agent exception of Rule 32(a)(3). The court in *Bianco* went through the analysis as follows:

> It is clear that Mr. Harris was not a designee under Rule 30(b)(6) or Rule 31(a)(4). It is also clear that he is not a director of Globus. Dr. Bianco argues in passing that, having been denominated a "vice-president" of Globus, Mr. Harris qualifies as a corporate officer. However, Dr. Bianco's principal argument is that Mr. Harris is a "managing agent" within the meaning of Rule 32(a)(3). Because there is little evidence in the record as to Globus's corporate structure and what responsibilities attach to the position of "vice-president," the Court will not decide whether Mr. Harris is an "officer" of Globus. The Court concludes, however, that Mr. Harris qualifies as a "managing agent," as that term is used in Rule 32(a)(3), and that his deposition is admissible without regard to whether he is available to testify at trial.

*Bianco v. Globus Med., Inc.*, 2014 U.S. Dist. LEXIS 28464 at 3-4. Thus, the court first concluded that <u>Mr. Harris was not designated as a representative under Rule 30(b)(6) or Rule 31(a)(4),</u> then decided that even though Mr. Harris was designated a "vice president" that there was no corporate structure on the record that identified him as

4

a corporate officer.  <u>The simple fact that Mr. Harris was found to be a "managing agent" was enough to allow his deposition to be used under Rule 32(a)(3) for any reason at trial.</u>

Also on point is *In re: SENIOR COTTAGES OF AMERICA, LLC, Debtor.*, 399 B.R. 218 (Bankr. D.Minn January 13, 2009).  In *In re: SENIOR COTTAGES OF AMERICA, LLC.*, a Mr. Morris was a named party and a principal of his law firm and they took his deposition.  The court found that,

> "Obviously, Morris was "present," as a deponent and in his individual capacity. As such, he had the full opportunity to have counsel appear on his behalf. Morris is both a party to this adversary proceeding and a principal of his law firm, the other Morris Defendant. The latter meets the requirement of Rule 32(a)(1)(C) via Rule 32(a)(3). Thus, the Plaintiff may offer appropriate portions of the transcript of this deposition at trial, and if admissible they may be received."

*Id.* at 224.

Further, in footnote 10, accompanying this section of the opinion, the court indicated that "**It is not clear from the record which of the specific statuses identified by Rule 32(a)(3) Morris held in his law firm, then or now, i.e., officer, director, or managing agent. But, the Morris Defendants have tacitly admitted that he <u>held at least one of them.</u>**"*Id.* at 224 n.10. Thus, this court found that simply meeting a single one of the requirements under 32(a)(3) was enough for the deposition of the deponent to be used at trial for any reason.

Another example is in *Stearns v. Paccar, Inc.*, 1993 U.S. App. LEXIS 1232 (10th Cir. 1993). Here, the court held that, **"[a]lthough Ms. Davis was neither an officer nor a director, the district court designated her a "managing agent" and admitted her deposition under Rule 32(a)(2)."** *Id.* at *10.  Among the facts considered by the court was the fact that "[a]t the time of her deposition, Ms. Davis was accompanied by [defendant's] counsel, who made deposition objections with only [defendant's] interests in mind."

5

Even more, in *Bays Exploration, Inc. v. PenSa, Inc.*, 2012 U.S. Dist. LEXIS 4631 (W.D. Okla. Jan. 12, 2012) the court did a simple analysis and found that, **"[i]t is not disputed that Joe Bays is the President of [plaintiff ]Bays Exploration, and he held that position at the time he was deposed. Accordingly, as an officer of a party, [defendant] Pensa may present his testimony by deposition according to Rule 32(a)(3).** *Id.*

Also on point is *BP Am. Prod. Co. v. Chesapeake Exploration, LLC*, 2013 U.S. Dist. LEXIS 20611 (W.D. Okla. Feb. 15, 2013). In *BP Am Prod. Co.*, the deposition of Tim Harrington, BP's regional vice president, was sought to be used at trial.  BP contended in its Motion to Strike that Harrington would appear and testify at trial and thus the deposition could not be used.  In denying BP's motion in limine, the court found that, "**because at the time of his deposition Tim Harrington was an <u>officer</u> of BP, according to Rule 32(a)(3),defendants should be allowed to use his deposition during trial for any purpose.**" *Id.*  3-4 (Emphasis added.).

Here, Fitton, Orfandes, and Farrell, are all both officers of Defendant Judicial Watch and members of its board of directors.  Not only does each of them meet more than one of the criteria, being both officers and members of the board of directors, but they will also easily be classified as "managing agents," discussed below.  That these individuals were not designated under Rules 30(b)(6) or 31(a)(4) is of no consequence. Rules 30(b)(6) or 31(a)(4) simply provide *additional* categories of those whose depositions may be used at trial, as indicated by the use of the word "or" within Rule 32(a)(3).  Thus, the depositions taken during discovery are thus admissible *for any purpose* at trial, according to the language of Rule 32.

<u>Ruffley's Deposition is admissible For Any Reason because she is a Managing Agent</u>

In addition, Ruffley, the Office Administrator and Management Representative, was

6

clearly acting as a managing agent for Judicial Watch in California location.  As discussed below, this position qualifies her as a "managing agent" under Rule 32, and her deposition is also admissible for any use at trial.

A managing agent of a corporation is any person who: (1) acts with superior authority and is invested with general powers to exercise his judgment and discretion in dealing with his principal's affairs (as distinguished from a common employee, who does only what he is told to do; has no discretion about what he can or cannot do; and is responsible to an immediate superior who has control over his acts); (3) Can be depended upon to carry out his principal's directions to give testimony at the demand of a party engaged in litigation with his principals; and (3) Can be expected to identify himself with the interests of his principal rather than those of the other party. *Brandon v. Art Centre Hospital (Osteopathic),* 366 F.2d 369, 372 (6th Cir. 1966).

Particularly in the more recent decisions on the "managing agent" issue, the courts have given particular emphasis to the importance of the employee's responsibilities "with respect to the subject matter of the litigation." *Sugarhill Records Ltd. v. Motown Record Corp*., 105 F.R.D.166, 170 (S.D.N.Y. 1985).  That is because, as one court explained, the purpose of obtaining a deposition from a corporate representative would be largely defeated "if only those persons came within the category of 'managing agent' whose rank in the corporate hierarchy was so exalted that they would be extremely unlikely to have any knowledge of the day to day dealings of the corporation with its customers and suppliers." *Rubin v. General Tire & Rubber Co.*, 18 F.R.D. 51, 55 (D.N.Y. 1955).

For example, in *Tomingas*, the court found that two engineers for the Douglas Aircraft Corporation were the representatives of the corporation who were present during the investigation of the crash of one of the corporation's aircraft and allowed their depositions at

trial. The court held that the engineers were "managing agents" of the corporation "for the purpose of giving testimony regarding the accident investigation, a most relevant aspect of the litigation."  Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94, 97 (S.D.N.Y. 1968).

Similarly, in *Kolb*, the court rejected the corporate defendant's argument that the deponent functioned within the framework and under the limitation of higher authority and was therefore a mere employee, not a "managing agent" of the corporation and allowed the deposition into trial. *Kolb v. A.H. Bull Steamship Co.*, 31 F.R.D. 252, 254 (E.D.N.Y. 1962). The court found that although the employee was answerable to higher authority within the corporation, he had significant responsibility for the operations that were the subject of the litigation and therefore fell within the scope of Rule 32(a)(3). *Id.*; *See also Stearns v. Paccar, Inc.*, 1993 U.S. App. LEXIS 1232 (10th Cir. 1993) at *4, *supra* (employee responsible for quality control procedures held to be a "managing agent" in a case involving an accident implicating the failure of quality control procedures).

On facts even closer to those of this case, the court in *Terry v. Modern Woodmen of America*, 57 F.R.D. 141, 143 (W.D. Mo. 1972) found a company's insurance salesman to be a "managing agent" of the company based on evidence that the salesman was in charge of the negotiation and sale of insurance contracts to persons on Sheppard Air Force base, including the plaintiff. *Id.* at 143.

Here, Ruffley was in charge of Defendant Judicial Watch's California office and was the only decision maker at the office[3].  Ruffley reports directly to Defendant's officers and board members located in Washington, D.C. and is in constant communication with them.  In addition,

---

[3] As discussed above, since Fitton, Orfanedes, and Farrell are officers and members of Defendant Judicial Watch's Board of Directors, a discussion of their roles as "managing agents" is unnecessary.  However, Fitton, Orfanedes, and Farrell would all easily qualify as "managing agents of Defendant Judicial Watch given the criteria discussed.

her responsibility in this case was to be the representative of Judicial Watch at the conference wherein she made the defamatory statement that Plaintiff was "convicted" of a crime and that donors should know about Plaintiff's alleged conviction. She was the only person representing Defendant at the conference and made was making all the decisions with regard to it. Ruffley was thus a "managing agent" with respect to the subject matter of the litigation. *See Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D.166, 170 (S.D.N.Y. 1985), *supra*. Her role clearly classifies her as a managing agent for the purposes of Rule 32, and her deposition is also available for any use at trial.

Conclusion

For the reasons stated above, Plaintiff respectfully requests the use of the depositions of Fitton, Orfanedes, Farrell, and Ruffley, for any purpose at trial, as they were all either officers, members of Defendant's board of directors, or managing agents of Judicial Watch and their depositions are all admissible pursuant to Federal Rules of Civil Procedure Rule 32.

Dated: May 30, 2014

Respectfully Submitted,

*/s/ Larry Klayman*
LARRY KLAYMAN
2520 Coral Way, Suite 2027
Miami, FL 33145
(310) 595-0800
leklayman@gmail.com

Plaintiff Pro Se

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on May 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                    */s/ Larry Klayman*
                    LARRY KLAYMAN

                    Plaintiff Pro Se


## SERVICE LIST

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF