UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/O'Sullivan

LARRY E. KLAYMAN,

      Plaintiff,

v.

JUDICIAL WATCH, INC.,

      Defendant.

_____/

## DEFENDANT'S MEMORANDUM OF LAW

Defendant Judicial Watch, Inc. ("Judicial Watch"), through undersigned counsel, submits the following memorandum of law to address issues related to the testimony of George Miller, and the use of the depositions of Judicial Watch officers or employees.

### I. Testimony of George Miller

#### A. Request for Exclusion of Hearsay Testimony from George Miller

Plaintiff intends to elicit testimony from George Miller regarding what other donors told him about their willingness to donate to Klayman's legal fees after reading the comments attributed to Connie Ruffley on Orly Taitz's webstie.

Rule 801(c) of the Federal Rules of Evidence states:

(c) Hearsay. "Hearsay" means a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Pursuant to Rule 802:

Hearsay is not admissible unless any of the following provides otherwise:

• a federal statute;

• these rules; or

• other rules prescribed by the Supreme Court.

Judicial Watch respectfully submits that the proposed testimony from Mr. Miller is classic hearsay.  The testimony would be an out of court statement (i.e. a statement from a donor other than Mr. Miller) and it would be offered to show the truth of the matter (i.e. "I was unwilling to donate funds because of the comment on Orly Taitz's website").

Judicial Watch respectfully submits that none of the hearsay exceptions apply.  Plaintiff has suggested that the "Present Sense Impression" exception set forth in Evidence Rule 803(1) applies or that this testimony falls within the catch-all exception.  Judicial Watch disagrees.

Rule 803(1) states that the following is an exception to the hearsay rule:

(1) Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.

This is a "state of mind" exception that refers to the state of mind of the declarant and not of the listener or hearer of the statement.  *Pandora Jewelers, Inc. v. Pandora Jewelry, LLC*, 2011 WL 1807676 (S.D. Fla.).  Accordingly, Mr. Miller's state of mind is of no consequence.

To fall within the ambit of this exception to the hearsay rule, the statement describing or explaining the event or condition must be made while the declarant was perceiving the event or condition or immediately thereafter. The underlying theory of this exception is that the "substantial contemporaneity of the event and the statement negate the likelihood of deliberate or conscious misrepresentation." *United States v. Peacock*, 654 F.2d 339, 350 (5th Cir. Aug. 1981), cert. denied, 464 U.S. 965, 104 S. Ct. 404, 78 L. Ed. 2d 344 (1983).

*United States v. Scrima*, 819 F.2d 996, 1000 (11th Cir. 1987).

"A statement does not qualify as a present sense impression if it merely reports opinions held by others." *Potts v. Martin & Bayley, Inc*., 2011 WL 4740641, *1 (W.D. Ky.) (citing Joseph W. Cotchett, Federal Courtroom Evidence, Ch. 22, § 803.2, at 20 (5th ed.2011)).

A present sense impression must be made without calculated narration.

> In determining whether a statement meets the conditions of Rule 803, we have sought to determine, in addition to the predicates listed in the rule, if the statement was made without "calculated narration". *United States v. Ruiz*, 249 F.3d 643, 646–47 (7th Cir.2001). The calculated narration consideration is based on the rule's requirement that the statement be "made while the declarant was perceiving the event". FED.R.EVID. 803(1) (emphasis added). The exception is based on the theory that it is less likely for a declarant to "deliberate or conscious[ly] misrepresent" the event if there is "substantial contemporaneity" between the statement and the event. FED.R.EVID. 803, Advisory Committee Notes (1972); *United States v. Parker*, 936 F.2d 950, 954 (7th Cir.1991). A declarant who deliberates about what to say or provides statements for a particular reason creates the possibility that the statements are not contemporaneous, and, more likely, are calculated interpretations of events rather than near simultaneous perceptions.

*U.S. v. Woods*, 301 F.3d 556, 563 (7th Cir 2002).

The case of *Aamco Transmissions, Inc. v. Baker*, 591 F.Supp.2d 788 (E.D. Pa. 2008) appears to be on point.  The plaintiff attempted to introduce the audio recordings of shoppers' recollections of their transactions at the plaintiff's store and the memoranda related to those records under the present sense impression exception to the hearsay rule and the catch-all exception.  The court noted that the present sense impression has three requirements:  "(1) first the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and event described must be contemporaneous."  *Id* at 795.  The Court noted that the statements at issue were not contemporaneous. The statements were made after the declarant had the opportunity to reflect on the event.  The Court also noted that a "statement does not qualify as a present sense impression if it merely reports opinions held by others."  *Id.*  Accordingly, the found that the present sense impression did not apply.

With respect to the residual exception, the Court noted that the exception should be applied rarely in exceptional circumstances. *Id* at 799. The Court also noted that the proponent bears a heavy burden. The Court stated as follows:

Rule 807 provides:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Thus, the statement must be trustworthy, material, probative, in the interests of justice, consistent with the purposes of the Rules of Evidence, and accompanied by proper notice. *See, e.g. Coyle v. Kristjan Palusalu Maritime Co., Ltd*., 83 F.Supp.2d 535, 545 (E.D.Pa.2000) (Robreno, J.). "[H]igh degrees of probativeness and necessity" are required. *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir.1978).

Factors relevant to trustworthiness include: (1) whether the statement was made under oath; (2) whether the statement was voluntarily made; (3) whether the statement was based on personal knowledge; (4) whether the declarant made a prior inconsistent statement; (5) whether the statement was videotaped; (6) whether the declarant was subject to cross examination; (7) the proximity of time between the events described and the statement; (8) whether the statement is corroborated; (9) the declarant's motivation to fabricate; (10) whether the statement is prepared in anticipation of litigation; (11) the spontaneity of the statement; and (12) whether the declarant's memory was faulty. *Greco v. Nat'l R.R. Passenger Corp.,* No. 02–6862, 2005 WL 1320147, at (E.D.Pa. June 1, 2005) (Surrick, J.).

The Court found that the statements at issue did not meet this rigorous standard imposed by the catch-all exception.

The proposed testimony from George Miller does not fall within the present sense impression exception. Rather, the proposed testimony consists of the opinions held by others or

alleged decisions of others based on calculated narration.  In other words, the proposed testimony is effectively, "After consideration of the Orly Taitz article, I decided to refrain from contributing to the legal expenses."  This is clearly hearsay and not present sense impression.

Furthermore, the rigorous catch-all exception does not apply.  The alleged statements were not recorded in any fashion or subject to cross-examination.  Plaintiff held himself out as the attorney for Mr. Miller during the deposition.  George Miller is an admitted friend and supporter of Plaintiff.  Plaintiff did not provide adequate notice of the hearsay statements or the names of the alleged declarants.  Plaintiff cannot meet the burden of trustworthiness for the purposes of the catch-all exception.

Accordingly, George Miller should not be permitted to testify to what other donors told him about their willingness to donate after reading the alleged comments attributed to Constance Ruffley in the Orly Taitz article.

**B.  Exclusion or Supplementation of Mr. Miller's Testimony**

Judicial Watch's request for the exclusion of George Miller's testimony has been denied and Judicial Watch will not argue that point again in this Memorandum.  But, Judicial Watch requests that Mr. Miller be compelled to answer questions he was instructed not to answer during his deposition.

The deposition was conducted on May 23, 2014 by videoconference.  When Mr. Miller appeared for the deposition, Mr. Miller left the room and spoke privately to Mr. Klayman by cell phone.  After the deposition began, Mr. Klayman stated that he was acting as Mr. Miller's attorney for the purposes of the deposition.  When initial asked whether Mr. Klayman is representing him in this matter, Mr. Klayman and the witness replied at page 13:

```
2           MR. KLAYMAN:  For purposes of the deposition.

3           THE WITNESS:  For this deposition.  I don't

4    feel he, you know, he's representing me as a client or

5    anything like that.  But I've been in contact with him

6    about it, and we have similar interests in this matter.
```

Mr. Klayman instructed Mr. Miller not to answer certain questions, including: what he and Mr. Klayman spoke about privately by cell phone immediately prior to the deposition (p. 15 of deposition); whether Mr. Klayman was paying for Mr. Miller's airfare for his trip from California to Florida (p. 19 of deposition); and whether Mr. Klayman was paying for Mr. Miller's hotel room in Miami (p. 20 of deposition).[1]

Rule 37 of the Federal Rules of Civil Procedure states in part:

(a)(3)(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31.

* * *

(b)(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . .

---

[1] Judicial Watch believes that Plaintiff then repeatedly made speaking, argumentative, and suggestive objections throughout the deposition, as noted in its Motion in Limine [D.E. 126].  Rule 30(c)(2) of the Federal Rules of Civil Procedure states in part:

An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Similar instructions are found in the United States District Court's Discovery Guide. *See p. 90-91, Section II B.*

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . .

The facts at issue are unusual.  The Plaintiff is an attorney acting *pro se*.  The Plaintiff is:

- An attorney for himself.

- A witness for himself.

- An attorney for a witness, at least for the purposes of the witness' deposition.

Judicial Watch submits that these associations are tangled and Judicial Watch believes that Mr. Klayman's "representation" of Mr. Miller raises conflict of interest concerns.

Mr. Miller's interests are arguably adverse to Mr. Klayman's.  Mr. Miller is arguably liable for the payment of the legal fees that Klayman is seeking in this lawsuit.  Miller arguably agreed to a quasi-contract for the payment of the legal services.  *See Joint Exhibit 1.*  After the bills were not paid, Klayman sent an email to Miller, and others, demanding payment.  *See Exhibit 4.*  The Rules Regulating the Florida Bar generally prohibit the representation of persons with adverse interests.  *See* Rule 4-1.7 of the Rules Regulating the Florida Bar.  Given Miller's liability for the fees, Miller's interests are adverse to Klayman's.  Furthermore, a lawyer is generally prohibited from acting as both a witness and an attorney in the matter.  *See* Rule 4-3.7 of the Rules Regulating the Florida Bar.  Judicial Watch acknowledges that the rule refers to representation "at trial," but clearly the deposition relates to the trial and could be used for impeachment.  Furthermore, courts have questioned, in the context of motions to disqualify lawyers, the propriety of an attorney acting as the attorney for a non-party witness.  The Court in *Mid–State Aftermarket Body Parts, Inc. v. MQVP, Inc.*, 2009 WL 1211440, *5 (E.D.Ark.) stated:

> If a lawyer for a party to a case could solicit nonparty witnesses to be his clients, he could effectively prohibit opposing counsel from communicating with witnesses except through him, and if that were permitted litigation could turn into an unseemly scramble by lawyers for the parties to solicit nonparty witnesses as

their clients. No matter how pure a lawyer's motives might be, whenever a lawyer for a party solicits a nonparty witness to be his client, the appearance will be given, whether justified or not, that the lawyer is trying to influence the witness's testimony.

Judicial Watch respectfully submits that Plaintiff, under these circumstances, should not be permitted to claim that he is the attorney for the witness, for the purpose of the deposition, and that Mr. Miller should be compelled to answer questions regarding his discussions with Klayman, whether Klayman has paid for his airfare, and whether Klayman has paid for his lodging, outside the presence of the jury and before Mr. Miller testifies.

## II.  Depositions of Judicial Watch Officers and Employees

Plaintiff apparently intends to call Judicial Watch officers, Thomas Fitton, Christopher Farrell and Paul Orfanedes, and Judicial Watch employee, Constance Ruffley as witnesses **and** to present their deposition testimony to the jury.  Plaintiff has not designated the pages and lines of depositions.  Instead, Plaintiff has merely designated the entire depositions.  *Please see Exhibit 1*.  Defendant objected.  *Please see Exhibit 2*.  For the reasons stated below, Judicial Watch respectfully submits that the depositions should not be admitted because the depositions would be cumulative and repetitious.  Furthermore, Judicial Watch submits that Constance Ruffley is not an officer, director, managing agent, or designee, as required by Civil Rule 32(a)(3).

### A.  Repetitious and Cumulative

Regardless of whether Civil Rule 32(a)(3) applies, this Court has discretion to control the presentation of witnesses.  A case cited by Plaintiff, *Estate of Thompson v. Kawasaki Heavy Indus.*, 291 F.R.D. 297 (N.D. Iowa 2013), recognizes this discretion.  The court stated, "Rule 32(a)(3) does not abrogate the Court's authority to regulate the mode and order of interrogating witnesses, see Fed.R.Evid. 611(a), or its authority to exclude evidence whose probative value is

outweighed by, among other things, its needlessly cumulative nature, see Fed.R.Evid. 403." *Id.*

at 308.  The *Kawasaki* decision cites the case of *Jamsport Entertainment, LLC v. Paradama*

*Productions, Inc.*, 2005 WL 14917 (N.D.Ill.), where the Court acknowledged this discretion:

> The Court can and will exercise this authority. If JamSports elects to proceed in its case by using deposition excerpts rather than by calling witnesses live, it will be required to provide, in advance of trial, a designation of the testimony to be offered, and an accurate statement of how long each videotaped presentation will take.  The Court will carefully examine the designated testimony for cumulativeness. In addition, if JamSports presents the testimony of such a witness by deposition in its case in chief, and the witness is later called by the defense, JamSports cannot expect that it will be able to reprise its use of the same deposition excerpts a second time for "impeachment" purposes.  All things considered, JamSports might be better advised to call the witnesses in its case in chief and use the deposition testimony as admissions and as otherwise appropriate during its examination.

In *Gauthier v. Crosby Marine Service, Inc.* 752 F.2d 1085 (5th Cir. 1985), the Court noted

that the trial court properly excluded repetitious testimony.  The Court stated:

> At trial, Gauthier sought to introduce into evidence the deposition of Lindberg Crosby in order to emphasize Crosby's testimony at trial indicating that Crosby Marine was negligent. Gauthier did not attempt to use the deposition to impeach Crosby or show that his testimony at trial contradicted his former testimony. Gauthier claimed that Fed.R.Civ.P. 32(a)(2) permitted such use of the deposition. That rule states, "The deposition of a party ... may be used by an adverse party for any purpose." Id. (emphasis added). The district court, notwithstanding Fed.R.Civ.P. 32(a)(2), may reject repetitious testimony. *Fey v. Walston & Co*., 493 F.2d 1036, 1046 (7th Cir.1974). The district court could properly exclude the deposition from evidence.[2]

Judicial Watch believes that the *Gauthier* decision is essentially on point, except that the court

addressed an individual party, rather than a representative of a corporate party.   Here, the

Plaintiff has not identified a purpose for the reading or playing of the depositions.  It appears that

he wants to play or read the depositions solely to emphasize his claims and not for the purposes

of impeachment.  Plaintiff has had, or he will have, the opportunity to question the witnesses and

and impeach as necessary.

---

[2] It appears that Rule 32(a)(2) was renumbered as 32(a)(3) subsequent to the *Gauthier* decision.

Likewise in *Coletti v. Cudd Pressure Control*, 165 F.3d 767 (10th Cir. 1999), the Court noted that, despite Civil Rule 32, "the admission of deposition testimony still remains subject to the sound discretion of the trial court." *Id* at 773. The *Coletti* Court also stated that the trial court "has the perfect right to limit the use of material if [the deposition] is repetitious or immaterial." *Id. (citing King & King Enters v. Champin Petroleum Co.,* 657 F.2d 1147, 1164 (10th Cir. 1981).[3] The *Coletti* court held that the trial court did not abuse its discretion[4] in excluding the portions of depositions designated by the plaintiff when the witnesses were available to testify live. *Id* at 773-74.

The Court in *U.S. v. American Tel. & Tel. Co.,* 83 F.R.D. 323 (D.C. 1979) stated,

> The Federal Rules of Evidence grant substantial discretion to the Court with respect to the exclusion of needlessly repetitive testimony, whether written or oral. Rule 611(a) provides in pertinent part that "(t)he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of truth (and) avoid needless consumption of time . . . ." Likewise, Rule 403 provides that evidence, though relevant, "may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*Id*. at 340.

Rule 611 of the Federal Rules of Evidence states in relevant part:

> (a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
> (1) make those procedures effective for determining the truth;
> (2) avoid wasting time; and
> (3) protect witnesses from harassment or undue embarrassment.

Rule 403 of the Federal Rules of Evidence states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[3] *See also Harvill Industries, Ltd. v. ADCOR Industries, Inc.*, 2009 WL 1227727 (N.D.Okla.)

[4] The Court of Appeals reached this decision, even though the trial court did not even consider Rule 32.

Plaintiff has already taken the live testimony of Chris Farrell on cross-examination. Plaintiff's questioning lasted three to four hours. Plaintiff covered more ground than he covered in the deposition, which lasted fifty-two minutes. Plaintiff had the opportunity to impeach Mr. Farrell with the deposition testimony if he felt that there was reason to impeach.

Thomas Fitton will appear for live testimony on Monday. Judicial Watch suspects that Mr. Fitton's trial testimony will last at least as long as Mr. Farrell's testimony. Mr. Fitton's deposition testimony lasted two hours and forty-three minutes.

Paul Orfanedes will appear live for testimony when Mr. Klayman is prepared to elicit testimony. Mr. Orfanedes' deposition lasted two hours and forty-nine minutes.

Connie Ruffley will appear live for testimony when Mr. Klayman is prepared to elicit testimony. Ms. Ruffley's deposition lasted one hour and thirty-two minutes.

In total, Plaintiff is seeking to introduce seven hours and fifty-six minutes of deposition testimony – essentially an entire trial day or more – in addition to the live testimony from the same witnesses. Based on the length of testimony to date, the live testimony from these four witnesses may span more than two trial days.

Judicial Watch respectfully submits that this would be unreasonably cumulative and unfair to Judicial Watch and the jury. The jury should not be forced to watch eight hours of deposition testimony when the witnesses are testifying to the same issues live. This would be the definition of cumulative, repetitious, and unnecessary evidence.

Moreover, the depositions include numerous objections, which have not been ruled on by the Court. Plaintiff should not be permitted to introduce the depositions without rulings on the objections.

Also, the Plaintiff has not designated "portions" of depositions.  Instead, he has simply designated the entire depositions.  While Judicial Watch believes that Plaintiff should not be permitted to use any of the depositions, if the Court is inclined to permit the use of the depositions, Judicial Watch requests that Plaintiff be required to designate the portions of the transcripts that he wishes to use and demonstrate that the designated portions are not cumulative or repetitious.

### B.  Constance Ruffley is not a "Managing Agent"

Plaintiff should not be permitted to use the deposition of Constance Ruffley under Rule 32(a)(3), because Ms. Ruffley is clearly not a "managing agent."  Chris Farrell has already testified to Constance Ruffley's duties.  She carries the title of "office administrator."  Her duties are similar to that of a receptionist.  She performs clerical or administrative functions.  She is clearly not a director or officer of the company.  There are only two employees in the local office, Ms. Ruffley and a part-time attorney.  Ms. Ruffley does not supervise anyone. She is essentially a local presence for the corporation.

Whether an employee is a managing agent is not formulistic, but rather a fact-specific inquiry; "[t]o make such a determination, courts focus on whether the person had power regarding the matters at stake in the litigation and whether the person's interests are still aligned with the corporation." *Calixto v. Watson Bowman Acme Corp*., No. 07–60077–CIV, 2008 WL 4487679, at *2 (S.D.Fla. Sept. 29, 2008).  "To decide whether a person is a managing agent, courts examine the following factors: (1) whether the individual has general power to exercise discretion in corporate matters; (2) whether he or she can be expected to testify at the employer's request; (3) whether there are persons within the corporation with greater authority regarding the information sought; (4) the general responsibilities of the individual regarding the matters under

litigation; and (5) whether the witness identifies with the interests of the corporation." *Procaps S.A. v. Patheon, Inc.,* 2014 WL 352226 (S.D.Fla.).

In Carpenter v. Forest Meadows Owners Ass'n, 2011 WL 3207778 (E.D.Cal.), the Court stated:

> The term "managing agent" within the context of Rule 32(a)(3) "must be interpreted in light of the person's duties, and in comparison to the other people listed in Rule 32(a)(3): 'officers,' 'directors,' and 'Rule 30(b)(6) or 31(a)(4) designees.' " *Hynix Semiconductor*, 2008 U.S. Dist. LEXIS 11767, at * 17, 2008 WL 2581632. "These other people all have the capability to bind the corporation with their actions, indeed, a 30(b)(6) or 31(a)(4) designee literally speaks for the corporation." *Id*. Thus, a "'managing agent' must have some authority[, similar to an officer or director,] to act on behalf of the corporation or answer for it." *Id*. at *18.

*Id.*  In *Young & Associates Public Relations, L.L.C. v. Delta Air Lines, Inc.,* the court found that none of certain identified employees were managing agents because "[a]mong other things, all of these individuals lacked discretion to make decisions for the corporation without approval and authorization from higher authority." 216 F.R.D. 521, 524 (D. Utah 2003)

Here, Constance Ruffley did not have power to exercise discretion in corporate matters. She was not, in any way, similar to a corporate officer or director.  She was an employee who reported to others.  It is important to note that Plaintiff did not consider Ruffley to be a managing agent when he scheduled the deposition or took the deposition.  He did not file a notice under Rule 30(b)(1).  Instead, Klayman issued a subpoena for Ms. Ruffley.  *See Exhibit 3*.  Other individuals clearly have greater information regarding corporate matters and Plaintiff will obtain testimony from three of those individuals.

Plaintiff focuses on the fact that Ms. Ruffley was the only Judicial Watch employee who attended the meeting in question.  Constance Ruffley attended the meeting on her own accord and not at the direction of Judicial Watch or even with the knowledge of Judicial Watch.  If the

bar for establishing a managing agent is set this low, almost any employee of a corporation could

be considered a "managing agent."  This is not the standard.

      Constance Ruffley was simply not a managing agent and Judicial Watch submits  that

Plaintiff should not be permitted to use her deposition under Rule 32(a)(3).


Dated: **June 1, 2014**                   Respectfully submitted,

                                       SCHWED KAHLE & KRESS, P.A.
                                       11410 North Jog Road, Suite 100
                                       Palm Beach Gardens, FL 33418
                                       Telephone: (561) 694-0070
                                       Facsimile: (561) 694-0057


                                       /s/ Douglas J. Kress_____
                                       Douglas J. Kress, Esq.
                                       Florida Bar No.: 0061146
                                       Email: dkress@schwedpa.com
                                       *Attorneys for Defendant Judicial Watch, Inc.*

### Certificate of Service

I hereby certify that on **June 1, 2014**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                       /s/ Douglas J. Kress_____
                                       Douglas J. Kress, Esq.
                                       Florida Bar No.: 0061146

### SERVICE LIST

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com


VIA CM/ECF