UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/O'Sullivan

LARRY E. KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC.,

    Defendant.
_____/

## **DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW**

Defendant Judicial Watch, Inc. ("Judicial Watch"), through undersigned counsel, submits the following memorandum of law to address issues related to alleged hearsay exceptions raised by Plaintiff. Defendant has already addressed the present sense impression and catch-all exceptions.

Plaintiff also raises the Recorded Recollection exception under Rule 803(5). This exception on its face describes why it does not apply. The exception applies to a "matter the **witness** once knew but cannot now recall." The purported testimony does not concern matters that George Miller once knew and forgot. Instead, the purported testimony concerns what witnesses allegedly told George Miller. Judicial Watch submits the Recorded Recollection exception does not apply.

Plaintiff raises the Existing State of Mind exception. An analysis of the exception demonstrates clearly why the exception does not apply and why the statements are hearsay. The Eleventh Circuit has stated in *U.S. v. Duran*, 596 F.3d 1283, 1297 (11th Cir. 2010):

> "[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he

might have believed that would have induced the state of mind." (citing United States v. Cohen, 631 F.2d 1223, 1225 (5th Cir.1980)).

The Eleventh Circuit stated in U.S. v. Nosovsky, 269 Fed.Appx. 915, 916 (11th Cir. 2008):

> Fed.R.Evid 803(3). The exception is limited to statements about the declarant's present state of mind, and not why the declarant held that particular state of mind. *United States v. Samaniego*, 345 F.3d 1280, 1282 (11th Cir.2003) (noting the example, "I'm scared," as an admissible statement under Rule 803(3), but the statement, "I'm scared because some-one threatened me," as inadmissible hearsay).

The proposed testimony is that donors told Mr. Miller that they would not donate because of the statement attributed to Constance Ruffley. In other words, the testimony relates to the reason why the alleged declarants held that state of mind. That is hearsay and not admissible under the Existing State of Mind Exception.

Plaintiff also claims that the Business Records exception applies. This exception does not apply. Miller did not create business records. During his deposition, Mr. Miller testified that he did not know if he had written documents related to the alleged statements. (Miller depo. p. 65). Moreover, the Business Records exception does not eliminate double hearsay problems and does not apply if there are multiple levels of hearsay. *U.S. v. Thomas*, 315 Fed.Appx. 828 (11th Cir. 2009). The statements of donors are hearsay and, if there were business records, the business records would not eliminate double hearsay issues. Judicial Watch submits that the Business Records exception does not apply.

Dated: **June 2, 2014**               Respectfully submitted,

                                                SCHWED KAHLE & KRESS, P.A.
                                                11410 North Jog Road, Suite 100
                                                Palm Beach Gardens, FL 33418
                                                Telephone: (561) 694-0070
                                                Facsimile: (561) 694-0057

                                                /s/ Douglas J. Kress_____
                                                Douglas J. Kress, Esq.
                                                Florida Bar No.: 0061146
                                                Email: dkress@schwedpa.com
                                                *Attorneys for Defendant Judicial Watch, Inc.*

## Certificate of Service

I hereby certify that on **June 2, 2014**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                /s/ Douglas J. Kress_____
                                                Douglas J. Kress, Esq.
                                                Florida Bar No.: 0061146

## SERVICE LIST

LARRY KLAYMAN, ESQ.
2520 Coral Way, Suite 2027
Miami, FL 33145
Telephone: (310) 595-0800
Email: leklayman@gmail.com

VIA CM/ECF