3. BASIC INSTRUCTIONS

Introduction

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/Simonton

LARRY KLAYMAN,

       Plaintiff,

v.

JUDICIAL WATCH, INC.,

       Defendant.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.1 (2013).

**The Duty to Follow Instructions—Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.2.2 (2013).

Consideration of Direct and Circumstantial Evidence; Argument of Counsel;
Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.  *Again, Mr. Klayman is acting as his own attorney.  The statements made by Mr. Klayman while testifying as a witness on the witness stand are evidence.  The remaining verbal statements by Mr. Klayman are not evidence.* (**Plaintiff objects to this, as it is not appropriate as a jury instruction and is subject to being misinterpreted by the jury.).**

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.3 (2013).

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.4 (2013).

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.5.2 (2013).

**Responsibility for Proof—Plaintiff's Claims—Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff, LARRY KLAYMAN, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff, LARRY KLAYMAN's, claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff, LARRY KLAYMAN.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff, LARRY KLAYMAN's, claims by a preponderance of the evidence, you should find for the Defendant, JUDICIAL WATCH, INC., as to that claim.

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.7.1 (2013).

**Responsibility for Proof—Affirmative Defense**
**Preponderance of the Evidence**

Even if the Plaintiff, LARRY KLAYMAN, proves his claims by a preponderance of the evidence, the Defendant, JUDICIAL WATCH, INC., can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant, JUDICIAL WATCH, INC., does not have to disprove the Plaintiff, LARRY KLAYMAN's, claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.7.2 (2013).

### Duty to Deliberate When Only the Plaintiff
### Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Citation to Authority:  Eleventh Circuit Civil Pattern Jury Instruction 3.8.1 (2013).

## DEFAMATION PER SE, GENERAL DEFAMATION AND **<u>NEGLIGENT DEFAMATION</u>**

Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.  When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.

There are two types of defamation in this case. The first is defamation per se. The second is general defamation. Both of these types of defamation are at issue in this case. **<u>If you find that defamation has occurred for any one or more of the two types of defamation which are defamation per se and defamation, then you must find for Plaintiff Larry Klayman.</u>**

Citation to Authority: Florida Standard Jury Instruction 405.1 for Civil Cases (2014).

DEFAMATION PER SE: A statement is per se defamatory if it ***is not substantially true and it*** imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession or office, in other words, if it tended to injure Plaintiff in his trade or profession.  **If you find defamation per se, it is not necessary to reach the other defamation claims and there is no need to prove negligence or malice. If the plaintiff is a public figure, malice must be proven for general defamation claims only and not defamation per se as I will now also instruct you.**

**Proof of general damages or special damages is unnecessary where the words are actionable *per se*.**

**Per se defamatory statements are so obviously defamatory and damaging to one's reputation that they give riser to an absolute presumption both of malice and damage.**

*If the Plaintiff proves defamation per se, damages are presumed, but the Plaintiff must still prove the other elements for general defamation.*

**Citation: Campbell v. Jacksonville Kennel Club, Inc., 66 So. 2d 495, 497 (Fla. 1953).**

**Wolfson v. Kirk, 273 So. 2d 774, 776 (Fla. 4th DCA 1973)**

*Hood v. Connors¸ 419 So.2d 742, 743 (Fla. 5th DCA 1982); Smith v. Cuban American Nat. Foundation, 731 So.2d 702, 706 (Fla. 3rd DCA 1999); Masson v. New Yorker Magazine, 501 U.S. 496, 517 (1991); and McCormick v. Miami Herald Publishing Co., 139 So.2d 197, 200 (Fla. 2nd DCA 1962).*

GENERAL DEFAMATION: ***To establish a cause of action for <u>general defamation, a plaintiff must show</u>***: (1) publication; (2) falsity; (3) defendant must act with knowledge or reckless disregard as to the misleading in nature or falsity on a matter concerning a public figure, **<u>or at least negligently on a matter concerning a private person</u>**; (4) actual damages; and (5) the statement must be defamatory.[1]

---

[1] **<u>Jews for Jesus, Inc. v. Rapp., 997 So. 2d 1098, 1106 (Fla. 2008).</u>**

**NEGLIGENT DEFAMATION: Negligent defamation occurs when a defendant does not act with a reasonable level of care in publishing the statement at issue. This means that the defendant did not do everything reasonably necessary to determine whether the statement was true, including the steps the defendant took in researching, editing, and fact checking his work.**

**The following terms are defined as:**

1) **Publication: making something known to the community at large, exhibiting, displaying, disclosing, or revealing; the dissemination of information to one or more persons. Publication can include website postings, news articles, blog posts, podcasts, videos, or even user comments or verbal communication. Publication occurs if the statement is made to one or more persons other than the plaintiff.**

2) **Malice: knowing that the statement was misleading or false or acting with a reckless disregard for the statement's truth or falsity.**

3) **Negligence: the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.**

4) **Public Figure: an individual who is so famous, powerful, or influential that they are subject to public interest and scrutiny.**


**Restatement of Torts**
**§ 580B Defamation of Private Person**

**One who publishes a false and defamatory communication concerning a private person, or concerning a public official or public figure in relation to a purely private matter not affecting his conduct, fitness or role in his public capacity, is subject to liability, if, but only if, he**

**(a)  knows that the statement is false and that it defames the other,**

**(b)  acts in reckless disregard of these matters, or**

**(c)  acts negligently in failing to ascertain them.**

## SUMMARY OF CLAIMS AND CONTENTIONS

The claims and defenses in this case are as follows. Plaintiff Klayman claims that Defendant Judicial Watch, through its employee, an office administrator and itself, made, published and had published misleading or false statements about him which caused him harm. Plaintiff Klayman claims the statements were misleading or false and harmed his reputation and caused monetary damage to his law practice and other professional endeavors. The statements at issue are: Plaintiff Klayman's donors should know about litigation in Ohio where Plaintiff was convicted just recently of not paying a large amount in child support.

**Defendant JUDICIAL WATCH, INC. denies Plaintiff's claims and denies that it published the alleged statement. JUDICIAL WATCH, INC. contends that the allegedly defamatory statement was substantially true, that it did not act with actual malice, that it did not authorize or ratify the making of the alleged comment, and that it did not reasonably foresee the publication of the comment on the internet.**

In this case, the Defendant, JUDICIAL WATCH, INC., asserts the following affirmative defenses:

- **All statements made by Defendant's agents or employees related to Plaintiff were true or were substantially true and, therefore, Plaintiff's claims are barred;**
- **The claims are barred by the fair comment doctrine and/or qualified privilege because the alleged comment was made regarding a public figure without actual malice.**

## Citation to Authority: Florida Standard Jury Instruction 405.2 for Civil Cases (2014)

Greater Weight of the Evidence

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

Citation to Authority: Florida Standard Jury Instruction 405.3 for Civil Cases (2014)

Clear and Convincing Evidence

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

**This standard of proof only applies to your determination whether to find that punitive damages are warranted.**

Citation to Authority: Florida Standard Jury Instruction 405.4 for Civil Cases (2014)

*Legal Cause of Defamation*

A statement or publication is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss injury or damage, so that it can reasonably be said that, but for the statement or publication, the loss, injury, or damage would not have occurred.

<u>*Citation to Authority:*</u> *Florida Standard Jury Instruction 405.6 for Civil Cases (2014)*

## IF PLAINTIFF IS NOT A PUBLIC FIGURE OR PUBLIC OFFICIAL

**The issues for you to decide on the claim of Plaintiff Klayman against Defendant Judicial Watch are:**

**a.     Issue whether a defamatory publication concerning Plaintiff Klayman was made as claimed:**

**Whether Defendant Judicial Watch made the statements concerning Plaintiff Klayman as Plaintiff Klayman claims; and, if so, whether the statements tended to expose Plaintiff Klayman to hatred, ridicule, or contempt or tended to injure Plaintiff Klayman in his business, reputation, or occupation or charged that Plaintiff Klayman was convicted of a crime. Specifically, that "donors should know about litigation in Ohio, where he was convicted just recently of not paying large amount in child support."**

**If the greater weight of the evidence does not support Plaintiff Klayman's claim on these issues, then your verdict should be for Defendant Judicial Watch. However, if the greater weight of the evidence supports Plaintiff Klayman's claim on these issues, then your verdict should be for Plaintiff Klayman.**

**b.     Defense issues of truth and good motives:**

**On the [first] defense, the issue for your determination is whether the statement made by Defendant Judicial Watch was substantially true and was made by Judicial Watch with good motives.**

**A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.**

**If the greater weight of the evidence supports this defense, your verdict should be for Defendant Judicial Watch.**

**If the greater weight of the evidence does not support this defense, and the greater weight of the evidence supports Plaintiff Klayman's claim on these issues, then your verdict should be for Plaintiff Klayman in the total amount of his damages.**

**c.     Defense issue whether defendant had qualified privilege:**

<u>On the defense of privilege, I instruct you that provided one does not speak with improper motives, which I shall explain in a moment, a person such as Defendant Judicial Watch is privileged to make a statement to someone such as Orly Taitz or an audience such as the website viewers about another such as Plaintiff Klayman even if the statement is untrue, under the following circumstances:</u>

<u>If the greater weight of the evidence does not show that these circumstances existed, then you must find that Defendant Judicial Watch had no privilege to make such a statement even with proper motives. However, if the greater weight of the evidence does show that Defendant Judicial Watch spoke under circumstances creating such a privilege, then you should decide whether, as Plaintiff Klayman claims, Defendant Klayman made the statement with improper motives abusing that privilege.</u>

<u>If the greater weight of the evidence does not support Plaintiff Klayman's claim that Defendant Judicial Watch abused any privilege it had and the greater weight of the evidence does support the defense of privilege, then your verdict should be for Defendant Judicial Watch.</u>

<u>However, if the greater weight of the evidence supports Plaintiff Klayman's claim that Defendant Judicial Watch abused any privilege it had, then your verdict should be for Plaintiff Klayman in the total amount of his damages.</u>

<u>Citation to Authority: Florida Standard Jury Instruction 405.9 for Civil Cases (2014)</u>

IF PLAINTIFF IS A PUBLIC FIGURE OR PUBLIC OFFICIAL

The issues you must decide on the claim of Plaintiff Klayman against Defendant Judicial Watch are:

a.      Issue whether publication concerning claimant was made as claimed:

Whether Defendant Judicial Watch made, published and had published the statement concerning Plaintiff Klayman as Plaintiff Klayman claims; and, if so,

b.      Issue whether publication was false and defamatory:

**Whether Defendant Judicial Watch's statements concerning Plaintiff Klayman was in some significant respect a misleading or false statement of fact\* or omitted information or facts that would make it misleading or false, and tended to expose Plaintiff Klayman to hatred, ridicule, or contempt or tended to injure Plaintiff Klayman in his business, reputation, or occupation, as it claimed that Plaintiff Klayman committed a crime.**

**\*In some instances a statement of opinion may be interpretable as a false statement of fact expressly stated or implied from an expression of opinion. Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990); Florida Medical Center, Inc. v. New York Post Co., 568 So.2d 454 (Fla. 4th DCA 1990).**

*Whether the Defendant's statement concerning Plaintiff was in some significant respect a false statement of fact and tended to expose Plaintiff to hatred, ridicule, or contempt or tended to injure Plaintiff in his business, reputation, or occupation.*

A statement is in some significant respect misleading or false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

**A misleading or false statement can also result from omitting facts that would tend to create a true meaning for the reader or listener.**

If the greater weight of the evidence does not support Plaintiff Klayman's claim on these issues, then your verdict should be for the Defendant. However, if the greater weight of the evidence supports Plaintiff Klayman's claim on these issues, then **the**

**verdict should be for Plaintiff Klayman** (*you should consider the remaining instructions*).

c.      Issue whether defendant acted with actual malice:

You must decide whether clear and convincing evidence shows that at the time the statement was made Defendant Judicial Watch knew the statements were misleading or false or had serious doubts as to its truth. *A statement must be considered in the entire context of the publication.*

If clear and convincing evidence does not show that Defendant knew when the statement was made that it was false, or that it had serious doubts as to its truth, your verdict should be for Defendant.

However, if clear and convincing evidence supports Plaintiff Klayman's claim that Defendant Judicial Watch knew when the statements were made that it was misleading or false, or that it had serious doubts as to its truth, and the greater weight of the evidence supports Plaintiff Klayman's claim on the other issues on which I have instructed you, then **your verdict should be for Plaintiff Klayman** (*you should consider the remaining instructions.*)

*d.      Issue of whether the Defendant is responsible for publication or republication on the internet.*

*You must decide whether the publication of the comment on the website of Orly Taitz was reasonably foreseeable.*

*If the greater weight of the evidence does not show that the publication or republication of the comment on the website was reasonably foreseeable, your verdict should be for the Defendant.*

**Citation to Authority: Florida Standard Jury Instruction 405.7 for Civil Cases (2014)**

*Citation to Authority: Florida Standard Jury Instruction 405.7 for Civil Cases (2014); Section (c) is derived from Granda-Centeno v. Lara, 489 So.2d 142, fn. 3 (Fla. 3rd DCA 1986).  Section (d) is derived from Florida Standard Jury Instruction 503.1 (2014); Friedgood v. Peters Pub. Co., 521 So.2d 236, 242 (Fla. 4th DCA 1988); Hood v. Connors, 419 So.2d 742 (Fla. 5th DCA 1982); New York Times v. Sullivan, 376 U.S. 254 (1964); Don King Productions, Inc. v. Walt Disney Company, 40 So.3d 40 (Fla. 4th DCA 2010).*

405.6  LEGAL CAUSE

a.      Legal cause generally:

A statement or publication is a legal cause of injury, loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, loss or damage, so that it can reasonably be said that, but for the statement and publication, the injury and damage would not have occurred.

b.      Concurring cause:

        In order to be regarded as a legal cause of injury, loss or damage, a statement or publication need not be the only cause. A statement or publication may be a legal cause of injury and damage even though it operates in combination with the act of another or some other cause if the statement or publication contributes substantially to producing such injury, loss or damage.

c.      Intervening cause:

In order to be regarded as a legal cause of injury, loss or damage, a statement or publication need not be its only cause. A statement or publication may also be a legal cause of injury, loss or damage even though it operates in combination with the act of another or some other cause occurring after the statement or publication occurs if such other cause was itself reasonably foreseeable and the statement or publication contributes substantially to producing such injury, loss or damage or the resulting injury, loss or damage was a reasonably foreseeable consequence of the statement or publication and the statement or publication contributes substantially to producing it.

Citation to Authority: Florida Standard Jury Instruction 405.6 for Civil Cases (2014)

b(3).   Vicarious liability for and ratification of acts of employee:

Plaintiff Larry Klayman claims that Defendant Judicial Watch is liable for its own acts as well as the acts of its employee, office administrator Constance Ruffley. In making this determination whether Defendant Judicial Watch is liable for the acts of itself and its employee and office administrator Constance Ruffley, the following factors must be taken into account:

(A).   Defendant Judicial Watch actively and knowingly participated in such conduct of its employee and office administrator Constance Ruffley; or

(B).   the officers, directors or managers of Defendant Judicial Watch knowingly condoned, ratified, or consented to such conduct of its employee and office administrator Constance Ruffley; or

(C).   Defendant Judicial Watch engaged in conduct that constituted gross negligence and that contributed to the injury, loss and damage to Plaintiff Klayman.

Citation to Authority: Florida Standard Jury Instruction 503.1 (2014)

### Substantial Truth Defense

*JUDICIAL WATCH, INC. has asserted that it is not liable to LARRY KLAYMAN because the allegedly defamatory statement was substantially true.*

*Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true.  Falsity, for the purposes of a defamation claim, exists only if the publication is substantially and materially false, and not just if it is technically false.  Put another way, a statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.*

*If you find by the greater weight of the evidence that the allegedly defamatory statement was substantially true, Judicial Watch has established this affirmative defense and your verdict should be for the Defendant JUDICIAL WATCH, INC.*

**Citation to Authority**:  *Smith v. Cuban American Nat. Foundation, 731 So.2d 702, 706 (Fla. 3rd DCA 1999); Masson v. New Yorker Magazine, 501 U.S. 496, 517 (1991); and McCormick v. Miami Herald Publishing Co., 139 So.2d 197, 200 (Fla. 2nd DCA 1962); Fedders Corp. v. Elite Classics, 279 F.Supp.2d 965 (S.D. Ill. 2003).*

### *Qualified Privilege/Fair Comment*

*Defendant Judicial Watch has asserted as an affirmative defense that the statement in questions is protected by qualified privilege.*

*A statement is qualifiedly privileged or subject to the fair comment doctrine if it is made by someone who has a duty or interest in the matter to another person who has a corresponding duty or interest and the statement is made without express malice.  Express malice required to defeat the qualified privilege is defined as ill will, hostility, or intention to defame of injure.  Express malice cannot be inferred from the fact that the statement is untrue.*

*If you find by the greater weight to the evidence that the statement was made by a person who had an interest in the matter to another person who had a corresponding interest, without express malice, Judicial Watch has established this affirmative defense and your verdict should be for the Defendant.*

**Citation to Authority:  *Sirpal v. University of Miami, 684 F.Supp.2d 1349, 1360-61 (S.D. Fla. 2010); Schreidell v. Shoter, 500 So.2d 228 (Fla. 3rd DCA 1987); Lee v. Security Check, LLC, 2010 WL 3075673 (M.D. Fla.); Nodar v. Galbreath, 462 So.2d 803, 809 (Fla. 1984).***

## 405.10  DEFAMATION DAMAGES

## COMPENSATORY DAMAGES

Compensatory Damages

If you find in Plaintiff Klayman's favor for each fact he must prove, you must consider Plaintiff Klayman's compensatory damages. When considering the issue of Plaintiff Klayman's compensatory damages, you should determine what amount, if any, has been proven by Plaintiff Klayman by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiff Klayman's damages as a result of the defamatory, false or leading statements made and published about him, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant Judicial Watch. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Plaintiff Klayman has proved them by a preponderance of the evidence, and no others: (a) Net lost wages including but not limited to litigation expenses and attorneys' fees and costs (b) loss of reputation in his trade and profession (c) loss of reputation personally (d) lost earnings in the past (e) lost earning capacity in the future (f) lost career and business opportunities (g)  inconvenience (h) loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future (i) ostracization (j) humiliation, hurt feelings and embarrassment, and (k) and any and all other emotional pain or mental anguish. To determine the amount of Plaintiff Klayman's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost.

To determine whether and how much Plaintiff Klayman should recover, you may consider both the mental and physical aspects of injury—tangible and intangible. Plaintiff Klayman does not have to introduce evidence of a monetary value for intangible things like mental anguish and loss of reputation. You will determine what amount fairly compensates him for his claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

If you find that Defendant Judicial Watch proved by a preponderance of the evidence that Plaintiff Klayman failed to mitigate damages, then you should reduce the amount of Plaintiff Klayman's damages by the amount that could have been reasonably realized if Plaintiff Klayman had taken advantage of an opportunity for substantially equivalent employment.

25

Citation to Authority: Eleventh Circuit Civil Pattern Jury Instructions 4.1, 4.2 (2013)

e.       Reduction to present value:

Any amounts which you allow in damages for [loss of ability to earn money in the future] should be reduced to their present money value [and only the present money value of such amounts should be included in your verdict] [and you should state in the verdict form provided to you both the total of such future damages and their present value].

f.       Nominal damages:

If you find for Plaintiff Klayman but find that no injury, loss or damage has been proved, you should award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved.

g.       Punitive damages:

 (2).    Non-bifurcated procedure:

If you find for Plaintiff Klayman and against Defendant Judicial Watch, you should consider whether, in addition to compensatory damages including but not limited to damages to reputation and emotional distress, loss of reputation personally, loss of reputation professionally or in his trade, ostracization, humiliation, hurt feelings, and embarrassment, punitive damages are warranted in the circumstances of this case as a punishment and as a deterrent to others.

Standard if statement was on a matter of public concern:

Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement Defendant Judicial Watch knew the statements were misleading or false or had serious doubts as to its truth; and if the greater weight of the evidence shows that Defendant Judicial Watch's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Plaintiff Klayman.

**<u>Standard if statement was not a matter of public concern:</u>**

**<u>Punitive damages are warranted if you find by the greater weight of the evidence that Defendant Judicial Watch primary purpose in making the state-</u>**

**ments were to indulge ill will, hostility, and an intent to harm Plaintiff Klayman.**

**[You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]**

*Standard if statement was on a matter of public concern:*

*Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement Judicial Watch knew the statement was false or had serious doubts as to its truth; and if the greater weight of the evidence shows that Judicial Watch's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Plaintiff Klayman.*

*Vicarious liability for acts of employee where employee is not a party or is not being sued for punitive damages:*

*Plaintiff Klayman claims that punitive damages should be awarded against Defendant Judicial Watch for its employee and office administrator Constance Ruffley's statement that Klayman had been convicted of a crime of not paying child support. Punitive damages are warranted if you find by clear and convincing evidence that Defendant Judicial Watch was guilty of intentional misconduct or gross negligence, which was a substantial cause of injury, loss or damage to Plaintiff Klayman and that:*

*(A)   Defendant Judicial Watch actively and knowingly participated in such conduct of its employee and office administrator Constance Ruffley; or*

*(B)   the officers, directors or managers of Defendant Judicial Watch knowingly condoned, ratified, or consented to such conduct of Constance Ruffley; or*

*(C)   Defendant Judicial Watch engaged in conduct that constituted gross negligence and that contributed to the injury, loss and damage to Plaintiff Klayman.*

*Under those circumstances you may, in your discretion, award punitive damages against Defendant Judicial Watch. If clear and convincing evidence does not show such conduct by Defendant Judicial Watch, punitive damages are not warranted against Defendant Judicial Watch.*

*"Intentional misconduct" means that Defendant Judicial Watch had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to Plaintiff Klayman and, despite that knowledge, it intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of Defendant Judicial Watch was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.*

*"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.*

You are to decide the amount of punitive damages, if any, to be assessed as punishment against Defendant Judicial Watch and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(A). the nature, extent and degree of misconduct and the related circumstances, including the following:

i.    whether the wrongful conduct was motivated solely by unreasonable financial gain;

ii.   whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Defendant Judicial Watch;

iii.  whether, at the time of injury, loss or damage, Defendant Judicial Watch had a specific intent to harm Plaintiff Klayman and the conduct of Defendant Judicial Watch did in fact harm Plaintiff Klayman.

**[(C).(Identify any other circumstance that the jury may consider in determining the amount of punitive damages.)]\***

**You may in your discretion decline to assess punitive damages. You may assess punitive damages against one defendant and not the other[s] or against**

**more than one defendant. Punitive damages may be assessed against different defendants in different amounts.**

## 503.2  PUNITIVE DAMAGES — NON-BIFURCATED PROCEDURE

**a.      Punitive damages generally:**

**There is an additional claim in this case that you must decide.  If you find for Plaintiff Klayman and against Defendant Judicial Watch you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Defendant Judicial Watch and as a deterrent to others.**

**b(1).  Punitive damages for acts of an individual defendant:**

**Plaintiff Klayman claims that punitive damages should be awarded against Defendant Judicial Watch for its conduct in defaming, tortiously interfering with or intentionally inflicting emotional distress upon Plaintiff Klayman. Punitive damages are warranted against Defendant Judicial Watch if you find by clear and convincing evidence that Defendant Judicial Watch was guilty of intentional misconduct or gross negligence, which was a substantial cause of injury, lost or damage to Plaintiff Klayman. Under those circumstances you may, in your discretion, award punitive damages against Defendant Judicial Watch. If clear and convincing evidence does not show such conduct by Defendant Judicial Watch, punitive damages are not warranted against Defendant Judicial Watch.**

**"Intentional misconduct" means that Defendant Judicial Watch had actual knowledge [please consider - or should have had actual knowledge] of the wrongfulness of the conduct and that there was a high probability that injury or damage to Plaintiff Klayman and, despite that knowledge, it intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that Defendant Judicial Watch's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.**

**"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already**

instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

"Intentional misconduct" means that Defendant Judicial Watch had actual knowledge [please consider - or should have had actual knowledge] of the wrongfulness of the conduct and there was a high probability of injury or damage to Plaintiff Klayman and, despite that knowledge, it intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of Defendant Judicial Watch was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

b(3).  Vicarious liability for acts of employee:

Plaintiff Klayman claims that punitive damages should be awarded against Defendant Judicial Watch for its and its employee and office administrator Constance Ruffley's conduct in defaming, tortiously interfering with or inflicting emotional distress upon Plaintiff Klayman. Punitive damages are warranted against Defendant Judicial Watch tortiously interfering with or inflicting emotional distress upon Plaintiff Klayman if you find by clear and convincing evidence that Defendant Judicial Watch was personally guilty of intentional misconduct or gross negligence, which was a substantial cause of injury, loss or damage to Plaintiff Klayman. Under those circumstances you may, in your discretion, award punitive damages against Defendant Judicial Watch. If clear and convincing evidence does not show such conduct by Defendant Judicial Watch punitive damages are not warranted against Defendant Judicial Watch.

If you find that that punitive damages are warranted against Constance Ruffley you may also, in your discretion, award punitive damages against Defendant Judicial Watch if you find from clear and convincing evidence that:

(A).  Defendant Judicial Watch actively and knowingly participated in such conduct of its employee and office administrator Constance Ruffley; or

**(B). the officers, directors or managers of Defendant Judicial Watch knowingly condoned, ratified, or consented to such conduct of Constance Ruffley; or**

**(C). Defendant Judicial Watch engaged in conduct that constituted gross negligence and that contributed to the injury, loss or damage to Plaintiff Klayman.**

**If clear and convincing evidence does not show such conduct by Defendant Judicial Watch punitive damages are not warranted against Defendant Judicial Watch.**

**"Intentional misconduct" means that Defendant Judicial Watch or Constance Ruffley had actual knowledge [please consider - or should have had actual knowledge] of the wrongfulness of the conduct and there was a high probability of injury or damage to Plaintiff Klayman and, despite that knowledge, it and she intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of Defendant Judicial Watch and its employee and office administrator Constance Ruffley was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.**

**"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

**(b)(4). Vicarious liability for acts of employee where employee is not a party or is not being sued for punitive damages:**

**Plaintiff Klayman claims that punitive damages should be awarded against Defendant Judicial Watch for its and its employee and office administrator Constance Ruffley's conduct in defaming, tortiously interfering with or inflicting emotional distress upon Plaintiff Klayman. Punitive damages are warranted against Defendant Judicial Watch tortiously interfering with or inflicting emotional distress upon if you find by clear and convincing evidence that Defendant Judicial Watch was personally guilty of intentional misconduct or gross negligence, which was a substantial cause of injury, loss or damage to Plaintiff Klayman. Under those circumstances you may, in your discretion, award punitive damages against Defendant Judicial Watch. If clear and convincing evidence does not show such conduct by Defendant**

**Judicial Watch punitive damages are not warranted against Defendant Judicial Watch.**

**(A).   Defendant Judicial Watch actively and knowingly participated in such conduct of Constance Ruffley; or**

**(B).   the officers, directors or managers of Defendant Judicial Watch knowingly condoned, ratified, or consented to such conduct of Constance Ruffley; or**

**(C).   Defendant Judicial Watch engaged in conduct that constituted gross negligence and that contributed to the injury, loss, or damage to Plaintiff Klayman.**

**Under those you may, in your discretion, award punitive damages against Defendant Judicial Watch. If clear and convincing evidence does not show such conduct by Judicial Watch or its employee and office administrator Constance Ruffley punitive damages are not warranted against Defendant Judicial Watch.**

**"Intentional misconduct" means that Defendant Judicial Watch had actual knowledge [please consider - or should have had actual knowledge] of the wrongfulness of the conduct and there was a high probability of injury or damage to Plaintiff Klayman and, despite that knowledge, it and she intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of Defendant Judicial Watch was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.**

**"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

**c.     Closing punitive damage instruction:**

**If you decide that punitive damages that are warranted against Defendant Judicial Watch then you must decide the amount of punitive damages, if any, to be assessed as punishment against Defendant Judicial Watch and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following: (These are separate factors in awarding punitive damages and the absence of one or more does not negate or nullify**

**your finding for Plaintiff Larry Klayman that punitive damages are awarded to him.).**

**(1).   the nature, extent and degree of misconduct and the related circumstances, including the following:**

**(A).   whether the wrongful conduct was motivated solely by unreasonable financial gain;**

**(B).   whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Defendant Judicial Watch;**

**(C).   whether, at the time of injury, loss or damage, Defendant Judicial Watch had a specific intent to harm Plaintiff Klayman and the conduct of Defendant Judicial Watch did in fact harm Plaintiff Klayman [and]**

**(3).   (identify any other circumstance that the jury may consider in determining the amount of punitive damages.)**

**You may in your discretion decline to assess punitive damages.**

Citation to Authority: Florida Standard Jury Instruction 503.1, 503.2 for Civil Cases (2014).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Larry Klayman
LARRY KLAYMAN

Plaintiff Pro Se

## SERVICE LIST

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF