IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20610-CIV-ALTONAGA/ O'Sullivan

LARRY KLAYMAN,

        Plaintiff,

v.

JUDICIAL WATCH, et. al.

        Defendants.
_____/

## MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR TAXATION OF COSTS

    Plaintiff Larry Klayman was awarded a judgment of $181,000 against Judicial Watch for its defamatory statements against Plaintiff, in which the Defendant accused Plaintiff of having been convicted of a crime and stated that Plaintiff's donors should know about the alleged conviction. The judgment awarded to Plaintiff helps make him partially whole for the damage that was caused to him as a result of Defendant's defamatory statements; however, Plaintiff has spent a sizable amount of money in order to receive justice for this damage. Seeking just a fraction of the amount actually expended, Plaintiff filed his Motion for Taxation of Costs as a way to aid in the recovery of a portion of the costs expended as a result of this litigation. After the awarding of this judgment, the taxing of costs associated with Plaintiff's judgment against Defendant Judicial Watch was appropriate and routine pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(C) of the U.S. District Court for the Southern District of Florida.

Plaintiff timely filed his Motion for Taxation of Costs with this Court on August 11, 2014 and requested the amount of $10,466.97, to cover nothing more than the costs of this lawsuit's filing fees, the service of process on the defendants, court reporter fees for four depositions, witness fees and disbursements, and attorney travel to attend the depositions for the D.C. area witnesses. For the following reasons, Plaintiff respectfully moves this Court to reconsider its Order of August 12, 2014 which denied Plaintiff's Motion for Taxation of Costs.

Pursuant to Local Rule 7.1(a)(3), Plaintiff had conferred with Defendant's counsel, Mr. Douglas Kress, prior to the filing of the Motion for Taxation of Costs. Mr. Kress was shown and sent a draft of the Motion for Taxation of Costs, as well as the bill of costs, as soon as the items were gathered and tallied. *See* Exhibit 1.  Mr. Kress indicated that he "could not consent to all those costs" but did not state which of the costs he could consent to. *See* Exhibit 1. After Mr. Kress replied that he would not consent, Plaintiff filed the Motion for Taxation of Costs with the Court.  Plaintiff's associate, who had been aiding in the preparation of the Motion for Taxation of Costs, indicated in the motion that the parties could not reach an agreement on the issue, but mistakenly wrote "fees" instead of "costs." *See* Exhibit 2.  This inadvertent error may have led the Court to believe that Plaintiff had not conferred with Defendant's counsel regarding the taxation of costs pursuant to Local Rule 7.1(a)(3). Plaintiff regrets the confusion caused by this error.  Despite the incorrect wording of the certification, the certification on the Motion for Taxation of Costs was in regard to the Motion for Taxation of Costs.

In anticipation of this Motion for Reconsideration, should this Court grant this motion, Plaintiff has since attempted to continue conferring with Defendant's counsel in order to reach an agreement on the taxation of costs.  Defendant's counsel disagrees that any of the costs are beyond dispute and has not consented to *any* of the costs submitted by Plaintiff, not even the

2

ones clearly reimbursable pursuant to 28 U.S.C. § 1920, such as the costs for the court reporter and this Court's filing fee.  *See* Exhibit 1.  Despite Plaintiff's good faith attempts, it is clear that the parties cannot reach an agreement on this issue.  Neither party has been prejudiced as a result of the filing of this Motion for Reconsideration.  Defendant has an opportunity to challenge any costs it deems unnecessary in its opposition pleadings.

In filing the motion, Plaintiff would have hoped that Defendant would have acknowledged that, if granted, at least that some of the costs are taxable. That this has not occurred creates an inference that Defendant Judicial Watch did not want to communicate its agreement to *any* costs before the Motion for Taxation of Costs was filed.

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider its Order of August 12, 2014.  Plaintiff made a good faith effort to confer with Defendant's counsel yet was unable to reach an agreement, as indicated on his Motion for Taxation of Costs.  In the interests of justice, and given the evidence of an actual conferral having taken place prior to the filing of the Motion for Taxation of Costs, an award taxing costs is respectfully appropriate in this situation.

Although the verdict and subsequent judgment of $181,000 makes Plaintiff partially whole for the damage caused to him by the Defendant, he was nonetheless forced to expend much more in litigating this case.  This amount exceeds the judgment.  An award of costs would help mitigate the financial loss, as well as the damage to his reputation.

Defendant's counsel does not consent to this Motion for Reconsideration, as indicated in the email chain that is attached as Exhibit 1.

**WHEREFORE**, Plaintiff respectfully moves this Court for reconsideration of Plaintiff's Motion for Taxation of Costs and seeks entry of an order taxing costs in the aggregate amount of $10,466.97.

Dated: August 20, 2014

Respectfully Submitted,

*/s/ Larry Klayman*
LARRY KLAYMAN
2520 Coral Way, Suite 2027
Miami, FL 33145
(310) 595-0800
leklayman@gmail.com

Plaintiff Pro Se

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on August 20, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                 */s/ Larry Klayman*
                 LARRY KLAYMAN

                 Plaintiff Pro Se

**SERVICE LIST**

**Douglas James Kress**
Schwed Kahle & Jenks, P.A.
11410 North Jog Road
Suite 100
Palm Beach Gardens, FL 33418
561-694-0070
Fax: 561-694-0057
Email: dkress@schwedpa.com

VIA CM/ECF