# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY __ABM__
Deputy Clerk

**Aug 30, 2016**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. **MIA**

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 30, 2016

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 15-12085-GG
Case Style: Larry Klayman v. Judicial Watch, Inc., et al
District Court Docket No: 1:13-cv-20610-CMA

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 15-12085

_____

District Court Docket No.
1:13-cv-20610-CMA

LARRY E. KLAYMAN,

              Plaintiff - Appellant,

versus

JUDICIAL WATCH, INC.,
THOMAS FITTON,
PAUL ORFANEDES,
CHRISTOPHER FARRELL,
CONSTANCE RUFFLEY,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: May 27, 2016
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 08/30/2016**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12085
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20610-CMA


LARRY E. KLAYMAN,

                                                                   Plaintiff-Appellant,

versus

JUDICIAL WATCH, INC.,
THOMAS FITTON,
PAUL ORFANEDES,
CHRISTOPHER FARRELL,
CONSTANCE RUFFLEY,

                                                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 27, 2016)

Before WILLIAM PRYOR, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Larry Klayman, an attorney proceeding *pro se*, filed this defamation suit against the organization he founded, Judicial Watch, Inc.[1] Klayman alleged that employees of Judicial Watch published a false statement claiming that he had been convicted of a crime for failing to pay a large amount of child support. A federal jury found that Klayman had been defamed and awarded him $156,000 in compensatory damages and $25,000 in punitive damages, for a total award of $181,000.

After entry of judgment on the verdict, Judicial Watch filed an unopposed motion to deposit the judgment amount into the registry of the court, pursuant to Rule 67, Fed. R. Civ. P. According to Judicial Watch, Klayman's ex-wife had demanded that the judgment amount be paid to her instead of Klayman to satisfy a $325,000 judgment she had obtained against Klayman in an unrelated proceeding. Klayman's ex-wife had filed a creditor's bill in Ohio state court naming Klayman and Judicial Watch as defendants. Concerned about its liability to Klayman's ex-wife, Judicial Watch sought to deposit the amount of the judgment "pending resolution of the dispute between Klayman and [his ex-wife] concerning the

---

[1] Klayman named several individuals as defendants in his amended complaint, but these individuals were dismissed for lack of personal jurisdiction early in the proceeding. Klayman also raised other claims, but only the defamation claim was charged to the jury.

entitlement to the funds." The court granted the motion, and Judicial Watch deposited the funds on February 19, 2015.

In May 2015, Klayman moved to withdraw the funds under Rule 67(b), Fed. R. Civ. P., raising various arguments as to why he was entitled to the funds notwithstanding his ex-wife's demand. The district court denied Klayman's motion. In the same order, the court also vacated its prior order granting Judicial Watch's unopposed motion to deposit funds into the court's registry. The court found that "the question of who should receive the funds deposited by the Defendant and in what amounts may involve protracted proceedings and new claims and defenses by a new party having nothing to do with the underlying and long-concluded action." Consequently, the court ordered the money returned to Judicial Watch, noting that Judicial Watch may initiate a separate interpleader action to protect itself. Klayman appeals the district court's denial of his motion to withdraw the funds.

We review for an abuse of discretion a district court's decisions allowing deposit into or withdrawal from the court's registry under Rule 67, Fed. R. Civ. P. *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014). Under this deferential standard of review, we must affirm unless the district court "applied the wrong law or its decision was manifestly erroneous." *Id.* at 1301.

Rule 67 of the Federal Rules of Civil Procedure provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . . , a party . . . may deposit with the court all or part of the money." Fed. R. Civ. P. 67(a). Any money paid into the court under Rule 67 "must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute." Fed. R. Civ. P. 67(b). Under § 2041,

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

28 U.S.C. § 2041. Section 2042 provides that "[n]o money deposited under section 2041 of this title shall be withdrawn except by order of court." 28 U.S.C. § 2042.

The core purpose of Rule 67 is "to relieve the depositor of responsibility for a fund in dispute, such as in an interpleader action." *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987); *see also Zelaya*, 769 F.3d at 1302. An interpleader action typically proceeds in two stages. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009). First, the court determines whether interpleader is proper and "whether to discharge the stakeholder from further liability to the claimants." *Id.* Second, the court evaluates "the respective

4

rights of the claimants to the interpleaded funds." *Id.* The law does not require a judgment debtor to decide the validity of competing claims to the judgment amount. *Zelaya*, 769 F.3d at 1302-03. Rather, once funds are deposited, it is the district court which "should determine ownership and make disbursement." *Gulf States Utils Co.*, 824 F.2d at 1474.

Here, the district court did not abuse its discretion. We are not persuaded by Klayman's arguments that the court should have allowed him to withdraw the money. Judicial Watch deposited the funds because, it alleged, it faced competing claims for the judgment amount and wished to protect itself from multiple liability. In view of that purpose, it would not have made sense for the court to simply allow Klayman to withdraw the funds without protecting Judicial Watch from a potential claim from Klayman's ex-wife or determining "the respective rights of the claimants" to the funds. *See Hovis*, 553 F.3d at 262. Therefore, it was reasonable for the court to deny Klayman's motion to withdraw when the reasons for which the court allowed Judicial Watch to deposit the funds had not been resolved.

Furthermore, the district court rationally ordered the funds returned to Judicial Watch. While the district court initially allowed Judicial Watch, with Klayman's acquiescence, to deposit the judgment amount into the court's registry, the court later recognized that the dispute should not be handled post-judgment in a concluded case. Specifically, the court found that the dispute over the judgment

5

funds "may involve protracted proceedings and new claims and defenses by a new party having nothing to do with the underlying and long-concluded action." In other words, the district court determined that the judgment amount should not have been deposited into the court's registry in the first place and that the nature of the dispute was more appropriate for an interpleader action, if necessary. Because no interpleader action had been filed, the court reasonably ordered the money returned to Judicial Watch.

By ordering the return of the deposited funds, the district court effectively returned the parties to the same positions they were in before the deposit occurred. Klayman still has a $181,000 judgment against Judicial Watch, and he may pursue whatever legal options are available to him to collect on that amount. *See, e.g.*, Fed. R. Civ. P. 69. But Klayman has identified no authority under which the district court was required to allow him to withdraw the deposited funds, nor has he shown that the court made a clear error of judgment in denying his motion to withdraw and ordering the funds returned to Judicial Watch. *See Zelaya*, 769 F.3d at 1300-01. Accordingly, we affirm the denial of his motion to withdraw.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 27, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-12085-GG
Case Style: Larry Klayman v. Judicial Watch, Inc., et al
District Court Docket No: 1:13-cv-20610-CMA

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Eleanor M. Dixon, GG at (404) 335-6172.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs